**KESSLER TOPAZ MELTZER**
  **& CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:     (415) 400-3000
Fax:     (415) 400-3001

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

*Counsel for Proposed Lead Plaintiff the State
of Rhode Island, Office of the General
Treasurer, on behalf of the Employees'
Retirement System of the State of Rhode Island
and Proposed Lead Counsel for the Class*

*Counsel for Proposed Lead Plaintiff Iron
Workers Local 580 Joint Funds and Proposed
Lead Counsel for the Class*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC., DION J. WEISLER, CATHERINE A. LESJAK, and STEVEN J. FIELER,<br><br>Defendants. | Case No. 3:20-cv-01260-SI<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF THE STATE OF RHODE ISLAND, OFFICE OF THE GENERAL TREASURER, ON BEHALF OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF RHODE ISLAND AND IRON WORKERS LOCAL 580 JOINT FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   May 29, 2020<br>Time:   10:00 a.m.<br>Dept.:  Courtroom 1, 17th Floor<br>Judge: Hon. Susan Illston |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

NOTICE OF MOTION AND MOTION ....................................................................................... 1

STATEMENT OF ISSUES ........................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

I.    PRELIMINARY STATEMENT ....................................................................................... 2

II.   SUMMARY OF THE ACTION ....................................................................................... 4

III.  ARGUMENT ..................................................................................................................... 5

      A.    Rhode Island and Iron Workers Should Be
            Appointed Lead Plaintiff ....................................................................................... 5

            1.    Rhode Island and Iron Workers' Motion Is
                  Timely ........................................................................................................... 6

            2.    Rhode Island and Iron Workers Have the
                  Largest Financial Interest ............................................................................ 6

            3.    Rhode Island and Iron Workers Otherwise
                  Satisfy the Requirements Of Rule 23 .......................................................... 6

            4.    Rhode Island and Iron Workers Are
                  Precisely the Type of Lead Plaintiff
                  Envisioned By the PSLRA ........................................................................... 8

      B.    Rhode Island and Iron Workers Selected Well-
            Qualified Lead Counsel to Represent The Class ................................................ 11

CONCLUSION ............................................................................................................................ 13

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*In re Aqua Metals Sec. Litig.,*
   No. 17-cv-07142-HSG, 2018 WL 4860188 (N.D. Cal. May 23, 2018) ................................10

*Bruce v. Suntech Power Holdings Co.,*
   No. 12-cv-04061-RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ......................................9

*In re Cavanaugh,*
   306 F.3d 726 (9th Cir. 2002) ..........................................................................................................5

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.,*
   No. 12-cv-06039-LHK, 2013 WL 2368059 (N.D. Cal. May 29, 2013) ..................................7

*Cohen v. United States Dist. Ct. for N. Dist. of Cal.,*
   586 F.3d 703 (9th Cir. 2009) ........................................................................................................11

*Doherty v. Pivotal Software, Inc.,*
   No. 3:19-cv-03589-CRB, 2019 WL 5864581 (N.D. Cal. Nov. 8, 2019)................................10

*Hessefort v. Super Micro Comput., Inc.,*
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................................6, 7

*Stocke v. Shuffle Master, Inc.,*
   No. 2:07-cv-00715-KJD-RJJ, 2007 WL 4262723 (D. Nev. Nov. 30, 2007) ...........................9

*In re Versata, Inc., Sec. Litig.,*
   No. 01-cv-1439-SI, 2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ..................................4, 8

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ................................................................................................2, 5, 6, 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4)........................................................................................................................7

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................................8

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 10:00 a.m. on May 29, 2020, or on a date and at a time set by the Court, before the Honorable Susan Illston, at the United States District Court for the Northern District of California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 1 – 17th Floor, San Francisco, California, 94102, the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of the State of Rhode Island ("Rhode Island") and Iron Workers Local 580 Joint Funds ("Iron Workers") will respectfully move this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Rhode Island and Iron Workers as Lead Plaintiff in the above-captioned action; (2) approving Rhode Island and Iron Workers' selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; and (3) granting any such further relief as the Court may deem just and proper.

This Motion is made on the grounds that Rhode Island and Iron Workers believe they are the "most adequate plaintiff" under the PSLRA and are therefore entitled to be appointed Lead Plaintiff.  Specifically, Rhode Island and Iron Workers believe that they have the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, their significant investments in the common stock of HP Inc. ("HP" or the "Company").  Rhode Island and Iron Workers also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because their claims are typical of other Class members' claims and because they will fairly and adequately represent the interests of the Class.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Jennifer L. Joost filed herewith (the "Joost Decl.") and all exhibits attached thereto, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Rhode Island and Iron Workers respectfully request that the Court: (1) appoint them as Lead Plaintiff in the above-captioned action pursuant to the PSLRA;

(2) approve their selection of Kessler Topaz and Bernstein Litowitz to serve as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

## STATEMENT OF ISSUES

1.      Whether Rhode Island and Iron Workers are the "most adequate plaintiff," pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2.      Whether to approve Rhode Island and Iron Workers' selection of counsel, Kessler Topaz and Bernstein Litowitz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

On February 19, 2020, Plaintiff Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103"), represented by Kessler Topaz and Bernstein Litowitz, filed the above-captioned securities class action alleging that HP and certain of its current and former senior executives (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).  Specifically, the action alleges that, from February 23, 2017, to October 3, 2019, inclusive (the "Class Period"), Defendants misled investors concerning HP's four-box model as an accurate and reliable tool to determine demand and revenue in the Company's Supplies business.  HP investors, including Rhode Island and Iron Workers, incurred significant losses when the truth about the critical shortcomings of the Company's four-box model was revealed through a series of disclosures, including HP's announcement that it was abandoning the four-box model and the sudden departure of Chief Executive Officer, Defendant Dion Weisler.

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Rhode Island and Iron Workers are the "most adequate plaintiff" by virtue of, among other

things, the approximately $1.65 million in losses that they incurred on their purchases of 563,401 shares of HP common stock during the Class Period.[1]

In addition to asserting the largest financial interest, Rhode Island and Iron Workers readily satisfy the relevant requirements of Rule 23 because their claims are typical of those of all members of the Class and they will fairly and adequately represent the interests of the Class.  Indeed, Rhode Island and Iron Workers are a paradigmatic Lead Plaintiff under the PSLRA because they are sophisticated institutional investors with a preexisting relationship and a substantial financial interest in the litigation.  Indeed, Rhode Island and Iron Workers have the proven ability and experience working together to direct litigation separate and apart from their counsel.  *See In re 3M Co. Sec. Litig.*, No. 2:19-cv-15982 (D.N.J.) (Rhode Island and Iron Workers serving as co-lead plaintiff along with one other institutional investor).

As set forth in greater detail in their Joint Declaration, Rhode Island and Iron Workers fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and they are willing and able to undertake those responsibilities to guarantee vigorous prosecution of this action.[2] Moreover, prior to seeking a role as Lead Plaintiff, representatives from Rhode Island and Iron Workers participated in a conference call to discuss, among other things, the merits of the claims against Defendants, as well as their common goals in prosecuting this litigation.  *See* Ex. C ¶ 11. Accordingly, Rhode Island and Iron Workers have the incentive and ability to supervise and monitor counsel.  Courts in the Ninth Circuit, including this Court, appoint small, cohesive groups of investors that have demonstrated an ability to work together effectively on behalf of the class.

---

[1] Rhode Island and Iron Workers' PSLRA-required Certifications are provided as Exhibit A to the Joost Decl.  In addition, charts providing calculations of Rhode Island and Iron Workers' losses are provided as Exhibit B to the Joost Decl.  References to "Ex. __" are to the exhibits accompanying the Joost Decl.

[2] *See* Joint Declaration of Amy L. Crane and Sean Boyle in Support of the Motion of the State of Rhode Island, Office of the General Treasurer, on Behalf of the Employees' Retirement System of Rhode Island and Iron Workers Local 580 Joint Funds for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel, Ex. C ¶¶ 3, 5-7.

1   *See, e.g.*, *In re Versata, Inc., Sec. Litig.*, No. 01-cv-1439-SI, 2001 WL 34012374, at *7 (N.D. Cal.

2   Aug. 20, 2001) (appointing as lead plaintiff a group of three sophisticated investors) (Illston, J.).

3        Rhode Island and Iron Workers' adequacy is also demonstrated through their selection of

4   Kessler Topaz and Bernstein Litowitz to serve as Lead Counsel for the Class.  Indeed, Kessler

5   Topaz and Bernstein Litowitz are preeminent securities class action law firms with established

6   track records of achieving substantial recoveries for investors in securities litigation.  Accordingly,

7   Rhode Island and Iron Workers respectfully request that the Court appoint them Lead Plaintiff and

8   otherwise grant their Motion.

9   **II.     SUMMARY OF THE ACTION**

10        Headquartered in Palo Alto, California, HP is a global provider of personal computers,

11   printers and related supplies, solutions, and services.  One of the Company's primary segments is

12   Printing, which encompasses the Supplies business unit consisting of ink and laser cartridges and

13   other consumable products.  The action alleges that, throughout the Class Period, Defendants made

14   material misrepresentations and omissions concerning HP's fundamental changes to its Supplies

15   business strategy, which the Company called its "four-box model."  Specifically, Defendants

16   emphasized that the four-box model was an accurate and reliable tool to determine demand and

17   revenue in HP's Supplies business, and reassured investors of their "continued confidence in the

18   predictive value of the four box model" which gave them a "clear line of sight to [Supplies]

19   stabilization."  As a result of these misrepresentations, HP common stock traded at artificially

20   inflated prices throughout the Class Period.

21        The truth emerged through a series of disclosures, beginning on February 27, 2019, when

22   HP reported disappointing total Supplies revenue for the first quarter of fiscal 2019 and admitted

23   that its four-box model lacked key telemetry data and was thus fundamentally impaired.  The

24   Company also announced a plan to lower channel inventory levels, which created a $100 million

25   headwind to the Company's Supplies revenue for the remainder of fiscal 2019, and reduced its

26   previous Supplies revenue guidance for fiscal 2019.  As a result of these disclosures, the price of

27   HP common stock declined over 17%, from $23.85 per share on February 27, 2019, to $19.73 per

28   share on February 28, 2019.

On May 30, 2019, the Company admitted that the consumer segment of its Supplies business had telemetry data for years, revealing that HP's management should have known the importance of telemetry data for an accurate model and yet hid the fact that the commercial Supplies business lacked this key input.  As a result of these disclosures, the price of HP common stock declined more than 2%, from $19.14 per share on May 30, 2019, to $18.68 per share on May 31, 2019.

On August 22, 2019, HP announced that Chief Executive Officer, Defendant Dion Weisler, would step down at the end of October 2019.  The Company also announced disappointing earnings results for the third quarter of fiscal 2019, with Supplies revenue down 7% year-over-year and further reduced its Supplies revenue guidance for fiscal 2019.  As a result of these disclosures, the price of HP common stock declined nearly 6%, from $18.93 per share on August 22, 2019, to $17.81 per share on August 23, 2019.

Then, on October 3, 2019, HP announced that it was "departing from the purely transactional Supplies-centric business model" and moving away from using the four-box model, transitioning instead to a hardware-driven business model.  The Company also announced mass layoffs as part of a major restructuring, in which it expected to cut up to 16% of its global workforce over three years.  As a result of these disclosures, the price of HP common stock declined nearly 10%, from $18.40 per share on October 3, 2019, to $16.64 per share on October 4, 2019.

III.   **ARGUMENT**

A.   **Rhode Island and Iron Workers Should Be Appointed Lead Plaintiff**

Rhode Island and Iron Workers respectfully submit that they should be appointed Lead Plaintiff because they are the movants "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . .

process for identifying the lead plaintiff pursuant to these criteria."). As set forth below, Rhode Island and Iron Workers believe they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1. Rhode Island and Iron Workers' Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). On February 19, 2020, Local 103, represented by Kessler Topaz and Bernstein Litowitz, filed the above-captioned action in this District. That same day, counsel for Local 103, Bernstein Litowitz, published a notice on *PR Newswire* alerting investors to the pendency of the action and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is April 20, 2020. *See* Ex. D. Accordingly, Rhode Island and Iron Workers have timely moved for appointment as Lead Plaintiff through the filing of this Motion.

### 2. Rhode Island and Iron Workers Have the Largest Financial Interest

Rhode Island and Iron Workers should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the Class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Rhode Island and Iron Workers suffered losses of approximately $1.65 million on their Class Period purchases of 563,401 shares HP common stock. *See* Exs. A-B. To the best of Rhode Island and Iron Workers' knowledge, there is no other applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation. Accordingly, Rhode Island and Iron Workers have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Rhode Island and Iron Workers Otherwise Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Rhode Island and Iron Workers otherwise satisfy the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant "need only make a

prima facie showing of its typicality and adequacy." *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018).   Here, Rhode Island and Iron Workers unquestionably satisfy the typicality and adequacy requirements.

Rhode Island and Iron Workers' claims are typical of the claims of other Class members. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* at 1061 (citation omitted).   Here, Rhode Island, Iron Workers, and all other Class members suffered the same injuries, their claims arise from the same course of conduct, and their legal arguments to prove Defendants' liability are identical.   Like all other Class members, Rhode Island and Iron Workers (1) purchased HP common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed Lead Plaintiff "purchased [defendant corporation] common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged suffered damages as a result").   Thus, Rhode Island and Iron Workers satisfy the typicality requirement of Rule 23.

Rhode Island and Iron Workers likewise satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."   Fed. R. Civ. P. 23(a)(4).   "The test for adequacy is whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Super Micro Comput.*, 317 F. Supp. 3d at 1061 (citations omitted).   Rhode Island and Iron Workers satisfy these elements because their substantial financial stake in the litigation provides them with the incentive to vigorously represent the Class's claims.   Rhode Island and Iron Workers' interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.

There are no facts to suggest any actual or potential conflict of interest or other antagonism between Rhode Island, Iron Workers, and other Class members.

Moreover, Rhode Island and Iron Workers have demonstrated their adequacy through their selection of Kessler Topaz and Bernstein Litowitz as Lead Counsel to represent the Class in this action. As discussed more fully below, Kessler Topaz and Bernstein Litowitz are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Thus, as demonstrated herein, Rhode Island and Iron Workers satisfy the requirements of Rule 23.

### 4. Rhode Island and Iron Workers Are Precisely the Type of Lead Plaintiff Envisioned By the PSLRA

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, Rhode Island and Iron Workers are the paradigmatic Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—sophisticated institutional investors with a preexisting relationship and a substantial financial interest in the litigation. *See In re Versata*, 2001 WL 34012374, at *6 (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff" because "Congress intended that the lead plaintiff procedures under the PSLRA would 'encourage institutional investors to take a more active role in securities class action lawsuits'") (citation omitted); H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Rhode Island and Iron Workers have also demonstrated their commitment to working together cohesively in the prosecution of this action. The Ninth Circuit and district courts within the Ninth Circuit, including this Court, have repeatedly recognized the propriety of appointing groups of investors that demonstrate an ability to represent the class's interests. *See In re Versata,* 2001 WL 34012374, at *6-7 (appointing a group composed of sophisticated investors as lead plaintiff because they "possess[ed] both sophistication and business knowledge, as well as substantial individual losses which adds meaningful incentive for a vigorous prosecution of the

action"); *Stocke v. Shuffle Master, Inc.*, No. 2:07-cv-00715-KJD-RJJ, 2007 WL 4262723, at *3 (D. Nev. Nov. 30, 2007) (appointing as lead plaintiff a group of two institutional investors).

Based on their experience supervising counsel in securities class action litigation, Rhode Island and Iron Workers are well aware of the duties the Lead Plaintiff has to oversee and supervise the litigation separate and apart from counsel, and Rhode Island and Iron Workers have submitted sworn Certifications and a Joint Declaration attesting to their willingness and ability to fulfill those duties here. *See* Exs. A & C; *see also Bruce v. Suntech Power Holdings Co.*, No. 12-cv-04061-RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing group that "submitted a joint declaration attesting that each [group member] is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class").

As set forth in their Joint Declaration, Rhode Island and Iron Workers are sophisticated institutional investors that have combined assets under management of approximately $9.5 billion with experience serving as lead plaintiffs in securities class action litigation. Ex. C ¶¶ 2-5. They have demonstrated their willingness, resources, and ability to fulfill the Lead Plaintiff's obligations under the PSLRA and their commitment to working cohesively in the prosecution of this action. *Id.* ¶¶ 6, 11, 14. Indeed, Rhode Island and Iron Workers' decision to join together to prosecute this action as Lead Plaintiff is informed by their preexisting relationship and experience jointly leading securities class action litigation. Specifically, Rhode Island and Iron Workers are currently working together with another institutional investor as the court-appointed lead plaintiff in *In re 3M Company Securities Litigation*, No. 2:19-cv-15982 (D.N.J.). In addition, Rhode Island served as lead plaintiff in *In re Coinstar Inc. Securities Litigation*, No. 2:11-cv-133-MJP (W.D. Wash.), which resulted in a recovery of $6 million for investors, and currently serves as lead plaintiff in *In re Alphabet, Inc. Securities Litigation*, No. 4:18-cv-6245 (N.D. Cal.), and *In re Apple Inc. Securities Litigation*, No. 4:19-cv-2033 (N.D. Cal.). Iron Workers served as lead plaintiff in *In re Symbol Technologies, Inc. Securities Litigation*, No. 2:05-cv-3923 (E.D.N.Y.), which resulted in a recovery of $15 million for investors, and currently serves as lead plaintiff with two other investors in *Howard v. Arconic, Inc.*, No. 2:17-cv-1057 (W.D. Pa.), and as lead plaintiff with two other investors in *Vataj v. Johnson*, No. 4:19-cv-6996 (N.D. Cal.). Rhode Island and Iron Workers

1    believe their experience overseeing class action lawsuits under the federal securities laws will be

2    a significant benefit to the class.  Ex. C ¶¶ 3, 5, 9.

3            Moreover, Rhode Island and Iron Workers have already taken measures to ensure the

4    claims are vigorously and effectively prosecuted in the best interests of the Class.  For example,

5    as part of their effort to formalize their oversight of this action and before seeking appointment as

6    Lead Plaintiff, representatives of Rhode Island and Iron Workers held a conference call in which

7    they discussed the strength of the claims against Defendants, their strategy for prosecuting the

8    action, the benefits the Class will receive from the leadership of institutional investors with prior

9    experience serving as lead plaintiff under the PSLRA, and the measures the funds have

10   implemented to ensure that the Class's claims will be zealously and efficiently litigated.  *Id.* ¶ 11.

11   Among other things, Rhode Island and Iron Workers directed their proposed Lead Counsel to enter

12   into a joint prosecution agreement that outlines their proposed Lead Counsel's respective

13   responsibilities and ensures there will be no duplication of effort and that the claims of the Class

14   are prosecuted vigorously yet efficiently and in a cost-effective manner, and which can be provided

15   to the Court *in camera*.  *Id.* ¶ 17.  Further, while Rhode Island and Iron Workers appreciate that

16   attorneys' fees in this action, if any, will be set by the Court, they take very seriously their

17   obligation as Lead Plaintiff and have executed retainer agreements that limit the fees counsel may

18   request.  *Id.*  Through these measures, and others, Rhode Island and Iron Workers have sought to

19   ensure the Class will receive the best possible representation.

20           In sum, Rhode Island and Iron Workers have demonstrated their willingness, resources,

21   and experience and commitment to working closely with one another to supervise Lead Counsel

22   and obtain the best possible recovery for the Class.  Rhode Island and Iron Workers are precisely

23   the type of institutional investors that Congress sought to empower as Lead Plaintiff when enacting

24   the PSLRA.  *See, e.g.*, *Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL

25   5864581, at *11-12 (N.D. Cal. Nov. 8, 2019) (appointing group of institutional investors as lead

26   plaintiff); *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 WL 4860188, at *4 (N.D.

27   Cal. May 23, 2018) (appointing a group of investors that demonstrated they are "fully capable of

28   representing the class's interests effectively").

1    **B.**     **Rhode Island and Iron Workers Selected Well-Qualified Lead Counsel to Represent
2                the Class**

3            Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel

4    to represent the class it seeks to represent, and that selection is not to be disturbed unless it is

5    necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also*

6    *Cohen v. United States Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the

7    lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to

8    that choice.").

9            Kessler Topaz specializes in prosecuting complex class action litigation and is one of the

10   leading law firms in its field.  *See* Kessler Topaz's Firm Résumé, Ex. E.  The firm is actively

11   engaged in complex litigation and has successfully prosecuted numerous securities fraud class

12   actions on behalf of injured investors, including, among others: *In re Tyco International, Ltd.*

13   *Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *Luther v.*

14   *Countrywide Fin. Corp.*, No. 2:12-cv-05125-MRP (MANx) (C.D. Cal.) ($500 million recovery);

15   *In re Tenet Healthcare Corp. Sec. Litig.*, No. 02-cv-8462-RSWL (RZx) (C.D. Cal) ($215 million

16   recovery); and *In re Brocade Securities Litigation*, No. 05-cv-2042-CRB (N.D. Cal.) ($160 million

17   recovery).  Kessler Topaz also obtained a rare jury verdict in investors' favor after a week-long

18   trial in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS)

19   (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the

20   PSLRA in 1995 (based on post-enactment conduct).

21           Similarly, Bernstein Litowitz is among the preeminent securities class action law firms in

22   the country.  *See* Bernstein Litowitz's Firm Résumé, Ex. F.  Bernstein Litowitz served as Lead

23   Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288 (S.D.N.Y.), in which

24   settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action

25   history—were obtained for the class.  More recently, Bernstein Litowitz obtained a $1.06 billion

26   recovery (inclusive of attorneys' fees) for the class in *In re Merck & Co., Inc. Securities, Derivative*

27   *& "ERISA" Litigation*, MDL No. 1658 (D.N.J.).  Other significant examples in which courts in

28   this District have recognized Bernstein Litowitz as adequate and qualified class counsel in

securities class actions include: *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest recovery ever in a securities class action in this District); *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million for investors); *In re 3Com Corp. Securities Litigation*, No. 97-cv-21083 (N.D. Cal.) (recovering $259 million for investors); *In re Maxim Integrated Products, Inc. Securities Litigation*, No. 08-cv-0832 (N.D. Cal.) (recovering $173 million for investors); *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376 (N.D. Cal.) (recovering $125 million for investors); and *In re Clarent Corp. Securities Litigation*, No. 01-cv-3361-CRB (N.D. Cal.) (conducting a four-week trial and obtaining a favorable jury verdict finding the CEO and former auditor of the defendant company liable, leading to a recovery of millions of dollars for investors).

Moreover, Kessler Topaz and Bernstein Litowitz have a history of successfully prosecuting securities fraud class actions together. Kessler Topaz and Bernstein Litowitz's joint prosecutions, which have resulted in recoveries collectively exceeding $4.5 billion in recent years, include, among others: *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.) ($2.43 billion recovery with Bernstein Litowitz and Kessler Topaz as co-lead counsel); *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.) ($730 million recovery with Bernstein Litowitz as lead counsel and Kessler Topaz as additional counsel); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (S.D.N.Y.) ($627 million recovery with Bernstein Litowitz and Kessler Topaz as co-lead counsel); *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (S.D.N.Y.) ($615 million recovery with Bernstein Litowitz and Kessler Topaz as co-lead counsel); and *In re JP Morgan Chase & Co. Securities Litigation*, No. 12-cv-3852 (S.D.N.Y.) ($150 million recovery with Bernstein Litowitz and Kessler Topaz as co-lead counsel). More recently, Kessler Topaz and Bernstein Litowitz served together as co-lead counsel in *In re Allergan, Inc. Proxy Violation Securities Litigation*, No. 14-cv-2004 (C.D. Cal.), in which $250 million was recovered for investors. Furthermore, Bernstein Litowitz and Kessler Topaz are currently serving together as co-lead counsel in *In re Kraft Securities Litigation*, No. 19-cv-1339 (N.D. Ill.).

1    Thus, the Court may be assured that by granting this Motion, the Class will receive the

2  highest caliber of legal representation.

3                                            **CONCLUSION**

4    For the reasons discussed above, Rhode Island and Iron Workers respectfully request that

5  the Court appoint them as Lead Plaintiff, approve their selection of Kessler Topaz and Bernstein

6  Litowitz as Lead Counsel for the Class, and grant any such further relief as the Court may deem

7  just and proper.

8  Dated:  April 20, 2020                    Respectfully submitted,

9                                            **KESSLER TOPAZ MELTZER**
                                                **& CHECK, LLP**
10

11                                           */s/ Jennifer L. Joost*
                                             JENNIFER L. JOOST (Bar No. 296164)
12                                           (jjoost@ktmc.com)
                                             One Sansome Street, Suite 1850
13                                           San Francisco, CA 94104
                                             Tel:    (415) 400-3000
14                                           Fax:    (415) 400-3001

15                                                      -and-

16                                           NAUMON A. AMJED*
                                             (namjed@ktmc.com)
17                                           DARREN J. CHECK*
                                             (dcheck@ktmc.com)
18                                           RYAN T. DEGNAN*
                                             (rdegnan@ktmc.com)
19                                           280 King of Prussia Road
                                             Radnor, PA 19087
20                                           Tel:    (610) 667-7706
                                             Fax:    (610) 667-7056
21

22                                           *Counsel for Proposed Lead Plaintiff the State of*
                                             *Rhode Island, Office of the General Treasurer, on*
23                                           *behalf of the Employees' Retirement System of the*
                                             *State of Rhode Island and Proposed Lead Counsel*
24                                           *for the Class*

25

26                                           **BERNSTEIN LITOWITZ BERGER**
                                                **& GROSSMANN LLP**
27

28                                           JONATHAN D. USLANER (Bar No. 256898)
                                             (jonathanu@blbglaw.com)
                                             2121 Avenue of the Stars, Suite 2575

1

Los Angeles, CA 90067
Tel:     (310) 819-3470

2

-and-

3

HANNAH ROSS*

4

(hannah@blbglaw.com)
AVI JOSEFSON*

5

(avi@blbglaw.com)
MICHAEL D. BLATCHLEY*

6

(michaelb@blbglaw.com)
1251 Avenue of the Americas

7

New York, NY 10020
Tel:     (212) 554-1400
Fax:     (212) 554-1444

8

9

*Counsel for Proposed Lead Plaintiff Iron Workers
Local 580 Joint Funds and Proposed Lead Counsel

10

for the Class*

11

*pro hac vice motion forthcoming*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28