**GIBSON, DUNN & CRUTCHER LLP**
BRIAN M. LUTZ, SBN 255976
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306
blutz@gibsondunn.com

LISSA M. PERCOPO
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.887.3770
Facsimile: 202.530.9528
lpercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:     415.772.1200
sbrody@sidley.com

*Attorneys for Defendants HP Inc., Dion J.*
*Weisler, Catherine A. Lesjak, Steven J.*
*Fieler, Enrique Lores, and Christoph Schell.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><br>Date Action Filed: February 19, 2020 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants HP Inc. ("HP" or the "Company"), Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, Enrique Lores, and Christoph Schell (the "Individual Defendants") (HP and the Individual Defendants, together, "Defendants"), respectfully request that the Court take judicial notice of Exhibits 1 through 23 attached to the accompanying Declaration of Lissa M. Percopo (the "Percopo Declaration") in support of Defendants' Motion to Dismiss Plaintiffs' Complaint for Violations of the Federal Securities Laws ("Motion to Dismiss"), filed concurrently herewith.

## I.    DISCUSSION

When ruling on a motion to dismiss, courts may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The incorporation-by-reference doctrine permits the Court to consider documents that a complaint refers "extensively to" or that "form[] the basis of the plaintiff's claim." *Id.* This doctrine extends to documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or (3) not subject to reasonable dispute. Proper subjects of judicial notice on a motion to dismiss include "matters of public record." *Khoja*, 899 F.3d at 999 (quotation marks omitted).

### A.  HP's SEC Filings (Exs. 1-5)

Exhibits 1-3 are excerpts of HP's annual reports on Form 10-K for the fiscal years ending on October 31, 2016, October 31, 2017, and October 31, 2018. Exhibits 4-5 are compilations of statements of beneficial ownership of securities on Form 4 filed by HP with the U.S. Securities and Exchange Commission ("SEC") on behalf of Messrs. Weisler and Lores.

Judicial notice of Exhibits 1 through 5 is appropriate because they are public filings made by HP with the SEC and compilations of such public filings, and thus are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *In re Facebook, Inc. Sec. Litig.*, 2020 WL

4569443, at *17 (N.D. Cal. Aug. 7, 2020) (taking judicial notice of SEC filings); *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (taking judicial notice of SEC filings, including Form 4 that "is a publicly filed SEC document that is expressly referenced in the [complaint]"); *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 (N.D. Cal. 2017) (taking judicial notice of SEC filings); *McCasland v. FormFactor Inc.*, 2008 WL 2951275, at *12 (N.D. Cal. July 25, 2008) (same).  It is also appropriate to take judicial notice of the SEC instructions for completing the Form 4 available at https://www.sec.gov/about/forms/ form4data.pdf.  *See Plumley v. Sempra Energy*, 2017 WL 2712297, at *12 (S.D. Cal. June 20, 2017) (taking judicial notice of SEC filing instructions).

The Court may also consider these exhibits under the incorporation-by-reference doctrine. *See, e.g.*, *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (incorporating by reference SEC filings that "constitute the subject matter of the claim"); *In re Illumina, Inc. Sec. Litig.*, 2008 WL 500990, at *4 & n.4 (S.D. Cal. Jan. 22, 2018) (cautionary language found in earnings calls transcripts incorporated SEC filings by reference); *Iron Workers*, 2020 WL 1244936, at *5-6. Indeed, the Complaint explicitly refers to and relies on Messrs. Weisler's and Lores's trading history in paragraphs 328 and 329—information necessarily drawn from their Form 4s—to "form the basis" of Plaintiffs' scienter allegations.  *Khoja*, 899 F.3d at 1002; *see also Iron Workers*, 2020 WL 1244936, at *6.

**B.  HP's Earnings Call Transcripts, (Exs. 6-14)**

Exhibit 6 is an excerpt of HP's First Quarter 2017 Earnings Conference Call Transcript, which is referenced and relied on in paragraphs 109, 110, 159, 160, 161, 162, 163, and 164.  Exhibit 7 is an excerpt of HP's Second Quarter 2017 Earnings Conference Call Transcript, which is referenced and relied on in paragraphs 124, 127, and 183.  Exhibit 8 is an excerpt of HP's Third Quarter 2017 Earnings Conference Call Transcript, which is referenced and relied on in paragraphs 112, 193, and 194.  Exhibit 9 is an excerpt of HP's First Quarter 2018 Earnings Conference Call Transcript, which is referenced and relied on in paragraphs 93, 118, 126, 221, 222, and 223.  Exhibit 10 is an excerpt of HP's Second Quarter 2018 Earnings Conference Call Transcript, which is referenced and relied on in paragraphs 116, 119, 127, 234, 235, and 236.  Exhibit 11 is an excerpt of

Gibson, Dunn & Crutcher LLP

2

HP's Third Quarter 2018 Earnings Conference Call Transcript, which is referenced and relied on in paragraphs 94, 116, 127, 255, and 256. Exhibit 12 is an excerpt of HP's Fourth Quarter 2018 Earnings Conference Call Transcript, which is referenced and relied on in paragraphs 127, 283, 284, and 285. Exhibit 13 is an excerpt of HP's First Quarter 2019 Earnings Conference Call Transcript, which is referenced and relied on in paragraphs 340, 341, 343, 345, 346, 347, 348, and 349. Exhibit 14 is an excerpt of HP's Third Quarter 2019 Earnings Conference Call Transcript, which is referenced and relied on in paragraphs 354, 355, 356, and 357.

The Court may consider Exhibits 6 through 14 under the incorporation-by-reference doctrine. The Complaint extensively references and necessarily relies on Exhibits 6 through 12 to allege that they contain false and misleading statements, and on Exhibits 13 through 14 to allege that certain challenged statements were later corrected. *See Khoja*, 899 F.3d at 1002; *Iron Workers*, 2020 WL 1244936, at *5-6 (granting judicial notice of earnings call transcripts and conference presentation that plaintiffs "allege contain false and/or misleading statements for the purpose of determining what was disclosed to the market").

Judicial notice of Exhibits 6 through 14 is also appropriate because they are publicly available documents and thus are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also, e.g.*, *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (taking judicial notice of earning calls transcript); *In re Facebook, Inc.*, 2020 WL 4569443, at *17 (taking judicial notice of earnings calls and shareholder meetings); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[T]ranscripts of conference earnings calls are judicially noticeable because they are matters of public record.").

**C. HP's Shareholder/Analyst Meeting Transcripts and Presentation, (Exs. 15-18)**

Exhibit 15 is an excerpt of HP's October 12, 2017 Shareholder/Analyst Meeting Transcript, which is referenced and relied on in paragraphs 92, 100, 113, 126, 204, 205, 206, 207, 208, and 209. Exhibit 16 is an excerpt of HP's October 3, 2018 Shareholder/Analyst Meeting Transcript, which is referenced and relied on in paragraphs 47, 120, 270, 271, 272, 273, 275, and 276. Exhibit 17 is an excerpt of a presentation shown during HP's October 3, 2018 Shareholder/Analyst Meeting, which is referenced, reproduced, and relied on in paragraphs 103 and 274. Exhibit 18 is an excerpt of HP's

October 3, 2019 Shareholder/Analyst Meeting Transcript, which is referenced and relied on in paragraphs 362, 363, and 364.

The Court may consider Exhibits 15 through 18 under the incorporation-by-reference doctrine.  The Complaint extensively references and necessarily relies on them to allege that they contain false and misleading statements.  *See Khoja*, 899 F.3d at 1002; *Iron Workers*, 2020 WL 1244936, at \*5-6.  Judicial notice of Exhibits 15 through 18 is also appropriate because they are publicly available documents and thus are matters of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *In re Facebook*, 2020 WL 4569443, at \*17.

### D.  HP's Conference Presentation Transcripts (Exs. 19-23)

Exhibit 19 is an excerpt of the February 27, 2018 Morgan Stanley Technology Conference Transcript, which is referenced and relied on in paragraph 230.  Exhibit 20 is an excerpt of the June 6, 2018 Bank of America Merrill Lynch Global Technology Conference Transcript, which is referenced and relied on in paragraphs 89, 119, 247, 248, 249, 250, and 302.  Exhibit 21 is an excerpt of the September 7, 2018 Citi's Global Technology Conference Transcript, which is referenced and relied on in paragraph 262.  Exhibit 22 is an excerpt of the September 12, 2018 Deutsch Bank Technology Conference, which is referenced and relied on in paragraphs 50, 107, 120, 265 and 298.  Exhibit 23 is an excerpt of the January 8, 2019 Consumer Electronics Show Citigroup TMT Conference Transcript, which is referenced and relied upon in paragraphs 121, 290 and 325.

The Court may also consider Exhibits 19 through 23 under the incorporation-by-reference doctrine.  The Complaint extensively references and necessarily relies on them to allege that they contain false and misleading statements.  *See Khoja*, 899 F.3d at 1002; *Iron Workers*, 2020 WL 1244936, at \*5-6.  Judicial notice of Exhibits 19 through 23 is also appropriate because they are publicly available documents and thus are matters of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b).

### II.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1 through 23 to the Percopo Declaration to the extent they are relied on in Defendants' Motion to Dismiss, and consider Exhibits 1 through 23 as incorporated by reference.

Gibson, Dunn & Crutcher LLP

DATED:  October 2, 2020

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Brian M. Lutz*
BRIAN M. LUTZ (SBN 255976)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306
blutz@gibsondunn.com

LISSA M. PERCOPO
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.887.3770
Facsimile: 202.530.9528
LPercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415.772.1200
sbrody@sidley.com

*Attorneys for Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, Enrique Lores, and Christoph Schell*

REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260

Gibson, Dunn & Crutcher LLP