**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:  (310) 819-3470

*Counsel for Lead Plaintiff Iron Workers Local 580*
*Joint Funds and Co-Lead Counsel for the Class*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
STACEY M. KAPLAN (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Tel:  (415) 400-3000
Fax:  (415) 400-3001

*Counsel for Lead Plaintiff the State of Rhode*
*Island, Office of the General Treasurer, on behalf of*
*the Employees' Retirement System of Rhode Island*
*and Co-Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | **LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | Date:  February 5, 2021 |
| | Time:  10:00 A.M. |
| | Dept:  Courtroom 1, 17th Floor |
| | Judge:  Hon. Susan Illston |
| | Date Action Filed:  February 19, 2020 |

Lead Plaintiffs the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island ("Rhode Island") and Iron Workers Local 580 Joint Funds ("Iron Workers" and together with Rhode Island, "Lead Plaintiffs" hereby oppose Defendants' Request for Judicial Notice (the "Request," ECF No. 50) for Exhibits 1-23, attached to the Declaration of Lisa M. Percopo (the "Percopo Declaration," ECF No. 51) in Support of Defendants' Motion to Dismiss Complaint (the "Motion to Dismiss" or "Mot.," ECF No. 49).

## RELIEF REQUESTED

Lead Plaintiffs request that the Court decline to take judicial notice of Defendants' Exhibits 1-23 attached to the Percopo Declaration.

## ARGUMENT

As the Ninth Circuit observed in *Khoja v. Orexigen Therapeutics, Inc.*,

> [T]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results . . . . [T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery . . . . [T]he doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

899 F.3d 988, 998, 1003 (9th Cir. 2018). The *Khoja* court further noted "a concerning pattern" in securities cases: the exploitation of the judicial notice and incorporation-by-reference procedures "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* at 998. The Ninth Circuit criticized defendants for using extrinsic documents to "create[] a defense to the well-pled allegations in the complaint" or to "insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.* at 1002. And finally, the Ninth Circuit explained the "perverse added benefit" that accrues to defendants who "[s]ubmit . . . documents not mentioned in the complaint": "unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts." *Id.* at 1003.

Here, with respect to Exhibits 1-5, Defendants' request for judicial notice exemplifies exactly what the Ninth Circuit was concerned about in *Khoja*. With these exhibits, Defendants

seek to defend against the Complaint's well-pled allegations by injecting their one-sided version of the facts at the pleading stage and requesting that the Court accept the facts stated therein as true. These are documents that Lead Plaintiffs have not referenced or identified in the Complaint and on which the Complaint does not rely; documents whose contents are in reasonable dispute; and documents that are irrelevant to the Complaint's well-pled allegations. With respect to exhibits 6-23, Defendants also attempt to use these documents to defeat the well-pled allegations in the Complaint by drawing inferences in Defendants' favor that are improper at the pleading stage. Under controlling Ninth Circuit precedent, this is inappropriate. Defendants' request should be denied.

## I.    LEGAL STANDARD

### A.    Judicial Notice

Under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Rollin v. Dignity Health,* 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (citing Fed. R. Evid. 201(b)). While courts may include in their review of a Rule 12(b)(6) motion to dismiss matters over which they "may take judicial notice," *In re Rigel Pharms. Inc., Sec. Litig.*, 697 F.3d 869, 876 (9th Circ. 2012), "[j]ust because the document is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja,* 899 F.3d at 999.

A court may not take judicial notice of a fact that is subject to reasonable dispute without converting the motion to dismiss into a Rule 56 motion for summary judgment and giving "both parties . . . the opportunity to present all material that is pertinent to the motion." *Id.* at 998; *Lee v. City of Los Angeles*, 250 F. 3d 668, 690 (9th Circ. 2001) (reversing district court's taking judicial notice over "disputed facts stated in public records" to support its ruling and its failure to "draw all reasonable inferences from plaintiff's allegations.").

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI

### B.    Incorporation-By-Reference

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself," particularly where those documents "form[] the basis of the plaintiff's claims" or where plaintiffs reference them "extensively" throughout their complaint. *Khoja*, 899 F.3d at 1002. The doctrine is intended to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those documents that weaken" their claims. *Id.* Critically, however, the doctrine also exists to prevent *defendants* from arguing that certain documents "form[] the basis of the plaintiff's claims"—despite plaintiff's not referencing or identifying those documents in their complaint—in order to put extrinsic documents before the court and to assert improper defenses to plaintiff's claims at the motion to dismiss stage." *See id.*

## II.    THE COMPLAINT DOES NOT REFERENCE OR IDENTIFY EXHIBITS 1-5, THUS THEY CANNOT BE INCORPORATED-BY-REFERENCE OR JUDICIALLY NOTICED FOR THEIR TRUTH

### A.    Exhibits 1-5 Cannot Be Incorporated-By-Reference

The Complaint does not reference Exhibits 1-5. Defendants make no argument with respect to the incorporation of Exhibits 1-3, simply citing cases in which Courts have, in entirely unrelated circumstances, incorporated SEC filings by reference. *See Wochos v. Tesla, Inc.*, No. 17-CV-05828-CRB, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (incorporating "public statements" in the filings because they constituted the "subject matter" of the claims and noting "the Court is not taking notice of the <u>truth</u> of any of the facts asserted." (emphasis in original); *In re Illumina, Inc. Sec. Litig.*, 2018 WL 500990, at *4 (S.D. Cal. Jan. 22, 2018) (incorporating cautionary language in Form 10-K because, in documents discussed in the Complaint, "Defendants *referred investors*" to the SEC filings); *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (incorporating "SEC document that is *expressly referenced* in the [Complaint]."). Here, Defendants attempt to incorporate documents not related to matters that are the "subject matter" of plaintiff's claims, but instead attempt to incorporate HP's 10-Ks for background information on the Company, such as its size, number and geographic dispersion of its employees. *See, e.g.,* Mot. at 15. Moreover, unlike in *Illumina*, certain of the

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI

documents to which Lead Plaintiffs cite do not refer to the risk disclosures contained in the Exhibits Defendants attempt to incorporate, and, unlike in *Iron Workers*, the documents themselves are never referenced in the Complaint.

With respect to Exhibits 4-5, Defendants merely argue that Exhibits 4-5 contain information "necessarily drawn" from these Exhibits in two paragraphs in the Complaint to form the basis of Lead Plaintiffs' scienter allegations. Mot. at 2. In *Khoja*, the Ninth Circuit rejected a nearly identical argument. There, when Defendants attempted to incorporate SEC filings regarding executive compensation that plaintiffs *actually did* refer to in the Complaint to "show that such awards were routinely granted," the Court ruled that plaintiff's references to the filings "merely demonstrated that there was some financial incentive to misrepresent the success of [the Company] to investors" and defendants had "improperly asked the district court to engage in fact-finding" because whether "those documents show that such financial incentives were routine . . . [is] irrelevant at the pleading stage." *Khoja* at 1006. Here, not only does the Complaint not reference Exhibits 4-5 at all, but Defendants attempt to use them to establish that Defendants' stock trades were innocent. *See* Mot. at 19 (Defendants' stock trades "made pursuant to a 10b5-1 plan or were execute in order to satisfy tax obligations" and therefore "do not support an inference of scienter."). This is a highly disputed fact issue that is inappropriate for resolution at the pleading stage. Exhibits 4 and 5 should not be incorporated by reference.

**B.      Exhibits 1-5 Are Not Judicially Noticeable For Their Truth**

Exhibits 1-3 are excerpts of HP's annual reports on Form 10-K for 2016, 2017, and 2018. Exhibits 4-5 are compilations of statements of beneficial ownership of securities on Form 4 filed by HP on behalf of Defendants Weisler and Lores. None of these documents is referenced in the Complaint, and Defendants do not dispute this fact. *See* Mot. at 1-2. Defendants assert that these Exhibits are judicially noticeable simply because they are "public filings made by HP" and are therefore "matters of public record not subject to reasonable dispute." Mot. at 1. Defendants ignore the precedent in this Circuit that, "[w]ith respect . . . SEC filings . . . the Court may only take judicial notice of the content of these . . . filings, and the fact that they were filed with the agency. In other words, "[t]he truth of the content, and the inferences properly drawn from them . . .

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI

[are] not a proper subject of judicial notice under [Federal Rule of Evidence] 201." *In re Medicis Pharm. Corp. Sec. Litig.*, 689 F. Supp. 2d 1192, 1201 (D. Ariz. 2009) (internal citations and punctuation omitted); *Ritz Camera & Image, LLC v. SanDisk Corp.*, 772 F. Supp. 2d 1100, 1109 (N.D. Cal. 2011) ("[W]hile a court may take judicial notice of the *existence* of SEC filings, it may not take judicial notice of documents for the truth of disputed facts asserted therein.") (emphasis in original).

This also holds true for Form 4s (Exhibits 4 and 5). For example, in *Patel v. Parnes*, the district court took judicial notice of "the content of . . . SEC Forms 4 and the fact that they were filed with the agency," but not the "truth of the content, and the inferences properly drawn from them." 253 F.R.D. 531, 546 (C.D. Cal. 2008) (citing *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) ("Judicial Notice is taken of the existence and authenticity of the public and quasi-public documents listed. To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice.")).

Defendants attempt to use Exhibits 1-5 to establish their versions of reasonably disputed facts and improperly seek to defeat the reasonable inferences that can be drawn from well-pled allegations in the Complaint, which must be construed in Lead Plaintiffs' favor at the pleading stage. For instance, Defendants purport to use Exhibit 2 to establish the implausibility of HP's executives knowing of the failures in the Four Box model because HP's employees were "geographically dispersed" and the Company's business segments contained a "variety of offerings," both of which are facts subject to reasonable dispute. *Compare* Mot. at 15 *with, e.g.,* ¶¶ 308, 310-11 (former employee's allegation that Defendants were aware of Four Box model's deficiencies during the Class Period and such knowledge was "common knowledge" in the Company). Similarly, Defendants' attempts to use Exhibits 1 and 3 to establish that the purported forward-looking statements were accompanied by cautionary language and that the risk disclosures were adequate during the Class Period (*see, e.g.,* Mot. at 32) plainly rely on the disputed facts contained in those disclosures: that Defendants' statements were accompanied by cautionary language and that this language sufficiently warned investors of identified risks in its SEC

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI

filings—a notion Lead Plaintiffs vehemently dispute. Indeed, the Complaint pleads that Defendant's risk disclosures were woefully insufficient. *See, e.g.* ¶377; Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss at 25.

Similarly, Defendants use Exhibits 4-5 to argue that Defendants Lores's and Weisler's stock trades were innocent because they were made pursuant to 10b5-1 plans and to satisfy "tax obligations." *See* Mot. at 19. Defendants plainly rely on these documents for their truth, for instance citing Exhibit 4 for the proposition that "Mr. Lores beneficially owned 123,250 shares before his first alleged transaction and 253,069 after his last alleged transaction" and Exhibit 5 for the proposition that Mr. Weisler's and Mr. Lores's trades occurred "to satisfy tax obligations." Mot. at 19. This information could plainly not be gleaned from the existence of these documents, but relies on the alleged truth of their contents. Defendants attempt to defeat the Complaint's well-pled allegations that Defendants' stock sales were improper (¶¶328-334) by injecting their own narrative derived from documents not cited in the Complaint purportedly showing that the trades were innocent. The reasonable inference that the stock sales were improper must be drawn in Lead Plaintiff's favor at the pleading stage.

Moreover, Exhibits 4-5 refer to Rule 10b5-1 plans, but do not reproduce the Rule 10b5-1 plans themselves—or even a single term, provision, or excerpt of the plans. In these circumstances, "courts frequently decline to take judicial notice of filings which are incomplete or truncated." *City of Miami Gen. Emps.' & Sanitation Ems' Ret. Tr. V. RH. Inc.*, 302 F. Supp. 3d 1028, 1033 at n.1 (N.D Cal. 2018). Additionally, to Lead Plaintiffs' knowledge, the Rule 10b5-1 plans are not publicly available, despite their being referenced in various publicly available documents filed with the SEC, making Defendants' reliance on these documents without disclosing them further improper at the pleading stage.

## III.    EXHIBITS 6-23 ARE SUBJECT TO REASONABLE DISPUTE, THUS THE FACTS CONTAINED WITHIN THEM ARE NOT JUDICIALLY NOTICEABLE

### A.    Earnings Call Transcripts (Exhibits 6-14)

As with the SEC filings discussed above, the Court should not judicially notice Exhibits 6-14 for the truth of the statements contained in the documents because those facts are subject to

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI

reasonable dispute. *See Khoja*, 899 F.3d at 999 (9th Cir. 2018) ("Just because the [conference call transcript] itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *5 (C.D. Cal. Dec. 11, 2018) (Denying judicial notice "of certain . . . conference calls and presentation records to establish what investors knew about [defendant's] intent to recapitalize prior to its issuance of a stock offering.").

Each Exhibit is used to support a disputed fact. *First*, Exhibits 6, 7, 9, and 10-12 are cited to support Defendants' argument that their statements were accompanied by meaningful cautionary language. *See* Mot. at 33 (arguing that statements contained in Exhibits 6, 7, 9 and 10-12 accompanied the purportedly forward-looking statements and constitute "meaningful cautionary language explaining why the Company's expectations and beliefs concerning the future may not be realized."). Defendants' argument depends on the truth of the matters asserted in the statements; Defendants explicitly argue that the statements show their "expectations and belief," which cannot be gleaned from the existence of the statements but necessarily relies on the truth of those statements. *See Prodanova*, *supra*, 2018 WL 8017791, at *5; Mot. at 33. Moreover, these Exhibits are cited in Defendants' motion in an attempt to defeat the well-pled allegations in the Complaint. Indeed, nowhere in these Exhibits do Defendants warn investors that the Four Box model's inputs could not measure Supplies, further undercutting the adequacy of the purportedly meaningful cautionary language in the Exhibits. *See In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1148 (9th Cir. 2017) ("[V]irtually no cautionary language short of an outright admission that the non-forward-looking statements were materially false and misleading would [be] adequate" when defendants omit material present fact.).

*Second*, Defendants offer Exhibit 8 for the truth of the statements contained therein, to support their argument that Defendants believed that the Four Box model was accurate and therefore to undermine the scienter inference. *See* Mot. at 8 (arguing that HP having "met [its] goal a quarter early" with respect to Supplies revenue gave the Company confidence in the model). Yet, the Complaint is replete with allegations that Defendants in fact knew that the Four Box model was not accurate. *See, e.g.,* ¶¶308, 310-11 (former employee's allegation that Defendants were

7

aware of Four Box model's deficiencies during the Class Period and such knowledge was "common knowledge" in the Company). Defendants attempt to defeat these well-pled allegations by injecting their own narrative, which they cannot do at the pleading stage.

*Third*, Exhibits 13 and 14 are cited to prove that Defendants were "surprised" by the miss in the EMEA and that the Company did not expect Supplies revenue to grow further. Mot. at 9. Because the Complaint adequately pleads that Defendants knew the Four Box model was inaccurate when they made their statements (*see, e.g.* ¶¶ 343-44, 354), Defendants cannot simply counter that fact by proffering their own narrative with respect to Defendants' knowledge regarding the Four Box model. As in *Prodanova*, *supra*, it is improper to attempt to judicially notice documents to establish facts regarding "[defendant's] intent," which here can only be established by the truth of Defendants' characterizations of their own reaction.

**B.    Shareholder/Analyst Meeting Transcripts and Presentations (Exhibits 15-18)**

Analyst meetings and presentations are similarly not judicially noticeable for their truth. *See Khoja* 899 F.3d at 999 ("Just because the [conference call transcript] itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *Prodanova* 2018 WL 8017791, at *5 (Denying judicial notice "of certain . . . conference calls and presentation records to establish what investors knew about [defendant's] intent to recapitalize prior to its issuance of a stock offering."). As with the other Exhibits, Defendants attempt to invoke these Exhibits to defeat the Complaint's well-pled allegations.

Defendants use Exhibits 15-18 to argue that their purportedly forward-looking statements were accompanied by cautionary language and that such language was meaningful. *See* Mot. at 30, 33. As with Exhibits 6-14, this argument depends on the truth of the facts within Defendants' Exhibits, not their existence. Defendants explicitly argue that the statements show their "expectations and belief," which cannot be gleaned from the existence of the statements but necessarily relies on the truth of those statements. *See Prodanova*, *supra*, 2018 WL 8017791, at *5; Mot. at 33. These Exhibits equally support the inference that Defendants' cautionary language was not meaningful because they nowhere mention the risks associated with the Four Box model.

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI

*See In re Quality Sys., Inc. Sec. Litig.*, *supra*, 865 F.3d at 1148; ¶¶205 (Exhibit 15), 274 (Exhibit 17), 275 (Exhibit 16), 363 (Exhibit 18).

### C. Conference Presentation Transcripts (Exhibits 19-23)

Conference presentations cannot be judicially noticed to defeat well-pled allegations in a complaint. *See Westley v. Oclaro, Inc.*, 897 F. Supp. 2d 902, 921–22 (N.D. Cal. 2012) (declining to credit truth of statements made in "slide presentation" from investor conference.). Here, Defendants use Exhibits 19-23 to argue that Defendants in "good faith" cautioned investors that they "could not guarantee its projections" and that the Company's "positive growth would continue." Mot. at 24. Defendants similarly invoke these Exhibits to argue that their cautionary language was meaningful. *See* Mot. at 33. The Complaint's well-pled allegations that Defendants knew the Four Box model was deficient is directly contrary to Defendants' characterization that they acted in "good faith," which cannot be credited at the pleading stage. *See, e.g.,* ¶¶230 (Exhibit 19), 248 (Exhibit 20), 262 (Exhibit 21), 265 (Exhibit 22), 290 (Exhibit 23). Because these facts are used to purportedly prove Defendants' "expectations and belief" about the future, Defendants rely on them for their truth, which is improper at the pleading stage.

## IV. CONCLUSION

For the foregoing reasons, the Court should decline to take judicial notice of Defendants' Exhibits 1-23 attached to the Percopo Declaration. Because each Exhibit either is not referenced in the Complaint or contains facts subject to reasonable dispute, no Exhibit should be admitted for the truth of the facts contained in any document.

Dated: December 11, 2020                              Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**            **KESSLER TOPAZ MELTZER &**
**& GROSSMANN LLP**                                **CHECK, LLP**

*/s/ Jeremy P. Robinson*                                */s/ Jennifer L. Joost*

JONATHAN D. USLANER (Bar No. 256898)     JENNIFER L. JOOST (Bar No. 296164)
(jonathanu@blbglaw.com)                           (jjoost@ktmc.com)
2121 Avenue of the Stars, Suite 2575              STACEY M. KAPLAN (Bar No. 241989)
Los Angeles, CA 90067                              (skaplan@ktmc.com)
Tel: (310) 819-3470                                One Sansome Street, Suite 1850

9

-and-

JOHN J. RIZIO-HAMILTON (admitted *pro hac vice*)
(johnr@blbglaw.com)
JEREMY P. ROBINSON (admitted *pro hac vice*)
(jeremy@blbglaw.com)
ALEXANDER T. PAYNE (admitted *pro hac vice*)
(alex.payne@blbglaw.com)
BENJAMIN W. HOROWITZ
(admitted *pro hac vice*)
(will.horowitz@blbglaw.com)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel:  (212) 554-1400
Fax:  (212) 554-1444

*Counsel for Lead Plaintiff Iron Workers Local 580 Joint Funds and Co-Lead Counsel for the Class*

San Francisco, CA  94104
Tel:  (415) 400-3000
Fax:  (415) 400-3001


-and-

GREGORY M. CASTALDO
(gcastaldo@ktmc.com) (*pro hac vice* forthcoming)
280 King of Prussia Road
Radnor, PA  19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056

*Counsel for Lead Plaintiff the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island and Co-Lead Counsel for the Class*

10

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI

**CERTIFICATE OF SERVICE**

I, Jeremy P. Robinson, declare as follows:

I am employed in the County of New York, State of New York, I am over the age of eighteen years and am not a party to this action; my business address is 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, in said County and State.

I hereby certify that on December 11, 2020, the foregoing **LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by the operation of the Court's electronic filing systems.


Dated: December 11, 2020                              _/s/ Jeremy P. Robinson_
                                                                        Jeremy P. Robinson

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI