**GIBSON, DUNN & CRUTCHER LLP**
BRIAN M. LUTZ, SBN 255976
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306
blutz@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.887.3770
Facsimile:  202.530.9528
lpercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415.772.1200
sbrody@sidley.com

*Attorneys for Defendants HP Inc., Dion J.
Weisler, Catherine A. Lesjak, Steven J.
Fieler, Enrique Lores, and Christoph Schell.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |
| | Date Action Filed: February 19, 2020 |

## I.    PRELIMINARY STATEMENT

There is no dispute that the vast majority of the 23 exhibits attached to Defendants' Motion to Dismiss are incorporated by reference into Plaintiffs' Complaint for Violations of the Federal Securities Laws ("AC").   The remainder, which also are incorporated by reference but which Plaintiffs argue are not, are the types of documents that courts routinely judicially notice.

In their Opposition to Defendants' Request for Judicial Notice (the "RJN Opp."), Plaintiffs do not dispute that the Complaint incorporates Exhibits 6 through 23 (earnings calls, shareholder/analyst meeting transcripts, conference presentations) by reference, or that Exhibits 1 through 5 (SEC filings) are the types of documents that courts routinely judicially notice.   Nor do Plaintiffs contest any document's authenticity.

For that reason, it is undisputed that the Court may consider the entirety of Exhibits 6 through 23, and that the Court may generally consider these documents for their truth.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (observing that consideration of incorporated documents for their truth is only improper where document serves to dispute a well-pled fact). Plaintiffs are incorrect in their assertion that Exhibits 1 through 5 are not incorporated by reference. The content of Exhibits 4 and 5 is expressly referenced in the Complaint, *see, e.g.*, AC ¶¶ 328-29, and form the basis of Plaintiffs' claims.   Exhibits 1 through 3 are also incorporated by reference because multiple documents discussed in the Complaint reference these exhibits, and the Complaint refers to the Company's risk disclosures.  *See* AC ¶ 377.

Despite admitting that most documents are incorporated by reference and properly before the Court, Plaintiffs attempt to manufacture a reason why the Court should not *also* take judicial notice. They argue that Defendants use Exhibits 1 through 23 to "inject[] their one-sided version of the facts" and "defeat the well-pled allegations in the Complaint by drawing inferences in Defendants' favor."  RJN Opp. at 2.  Not so.  No factual disputes exist.  And Plaintiffs' argument is beside the point, because they quibble with the *conclusions* to be drawn from the "statements in these documents" and thus "do[] not persuade on the question of whether judicial notice is proper."  *City of Miami Gen. Emps. & Sanitation Emps. Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 (N.D. Cal. 2018).  Defendants submit these documents to show the Court what they say.  This is permissible and

shows simply that Plaintiffs are "omitting portions [of documents] . . . that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *Sarmiento v. Sealy, Inc.*, 2019 WL 634643, at *5 (N.D. Cal. Feb. 14, 2019) (judicial notice when no dispute document "says what it says"); *see also In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[A]lleged false statements 'must be analyzed in context.'").

The only improper request for judicial notice pending before this Court is Plaintiffs' own. Plaintiffs ask the Court to consider a document—executed months after the Complaint was filed—for its truth. The Court should deny that request.

## II.    ARGUMENT

### A.    The Court May Properly Consider All Of Defendants' Exhibits

#### 1.    HP's SEC Filings (Exs. 1-5)

Defendants' requests for judicial notice of SEC filings reflected in Exhibit 1 through 5 are not controversial. *See* Exs. 1-3 (excerpts of HP's annual reports on Form 10-K); Exs. 4-5 (compilations of Form 4s for Messrs. Weisler and Lores). Contrary to Plaintiffs' arguments, these documents are judicially noticeable and incorporated by reference.

***Judicial notice***: It is beyond dispute that "SEC filings [are] subject to judicial notice." *See Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016); *see also* RJN at 1-2 (citing cases).[1] And it is proper to take judicial notice of these documents to show what they actually say. *Sarmiento*, 2019 WL 634643, at *5. These principles are particularly true where—as here—a party fails to "dispute the authenticity of the SEC filings." *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020). Plaintiffs do not dispute that SEC filings are judicially noticeable, and they do not contest the authenticity of these documents.

---

[1] *See also, e.g.*, *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (taking judicial notice of SEC filings not referenced in Complaint); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action.") (citing cases); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5–1 trading plan.").

Gibson, Dunn & Crutcher LLP

Plaintiffs argue that Defendants use these exhibits to establish "their versions of reasonably disputed facts" "to defeat the reasonable inferences . . . which must be construed in Lead Plaintiffs' favor at the pleading stage." RJN Opp. at 5. Not so. There is no factual dispute between the statements in Exhibits 1 through 3 and Plaintiffs' allegations.[2] Defendants cite Exhibits 1 and 3 for the actual language used in HP's risk disclosures. Defs.' Mot. to Dismiss at 32-33. These SEC filings do not create disputed facts, and Defendants are not relying on these filings for the *truth* of the cautionary language; these filings simply tell the Court the existence of the cautionary language and risk disclosures that accompanied the forward-looking statements challenged in the Complaint. *See* RJN Opp. at 5. That is permissible. *See, e.g.*, *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (judicial notice of SEC filings for the "purpose of determining what representations [company] made to the market"). The Court should take judicial notice of these SEC filings.

Judicial notice of Exhibits 4 and 5 is also proper. Plaintiffs do not dispute what the Form 4s say. Their primary argument is that Defendants use them to "argue" that Mr. Lores held more stock at the end of the putative class period, and that certain of Mr. Weisler's and Mr. Lores's trades occurred to satisfy tax obligations. RJN Opp. at 6. Plaintiffs make no argument about whether these SEC filings are judicially noticeable (they are). But Plaintiffs also are wrong: courts in this Circuit have repeatedly taken judicial notice of Form 4s and considered their contents when Plaintiffs allege that stock trading supports an inference of scienter, "because they contain relevant information required for an assessment of the [Complaint's] scienter allegations, and their authenticity is not in question." *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020); *Azar*, 2018 WL 6182756, at *4 ("Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action.").[3]

---

[2] Plaintiffs claim that Defendants use Exhibit 2 to dispute the size of HP. RJN Opp. at 5. But that dispute too is manufactured—Plaintiffs allege that HP is a "global" provider with "billion[s]" of shares on the New York Stock Exchange. AC ¶ 35.

[3] Exhibits 4 through 5 are not "incomplete" because Defendants did not produce the Rule 10b5-1 plans. RJN Opp. at 6. The Rule 10b5-1 plans are entirely separate documents that only some of the Form 4s reference per the SEC's filing instructions. This is a far cry from the handful of missing signature pages rendering an exhibit "incomplete" in *City of Miami*, 302 F. Supp. 3d at 1033, n.1.

REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI

Gibson, Dunn & Crutcher LLP

And Plaintiffs' argument that the Court should simply infer that the stock sales were improper, RJN Opp. at 6, is both contrary to the law (*see* Def. Mot. at 18–20) and says nothing about whether the Form 4s are judicially noticeable.

***Incorporation-by-reference:***   The Court may also consider Exhibits 1 through 5 under the incorporation-by-reference doctrine.   Plaintiffs claim that Defendants make "no argument" that Exhibits 1 through 3 are incorporated by reference, yet they acknowledge and challenge Defendants' cases in the same breath.   RJN Opp. at 3-4.   In any event, Plaintiffs are wrong—the Opposition acknowledges the "Complaint pleads that Defendant's risk disclosures were woefully insufficient," referring to the risk disclosures in Exhibits 1 through 3.   RJN Opp. 6 (citing AC ¶ 377).   Contrary to Plaintiffs' argument, *In re Illumina, Inc. Sec. Litig.*, 2018 WL 500990, at *4 (S.D. Cal. Jan. 22, 2018) is on all fours with this case.   There, the court incorporated cautionary language "because, in documents discussed in the Complaint, 'Defendants referred investors' to their SEC filings."   RJN Opp. at 3 (quoting *Illumina*, 2018 WL 500990, at *4).   That is precisely the case here:  multiple documents "discussed in the Complaint" show that Defendants referred investors to the SEC filings.[4]

The Complaint also incorporates Exhibits 4 and 5 by reference.   A document may be incorporated by reference into a complaint "'if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim.'"   *In re Eventbrite*, 2020 WL 2042078, at *7 (emphasis added); *see also* RJN at 1.   Here, the Complaint refers extensively to the contents of the Form 4s, *see* AC ¶¶ 327-34, and alleges that some of the trades were made pursuant to Rule 10b5-1 plans, *see id.* ¶ 333, which the Form 4s reflect.   These documents additionally "form[] the basis" of Plaintiffs' claims against Defendants because "they are the only public source for the allegations concerning the sale dates, number of shares sold, and price per share, all of which come directly from those Form 4's."   *See Hampton*, 2020 WL 6710096, at *4 (incorporating Form 4s by reference even though not "specifically" referenced in Complaint).   What's more, Plaintiffs assert a cause of action based on the trades reflected in these exhibits.   *See* AC ¶¶ 405-13 (Count III).

---

4  *See, e.g.*, Ex. 6 at 1; Ex. 7 at 1; Ex. 8 at 1; Ex. 9 at 1; Ex. 10 at 1; Ex. 11 at 1; Ex. 12 at 1.

Gibson, Dunn & Crutcher LLP

4

Plaintiffs argue that the Court should not incorporate these documents by reference because "Defendants attempt to use them to establish that Defendants' stock trades were innocent" and "[t]his is a highly disputed fact issue that is inappropriate for resolution at the pleading stage." RJN Opp. at 4. This, again, says nothing about whether the Form 4s are incorporated by reference in the Complaint, and there is no serious argument to the contrary. And courts consider Form 4s for their "truth" where, as here, plaintiffs rely on these documents "to support a scienter inference." *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (quotation marks omitted); *Hampton*, 2020 WL 6710096, at *4.[5] At bottom, Plaintiffs ask this Court to consider the line within these Form 4s that indicates the number of shares "sold" and ignore the *very next entry* that indicates the number of shares retained. Plaintiffs may not rely on these documents but "omit[] portions" of the Form 4s that "weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (Plaintiffs may not "surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."), *superseded by statute on other grounds*.

### 2.    HP's Earnings Call Transcripts, (Exs. 6-14)

Plaintiffs do not dispute that the Complaint incorporates HP's transcripts of earnings calls by reference. *See* RJN at 2-3. Nor could they—these documents are cited repeatedly and form the basis of Plaintiffs' claims. *See* AC ¶¶ 109, 110, 159, 160, 161, 162, 163, 164 (Exhibit 6); *id.* ¶¶ 124, 127, & 183 (Exhibit 7); 112, 193, 194 (Exhibit 8); *id.* 93, 118, 126, 221, 222, 223 (Exhibit 9); *id.* ¶¶ 116, 119, 127, 234, 235, and 236 (Exhibit 10); *id.* ¶¶ 94, 116, 127, 255, 256 (Exhibit 11); *id.* ¶¶ 127, 283, 284, 285 (Exhibit 12); *id.* ¶¶ 340, 341, 343, 345, 346, 347, 348, and 349 (Exhibit 13); *id.* ¶¶ 354, 355, 356, 357 (Exhibit 14).[6] The Court should, therefore, consider these documents under the

---

[5] Plaintiffs claim that *Khoja* supports their view, but there, the complaint "did not refer to any of" the documents at issue and required the court to "engage in fact-finding." 899 F.3d at 1006. That is not this case here—the Complaint refers to the trades reflected in the Form 4s, these documents give rise to Plaintiffs' claims, and the Court need not engage in any fact-finding to consider what the documents say.

[6] *See also, e.g.*, *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592-93 (N.D. Cal. 2019) ("transcripts of earnings calls … that the [complaint] alleges contained materially false statements or corrective disclosures" are incorporated by reference); *McGovney v. Aerohive*

REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI

Gibson, Dunn & Crutcher LLP

incorporation-by-reference doctrine, notwithstanding Plaintiffs' argument concerning judicial notice. And the Court is entitled to "treat[] [these] documents as though they are part of the complaint" and to generally assume their truth "for purposes of a motion to dismiss." *See Khoja*, 899 F.3d at 1002-03.

It is also routine for courts in this Circuit to take judicial notice of transcripts of earnings calls because they are publicly available documents whose accuracy cannot reasonably be questioned. *See* RJN at 3 (citing cases). Plaintiffs claim these documents cannot be judicially noticed for the "truth of the statements contained in their documents because those facts are subject to reasonable dispute." RJN Opp. at 6-7. But no *factual* disputes exist.

Plaintiffs also strain to argue that judicial notice would be inappropriate because Defendants cite certain documents to support their arguments. Plaintiffs argue that Defendants cite Exhibits 6, 7, 9 and 10-12 to support the "argument" that forward-looking "statements were accompanied by meaningful cautionary language" and that the statements show Defendants' "expectations and belief." RJN Opp. at 7. But, Defendants' argument that the documents *contain certain language* has *nothing* to do with the truth of the matters asserted. *See supra* p. 3. Plaintiffs make a similar argument concerning Exhibit 8, but that is not a reason to disallow judicial notice. Plaintiffs' disagreement with Defendants' arguments based on these statements says nothing about whether the document meets the standards for judicial notice. *Sarmiento*, 2019 WL 634643, at *5 (judicial notice when no dispute document "says what it says"). This is particularly true for Exhibits 13 and 14, which Plaintiffs do not allege contain any false or misleading statements. *See* AC ¶¶ 339-61 (characterizing statements from the third and four quarters of 2019 as "the relevant truth").[7] Defendants are permitted to seek judicial notice of what the documents say.

[Footnote continued from previous page]
*Networks, Inc.*, 2019 WL 8137143, at *7-8 (N.D. Cal. Aug. 7, 2019) (same); *Iron Workers Local*, 2020 WL 1244936, at *5 (same).

7 Plaintiffs (RJN Opp. at 7-8) rely on *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *5 (C.D. Cal. Dec. 11, 2018), but that case is inapposite; there, the court declined to take judicial notice of a conference call transcript because "it was unclear from the transcript what specific facts had been disclosed during the relevant call" and the transcript was not authenticated. That is not this case here.

Gibson, Dunn &
Crutcher LLP

### 3.      HP's Shareholder/Analyst Meeting Transcripts and Presentation, (Exs. 15-18)

Plaintiffs do not dispute that the Complaint incorporates HP's shareholder/analyst meeting transcripts and presentation by reference. *See* RJN at 4. Plaintiffs repeatedly cite these documents, and they form the basis of Plaintiffs' claims. *See* AC ¶¶ 92, 100, 113, 126, 204, 205, 206, 207, 208, and 209 (Exhibit 15); *id.* ¶¶ 47, 120, 270, 271, 272, 273, 275, and 276 (Exhibit 16); *id.* ¶¶ 103 and 274 (Exhibit 17); *id.* ¶¶ 362, 363, and 364 (Exhibit 18). The Court should consider these documents under the incorporation-by-reference doctrine, notwithstanding Plaintiffs' argument concerning judicial notice.

Judicial notice of Exhibits 15 through 18 also is appropriate because they are publicly available documents and thus are matters of public record not subject to reasonable dispute. *See* RJN at 4. Plaintiffs' sole objection is that Defendants use these exhibits "to argue that their purportedly forward-looking statements were accompanied by cautionary language and that such language was meaningful." RJN Opp. at 8. For the reasons stated above, this argument is not a basis to reject Defendants' request for judicial notice. *See supra* p. 3.

### 4.      HP's Conference Presentation Transcripts (Exs. 19-23)

Plaintiffs also do not dispute that the Complaint incorporates HP's conference presentation transcripts by reference. *See* RJN at 4. Plaintiffs repeatedly cite these exhibits, and these documents form the basis of Plaintiffs' claims. *See* AC ¶ 230 (Exhibit 19); *id.* ¶¶ 89, 119, 247, 248, 249, 250, and 302 (Exhibit 20); *id.* ¶ 262 (Exhibit 21); *id.* ¶¶ 50, 107, 120, 265 and 298 (Exhibit 22); *id.* ¶¶ 121, 290 and 325 (Exhibit 23). The Court should consider these documents under the incorporation-by-reference doctrine, notwithstanding Plaintiffs' arguments concerning judicial notice.

Judicial notice of Exhibits 19 through 23 also is appropriate because they are publicly available documents and thus are matters of public record not subject to reasonable dispute. *See* RJN at 4. Plaintiffs object claiming Defendants use these exhibits to argue that "Defendants in 'good faith' cautioned investors that they 'could not guarantee its projections, and that the Company's 'positive growth would continue.'" RJN Opp. at 9 (citing Defs' Mot. to Dismiss at 24, n.12). But those quoted statements are pure argument from Defendants' motion to dismiss and do not come from any exhibit. *City of Miami*, 302 F. Supp. 3d at 1033, n.1; *Bos. Ret. Sys. v. Uber Techs., Inc.*,

Gibson, Dunn &
Crutcher LLP

2020 WL 4569846, at *2-3 (N.D. Cal. Aug. 7, 2020) (rejecting arguments against judicial notice that go to "the substance" of a motion to dismiss, "not the admissibility of evidence").  Plaintiffs also invoke their argument about cautionary language, but that fails for reasons stated above.  *See supra* p. 3.

**B.      The Court Should Deny Plaintiffs' Request For Judicial Notice**

The only improper request for judicial notice is Plaintiffs' request that the Court judicially notice an agreement between the SEC and HP—executed months after the Complaint was filed concerning events that pre-date the putative class period.  *See* Robinson Decl, Ex. 1.  Plaintiffs plainly seek to enter this agreement for the truth of the matters asserted therein.  *See* Opp. to Defs. Mot. to Dismiss at 6 (using the document to attribute certain conduct and intent to HP and its officials).  On the face of the agreement, the allegations contained in the agreement are disputed—it is not signed by any Individual Defendant and states that it is "not binding on any other person or entity in this or any other proceeding."  *See* Robinson Decl., Ex. 1 at 2, n.1.  There is no basis, and Plaintiffs' offer none, for this Court to consider the SEC agreement for the truth of the matters contained in that document.  Accordingly, the Court should deny Plaintiffs' request for judicial notice for what it is: an improper amendment by way of opposition.  *Perez v. JPMorgan Chase Bank, N.A.*, 2020 WL 2515950, at *5 (C.D. Cal. May 8, 2020).

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1 through 23 under the doctrines of incorporation by reference and/or judicial notice, and deny Plaintiffs' request for judicial notice.

Gibson, Dunn &
Crutcher LLP

DATED:  January 20, 2021

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Brian M. Lutz*
BRIAN M. LUTZ (SBN 255976)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306
blutz@gibsondunn.com

LISSA M. PERCOPO
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.887.3770
Facsimile:  202.530.9528
LPercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415.772.1200
sbrody@sidley.com

*Attorneys for Defendants HP Inc., Dion J.
Weisler, Catherine A. Lesjak, Steven J. Fieler,
Enrique Lores, and Christoph Schell*

REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260-SI

Gibson, Dunn &
Crutcher LLP