**GIBSON, DUNN & CRUTCHER LLP**
BRIAN M. LUTZ, SBN 255976
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306
blutz@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.887.3770
Facsimile: 202.530.9528
lpercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415.772.1200
sbrody@sidley.com

*Attorneys for Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores*

*Additional counsel on following page*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><br>Date Action Filed: February 19, 2020 |

Gibson, Dunn &
Crutcher LLP

REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260

**WILSON SONSINI GOODRICH & ROSATI**
STEVEN SCHATZ, SBN 118356
650 PAGE MILL ROAD
PALO ALTO, CA 94304-1050
Telephone:  650.320.4856
SSchatz@wsgr.com

KATHERINE HENDERSON, SBN 242676
ONE MARKET PLAZA
SPEAR TOWER, SUITE 3300
SAN FRANCISCO, CA 94105-1101
Telephone:  415.947.2065
khenderson@wsgr.com

*Attorneys for Defendant Catherine A. Lesjak*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants HP Inc. ("HP" or the "Company"), Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores (the "Individual Defendants") (HP and the Individual Defendants, together, "Defendants"), respectfully request that the Court take judicial notice of Exhibits 1-2, 4-16 attached to the accompanying Declaration of Lissa M. Percopo (the "Percopo Declaration") in support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("AC") for Violations of the Federal Securities Laws ("Motion to Dismiss"), filed concurrently herewith.

## I.    DISCUSSION

When ruling on a motion to dismiss, courts may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  The incorporation-by-reference doctrine permits the Court to consider documents that a complaint refers "extensively to" or that "form[] the basis of the plaintiff's claim." *Id.* at 1002 (quotation marks omitted).  This doctrine extends to documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  The Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or (3) not subject to reasonable dispute. *See* Fed. R. Evid. 201(b).  Proper subjects of judicial notice on a motion to dismiss include "matters of public record." *Khoja*, 899 F.3d at 999 (internal quotation marks omitted).

**A.  HP's SEC Filings, (Exs. 1-2, 4-5)**

Exhibits 1 and 2 are excerpts of HP's annual reports on Form 10-K for the fiscal years ending on October 31, 2016 and October 31, 2017.  Exhibits 4 and 5 are compilations of statements of beneficial ownership of securities on Form 4 filed by HP with the Securities and Exchange Commission ("SEC") on behalf of Messrs. Weisler and Lores.

Gibson, Dunn & Crutcher LLP

1

REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260

The Court has already taken judicial notice of HP's filings with the SEC, including excerpts of Exhibits 1 and 2, and Exhibits 4 and 5. *See* Order Granting Defs.' Mot. Dismiss (ECF No. 83) (2021 WL 1056549) ("Op."), 5 (citing cases). The Court should apply the same reasoning here.

Judicial notice of Exhibits 1-2 and 4-5 is appropriate because these documents are public filings, and thus matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also, e.g.*, *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (taking judicial notice of SEC filings); *In re Facebook, Inc. Sec. Litig.*, 2020 WL 4569443, at *17 (N.D. Cal. Aug. 7, 2020) (same); *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (taking judicial notice of SEC filings, including Form 4 that "is a publicly filed SEC document that is expressly referenced in the [complaint]"); *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 & n.5 (N.D. Cal. 2017) (taking judicial notice of SEC filings).

The Court may also consider these exhibits under the incorporation-by-reference doctrine. *See, e.g., Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (incorporating by reference SEC filings that "constitute the subject matter of the claim"); *Khoja*, 899 F.3d at 1002; *Iron Workers*, 2020 WL 1244936, at *5-6 (considering SEC filings when "plaintiff refers extensively to the document[s] [and] the document[s] form[] the basis of the plaintiff's claim") (quotation marks omitted). The AC explicitly refers to and relies on HP's 2016 and 2017 Form 10-Ks, *see* AC ¶¶ 155, 166, 347, 350-53, 504-05, and Messrs. Weisler's and Lores's trading history, *see id.* ¶¶ 515-20—information necessarily drawn from their Form 4s—to "form[] the basis" of Plaintiffs' claims. *Khoja*, 899 F.3d at 1002 (quotation marks omitted); *see also Iron Workers*, 2020 WL 1244936, at *6.

## B. HP's Quarterly Earnings Call Transcripts, (Exs. 6-12)

Exhibit 6 is a transcript of HP's Third Quarter 2017 Earnings Conference Call, which is referenced and relied upon in paragraphs 45-46, 160, 232, 328-30, and 411-15. Exhibit 7 is a transcript of HP's First Quarter 2018 Earnings Conference Call, which is referenced and relied upon in paragraphs 45-46, 203, 205, 233-34, 385-87, 424-25, and 427. Exhibit 8 is a transcript of HP's Second Quarter 2018 Earnings Conference Call, which is referenced and relied upon in paragraphs 45-46, 159, 338-41, 388, and 392. Exhibit 9 is a transcript of HP's Third Quarter 2018 Earnings Conference Call, which is referenced and relied upon in paragraphs 47, 176, 342, and 390-92.

Gibson, Dunn & Crutcher LLP

Exhibit 10 is a transcript of HP's Fourth Quarter 2018 Earnings Conference Call, which is referenced and relied upon in paragraphs 47, 203, 205, 343-45, and 396-99. Exhibit 11 is a transcript of HP's First Quarter 2019 Earnings Conference Call, which is referenced and relied upon in paragraphs 163, 239-40, 243-47, 484-85, 488-90, and 527-38. Exhibit 12 is a transcript of HP's Third Quarter 2019 Earnings Conference Call, which is referenced and relied upon in paragraphs 253-56, and 543-47.

This Court has also already taken judicial notice of excerpts of Exhibits 6 through 12, and should reach the same conclusion here. *See* Op. 5 (citing cases).

This Court may consider Exhibits 6 through 12 under the incorporation-by-reference doctrine. The AC extensively references these documents and necessarily relies on Exhibits 6 through 10 to allege that they contain false and misleading statements, and on Exhibits 11 through 12 to allege that certain challenged statements were later corrected. *See Khoja*, 899 F.3d at 1002-03; *Iron Workers*, 2020 WL 1244936, at *5-6 (considering earnings call transcripts and conference presentation that plaintiffs "allege contain false and/or misleading statements for the purpose of determining what was disclosed to the market").

Judicial notice of Exhibits 6 through 12 is also appropriate because they are publicly available documents and thus are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also, e.g., In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (taking judicial notice of earning calls transcript); *In re Facebook, Inc.*, 2020 WL 4569443, at *17 (taking judicial notice of earnings calls and shareholder meetings); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[T]ranscripts of conference earnings calls are judicially noticeable because they are matters of public record.").

**C. HP's Printing Update And Shareholder/Analyst Meeting Transcripts, (Exs. 13-14)**

Exhibit 13 is a transcript of the June 21, 2016 Printing Update Conference Call, which is referenced and relied upon in paragraphs 106-18, 457-58, 464, and 480. Exhibit 14 is a transcript of the October 3, 2019 HP Shareholder/Analyst Call Transcript, which is referenced and relied upon in paragraphs 261-62, 264-66, 268, and 552-59. The Court has also already taken judicial notice of excerpts of Exhibit 14, and should reach the same conclusion here. *See* Op. 5.

Gibson, Dunn & Crutcher LLP

The Court may also consider Exhibits 13 and 14 under the incorporation-by-reference doctrine.  The AC repeatedly references and necessarily relies on them to "form[] the basis" of Plaintiffs' claim that the Individual Defendants intentionally made false and misleading statements throughout the purported class period.  *Khoja*, 899 F.3d at 1002; *see also Iron Workers*, 2020 WL 1244936, at \*6.  Additionally, the Court may take judicial notice of Exhibits 13 and 14 because they are publicly available documents and thus are matters of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *In re Facebook*, 2020 WL 4569443, at \*17.

**D.  HP's Conference Presentation Transcripts (Exs. 15-16)**

Exhibit 15 is a transcript of HP's presentation at the February 28, 2019 Morgan Stanley Technology Media & Telecom Conference.  Exhibit 16 is a transcript of HP's presentation at the May 30, 2019 Sanford C. Bernstein Strategic Decisions Conference, which is referenced and relied on in paragraphs 163, 251, and 489.

The Court may also consider these documents under the judicial notice and incorporation-by-reference doctrine.  Judicial notice of Exhibits 15 through 16 is appropriate because they are publicly available documents and thus are matters of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *see also* Op. 5 & n.1 (taking judicial notice of publicly available conference presentations).  Moreover, the Complaint necessarily relies on these documents to claim that certain challenged statements were later corrected, thereby "form[ing] the basis" of Plaintiffs' claims.  *See Khoja*, 899 F.3d at 1002 (quotation marks omitted); *Iron Workers*, 2020 WL 1244936, at \*5-6.

Gibson, Dunn & Crutcher LLP

4

REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260

## II.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1-2, 4-16 to the Percopo Declaration to the extent they are relied on in Defendants' Motion to Dismiss, and consider Exhibits 1-2, 4-16 as incorporated by reference.

DATED:  June 4, 2021

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Brian M. Lutz*
BRIAN M. LUTZ (SBN 255976)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306
blutz@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.887.3770
Facsimile: 202.530.9528
LPercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415.772.1200
sbrody@sidley.com

*Attorneys for Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores*

By: */s/ Steven Schatz*
**WILSON SONSINI GOODRICH & ROSATI**
STEVEN SCHATZ, SBN 118356
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  650.320.4856
SSchatz@wsgr.com

KATHERINE HENDERSON, SBN 242676
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1101
Telephone:  415.947.2065
khenderson@wsgr.com

*Attorneys for Defendant Catherine A. Lesjak*

Gibson, Dunn & Crutcher LLP