**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiff Iron Workers Local 580*
*Joint Funds and Co-Lead Counsel for the Class*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
STACEY M. KAPLAN (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

*Counsel for Lead Plaintiff the State of Rhode*
*Island, Office of the General Treasurer, on behalf of*
*the Employees' Retirement System of Rhode Island*
*and Co-Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | **LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | Date: July 30, 2021<br>Time: 10:00 a.m.<br>Location: Courtroom 1, 17th Floor<br>Judge: Hon. Susan Illston<br>Date Action filed: February 19, 2020 |

Lead Plaintiffs the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island ("Rhode Island") and Iron Workers Local 580 Joint Funds ("Iron Workers" and together with Rhode Island, "Lead Plaintiffs") hereby oppose Defendants' Request for Judicial Notice (the "Request," ECF No. 93) for Exhibits 1-2 and 4-16 (the "Exhibits"), attached to the Declaration of Lissa M. Percopo (the "Percopo Declaration," ECF No. 94) in Support of Defendants' Motion to Dismiss the Amended Complaint (the "Motion to Dismiss" or "Mot.," ECF No. 92).

## ARGUMENT

Lead Plaintiffs request that the Court decline to consider any Exhibit for its truth even if the Court judicially notices any of the Exhibits or finds that any Exhibit is incorporated by reference into the Complaint. As Defendants did in connection with the Motion to Dismiss the Complaint (ECF No. 49), they ask the Court to take judicial notice of exhibits comprised of excerpts of HP's SEC filings and call transcripts. Lead Plaintiffs acknowledge that the Court has already ruled on a majority of Defendants' requested exhibits. *See* ECF No. 83 ("Order" or "Op.") at 5. However, because judicially noticed documents cannot be properly considered for their truth, Lead Plaintiffs request that the Court, consistent with its prior Order, decline to do so here as well. Moreover, because the Exhibits that are incorporated by reference cannot be properly considered for their truth if they serve only to dispute a plaintiff's well-pled allegations, the Court should decline to consider any Exhibit for its truth even if it finds an Exhibit is incorporated by reference.

## I.    LEGAL STANDARD

### A.    Judicial Notice

Under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (citing Fed. R. Evid. 201(b)). While courts may include in their review of a Rule 12(b)(6) motion to dismiss matters over which they "may take judicial notice," *In re Rigel Pharms. Inc., Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012), "[j]ust because the document is susceptible to judicial notice

does not mean that every assertion of fact within that document is judicially noticeable for its truth," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  A court may not take judicial notice of a fact that is subject to reasonable dispute without converting the motion to dismiss into a Rule 56 motion for summary judgment and giving "both parties . . . the opportunity 'to present all material that is pertinent to the motion.'" *Id.* at 998; *Lee v. City of Los Angeles*, 250 F. 3d 668, 690 (9th Cir. 2001) (reversing district court's decision to take judicial notice over "disputed facts stated in public records" to support its ruling and its failure to "draw all reasonable inferences from plaintiff's allegations.").

### B.    Incorporation-By-Reference

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself," particularly where those documents "form[] the basis of the plaintiff's claims" or where plaintiffs reference them "extensively" throughout their complaint. *Khoja*, 899 F.3d at 1002. The doctrine is intended to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those documents that weaken" their claims. *Id.* Critically, however, the doctrine also exists to prevent *defendants* from arguing that certain documents "form[] the basis of the plaintiff's claims"—despite plaintiff's not referencing or identifying those documents in their complaint—in order to put extrinsic documents before the court and to assert improper defenses to plaintiff's claims at the motion to dismiss stage. *See id.*

## II.    DISCUSSION

### A.    HP's SEC Filings (Exs. 1-2, 4-5).

Defendants' Exhibits 1-2 and 4-5 are excerpts of HP's SEC filings. "With respect to . . . SEC filings . . . the [c]ourt may only take judicial notice of the content of these . . . filings, and the fact that they were filed with the agency." *In re Medicis Pharm. Corp. Sec. Litig.*, 689 F. Supp. 2d 1192, 1201 (D. Ariz. 2009) (internal citations and punctuation omitted). In other words, "[t]he truth of    the contents,    and    the inferences properly drawn from them    .    .    . [are] not a proper subject of judicial notice under [Federal Rule of Evidence] 201." *Id.*; *see also Ritz Camera & Image, LLC v. SanDisk Corp.*, 772 F. Supp. 2d 1100, 1109 (N.D. Cal. 2011)

("[W]hile a court may take judicial notice of the *existence* of SEC filings, it may not take judicial notice of documents for the truth of disputed facts asserted therein.") (emphasis in original). [1] The Court previously declined to "take judicial notice of the truth of the contents" of these documents (Op. at 5) and should decline to do so again here.

The same result should obtain even if the Court finds that these documents are incorporated by reference—a proposition supported by Defendants' cited cases. *See Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (SEC filings that "constitute the subject matter of the claim" considered "for the sole purpose of determining what representations [defendants] made to the market."); *Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."). As such, the Court should decline to consider Exhibits 4 and 5 to the extent Defendants argue their stock sales were made to satisfy tax obligations (*see* Mot. at 37)—a fact that serves only to dispute Lead Plaintiffs' well-pled allegations that Defendants' stock sales were suspicious (*see* ECF No. 89 ¶¶515-522)—and should only consider these Exhibits, as well as Exhibits 1 and 2, for their existence.

**B.    HP's Quarterly Earnings Call, Shareholder/Analyst Meeting, and Presentation Transcripts (Exs. 6-16)**

Further, Exhibits 6-12 are excerpts of HP's earnings call transcripts; Exhibits 13-14 are transcripts of meetings with shareholders and analysts; and Exhibits 15-16 are transcripts from presentations Defendants made. As with Defendants' SEC filings, transcripts, *i.e.*, Exhibits 6-16, cannot be used to establish a disputed factual matter or to support any argument about Defendants' intent. *In re LeapFrog Enterprises, Inc. Sec. Litig.*, 527 F. Supp. 2d 1033, 1042 (N.D. Cal. 2007)

---

[1] Defendants' cited cases do not find to the contrary. For instance, Defendants cite *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980 (N.D. Cal. Aug. 7, 2020) for the proposition that the Court can take judicial notice of SEC filings. However, in an earlier opinion in the same action, Judge Davila expressly noted that his grant of judicial notice as to Forms 4 filed with the SEC was "limited to a showing only that a Rule 10b5-1 plan existed . . . not that this plan confined Defendants' trading discretion." *In re Facebook, Inc. Secs. Litig.*, 405 F. Supp. 3d 809, 828-29 (N.D. Cal. 2019) (citing *Khoja* and "agree[ing] with plaintiff's contention that judicial notice is confided to recognizing *only* that a 10b5-1 trading plan existed").

("By granting defendants' request for judicial notice [for earnings call transcripts], the court does not purport to accept defendants' interpretation of the matters therein."); *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *5 (C.D. Cal. Dec. 11, 2018) (Denying judicial notice "of certain . . . conference calls and presentation records to establish what investors knew about [defendant's] intent to recapitalize prior to its issuance of a stock offering.").

Even if the Court finds these Exhibits are incorporated by reference, the Exhibits should not be considered for their truth to the extent that they serve to dispute Lead Plaintiffs' well-pled allegations. *See Khoja*, 899 F.3d at 1003. Lead Plaintiffs therefore request that the Court decline to consider these Exhibits to the extent Defendants invoke them to support arguments regarding Defendants' state of mind. *See, e.g.*, Mot. at 8 (citing Exhibit 11 to support the notion that "new information came as a 'surprise'" to Defendants and that the Four Box Model's "flawed assumptions 'made it very difficult to spot [a] buying behavior change as a trend.'"). Because Lead Plaintiffs allege that Defendants knew during the Class Period that excess Supplies were being pushed into the channel far above demand (*see, e.g.*, ECF No. 89 ¶¶435-514), these allegations serve only to dispute Lead Plaintiffs' theory of the case. Similarly, the Court should ignore Defendants' argument that Exhibits 8, 9, and 10 support the notion that "HP's pull model delivered an increase in Supplies revenue" (Mot. at 7), an argument that serves to dispute Lead Plaintiffs' well-pled allegations that it was Defendants' practice of pushing excess inventory into the channel that was responsible for the purported increase in Supplies revenue. These Exhibits should be considered only to establish that certain statements were made rather than to establish the fact of those statements, as Defendants improperly urge.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Exhibits should be considered only to the extent the Court wishes to take judicial notice of the existence of those documents, and the Court should decline to consider any Exhibit for the truth of the facts contained in any document.

Dated:  June 25, 2021

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

**KESSLER TOPAZ MELTZER &
  CHECK, LLP**

*/s/ Jeremy P. Robinson*

*/s/ Jennifer L. Joost*

JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:  (310) 819-3470

JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
STACEY M. KAPLAN (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Tel:  (415) 400-3000
Fax:  (415) 400-3001

-and-

JOHN J. RIZIO-HAMILTON (admitted *pro hac vice*)
(johnr@blbglaw.com)
JEREMY P. ROBINSON (admitted *pro hac vice*)
(jeremy@blbglaw.com)
ALEXANDER T. PAYNE (admitted *pro hac vice*)
(alex.payne@blbglaw.com)
BENJAMIN W. HOROWITZ
(admitted *pro hac vice*)
(will.horowitz@blbglaw.com)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel:  (212) 554-1400
Fax:  (212) 554-1444

-and-

GREGORY M. CASTALDO
(gcastaldo@ktmc.com) (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA  19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056

*Counsel for Lead Plaintiff the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island and Co-Lead Counsel for the Class*

*Counsel for Lead Plaintiff Iron Workers Local 580 Joint Funds and Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Jeremy P. Robinson, declare as follows:

I am employed in the County of New York, State of New York, I am over the age of eighteen years and am not a party to this action; my business address is 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, in said County and State.

I hereby certify that on June 25, 2021, the foregoing **LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by the operation of the Court's electronic filing systems.

Dated: June 25, 2021                     */s/ Jeremy P. Robinson*
                                               Jeremy P. Robinson