**GIBSON, DUNN & CRUTCHER LLP**
BRIAN M. LUTZ, SBN 255976
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306
blutz@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539
lpercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415.772.1200
sbrody@sidley.com

*Attorneys for Defendants HP Inc., Dion J.*
*Weisler, Catherine A. Lesjak, Steven J. Fieler,*
*and Enrique Lores*

*Additional counsel on following page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | CASE NO. 3:20-cv-01260-SI |
| | **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS, AND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE** |
| | Date:          August 13, 2021 |
| | Time:          10:00 A.M. |
| | Location:    Courtroom 1, 17th Floor |
| | Judge:        Hon. Susan Illston |
| | Date Action Filed:    February 19, 2020 |

**WILSON SONSINI GOODRICH & ROSATI**
STEVEN SCHATZ, SBN 118356
650 PAGE MILL ROAD
PALO ALTO, CA 94304-1050
Telephone:  650.320.4856
SSchatz@wsgr.com

KATHERINE HENDERSON, SBN 242676
ONE MARKET PLAZA
SPEAR TOWER, SUITE 3300
SAN FRANCISCO, CA 94105-1101
Telephone:  415.947.2065
khenderson@wsgr.com

*Attorneys for Defendant Catherine A. Lesjak*

Gibson, Dunn &
Crutcher LLP

# I.    REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

There is no dispute that the exhibits submitted with Defendants' Motion to Dismiss are incorporated by reference into Plaintiffs' Amended Complaint. Plaintiffs concede this. Indeed, "Plaintiffs acknowledge that the Court has already ruled on a majority of Defendants' requested exhibits." RJN Opp. 1. Because each of the documents are incorporated by reference, there is no risk that Defendants seek to expand the record and that risk is further mitigated by the fact that these documents are all publicly available and therefore not solely in the possession of Defendants.

Despite admitting that all documents are incorporated by reference and properly before the Court, Plaintiffs argue that the Court should not consider the incorporated documents for their truth where Defendants' exhibits "serve only to dispute a plaintiff's well-pled allegations." RJN Opp. 2. This argument is unnecessary, because Defendants submit these documents to show the Court what they say. This is permissible and shows simply that Plaintiffs are "omitting portions [of documents] … that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[A]lleged false statements 'must be analyzed in context.'"). In any event, to the extent these documents merely contradict Plaintiffs' conclusory assertions, that is no reason for the Court to decline to consider them for their truth. *Eventbrite*, 2020 WL 2042078, at *7.

For example, Plaintiffs' argument that the Court should decline to consider the fact that Exhibits 4 and 5 indicate that certain stock sales were made to satisfy tax obligations fails. RJN Opp. 3. Plaintiffs argue that the Court should not consider this information because it disputes Plaintiffs' conclusory assertion that "Defendants' stock sales were suspicious." *Id.* That conclusory assertion is not a basis for preventing the Court from considering the substance of these documents. *See Eventbrite*, 2020 WL 2042078, at *7. Courts regularly consider Form 4s for their "truth" where, as here, plaintiffs rely on these documents "to support a scienter inference." *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (quotation marks omitted).

Similarly, Plaintiffs argue that Defendants improperly seek to have the Court consider the truth of statements made in certain transcripts, *see* RJN Opp. 4, but Plaintiffs' argument makes clear they are trying to prevent the Court from looking at the full context of statements Plaintiffs themselves cite.

1
DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
Case No. 3:20-cv-01260

*See id.* (arguing Defendants cannot use full transcripts to undermine Plaintiffs' arguments that "Defendants knew during the Class Period that excess Supplies were being pushed into the channel far above demand" and "it was Defendants' practice of pushing excess inventory into the channel that was responsible for the purported increase in Supplies revenue") (citing *Khoja*, 899 F.3d at 1003). Plaintiffs' reliance on *Khoja* is unfounded as it does not prevent a defendant from using judicial notice or incorporation by reference to create factual disputes with a plaintiff's conclusory allegations. *See Khoja*, 899 F.3d at 1003; *In re Eventbrite*, 2020 WL 2042078, at *7. Nor does it prevent the Court from analyzing a challenged statement in context. *See id*. In any event, Defendants rely on these documents simply to show the actual language used. *See, e.g.*, Ex. 15 (included to show Plaintiff's misrepresentation in the Complaint that Mr. Weisler "admitted … that HP's sales model was not truly a 'demand-driven model' until 2019" (Opp. 11-12) but the transcript of Mr. Weisler's statements shows that Plaintiffs misrepresent Mr. Weisler's statement).

## II. SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

Defendants cite one additional exhibit, Exhibit 17, in their Reply which is selectively quoted in the Complaint and Plaintiffs' Opposition and which should be considered for the same reasons as Defendants' other exhibits. Judicial notice of this exhibit is appropriate because it is a publicly available document and thus is a matter of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also* Opinion 4-5 & n.1 (taking judicial notice of publicly available presentations). This document is also incorporated by reference in the Complaint. *See* AC ¶ 456; *In re Eventbrite*, 2020 WL 2042078, at *7. Moreover, this document, like the other transcript exhibits, is used to demonstrate that Plaintiffs are "omitting portions [of documents] … that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-2, 4-17 under the doctrines of incorporation by reference and/or judicial notice.

Gibson, Dunn & Crutcher LLP

Dated: July 9, 2021

**GIBSON, DUNN & CRUTCHER LLP**

By: *Brian M. Lutz*
BRIAN M. LUTZ (SBN 255976)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306
blutz@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.887.3770
Facsimile: 202.530.9528
LPercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415.772.1200
sbrody@sidley.com

*Attorneys for Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores*

By: *Steven Schatz*
**WILSON SONSINI GOODRICH & ROSATI**
STEVEN SCHATZ, SBN 118356
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  650.320.4856
SSchatz@wsgr.com

KATHERINE HENDERSON, SBN 242676
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1101
Telephone:  415.947.2065
khenderson@wsgr.com

*Attorneys for Defendant Catherine A. Lesjak*

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: July 9, 2021                                    **GIBSON, DUNN & CRUTCHER LLP**

*/s/ Brian M. Lutz*
BRIAN M. LUTZ

Gibson, Dunn & Crutcher LLP