# Exhibit 1

Execution Copy

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| | CLASS ACTION |

This Stipulation and Agreement of Settlement dated as of March 2, 2023 ("Stipulation") is entered into between (a) the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) HP Inc. ("HP" or the "Company"), Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores (collectively, "Defendants," and together with Lead Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

---

[1]    All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

Execution Copy

WHEREAS:

A.      On February 19, 2020, a putative securities class action complaint was filed in the United States District Court for the Northern District of California ("Court"), styled *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. HP Inc., et al.*, Case No. 3:20-cv-01260-SI, on behalf of certain purchasers of HP common stock. ECF No. 1.

B.      By Order dated May 20, 2020, the Court appointed the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of the State of Rhode Island and Iron Workers Local 580 Joint Funds as Lead Plaintiffs and approved Lead Plaintiffs' selection of Kessler Topaz Meltzer & Check, LLP and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class. ECF No. 33. By the same Order, the Court ordered that the Action be captioned "*In re HP Inc. Securities Litigation*," and the file maintained under No. 3:20-cv-01260-SI.

C.      On July 20, 2020, Lead Plaintiffs filed the Complaint for Violations of the Federal Securities Laws ("Complaint"). ECF No. 35. The Complaint asserted claims under Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against Defendants. The Complaint alleged that Defendants made materially false and misleading statements to investors concerning HP's supplies business during the period between February 23, 2017 and October 3, 2019, inclusive. The Complaint further alleged that the price of HP common stock was artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed through a series of partial disclosures beginning on February 27, 2019.

D.      On October 2, 2020, Defendants moved to dismiss the Complaint. ECF No. 49. On the same day, Defendants also filed a request for judicial notice. ECF No. 50. On December 11, 2020, Lead Plaintiffs opposed Defendants' motion to dismiss and request for judicial notice (ECF Nos. 59 & 61) and filed their own request for judicial notice (ECF No. 62). On January 20, 2021, Defendants filed a reply in support of their motion to dismiss (ECF No. 70) and a response/reply to the requests for judicial notice (ECF No. 71).

E.      The Court held a hearing on Defendants' motion to dismiss the Complaint on February 5, 2021. ECF No. 74.

F.      On March 19, 2021, the Court issued an Order granting Defendants' motion to dismiss. ECF No. 83. By the same Order, the Court granted Defendants' and Lead Plaintiffs' requests for judicial notice.

2                                                      Case No. 3:20-cv-01260-SI
STIPULATION AND AGREEMENT OF SETTLEMENT

Execution Copy

The Court also provided Lead Plaintiffs until April 9, 2021 to amend the Complaint. This deadline was subsequently extended to May 3, 2021. ECF No. 87.

G.    On May 3, 2021, Lead Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint"). ECF No. 89.

H.    On June 4, 2021, Defendants moved to dismiss the Amended Complaint. ECF No. 92. On the same day, Defendants also filed a request for judicial notice. ECF No. 93. On June 25, 2021, Lead Plaintiffs opposed Defendants' motion to dismiss and request for judicial notice. ECF Nos. 97 & 98. On July 9, 2021, Defendants filed a reply in support of their motion to dismiss and a response to their request for judicial notice. ECF Nos. 101 & 102.

I.    The Court held a hearing on Defendants' motion to dismiss the Amended Complaint on September 9, 2021. ECF No. 108.

J.    On September 15, 2021, the Court issued an Order granting Defendants' motion to dismiss the Amended Complaint ("MTD Order"). ECF No. 112. On the same day, the Court issued its Judgment. ECF No. 113.

K.    On October 14, 2021, Lead Plaintiffs appealed the Court's MTD Order and Judgment to the Ninth Circuit Court of Appeals ("Ninth Circuit"). ECF No. 115. *See State of Rhode Island, et al. v. HP, Inc., et al.*, No. 21-16718 (9th Cir.). The Parties fully briefed Lead Plaintiffs' appeal and oral argument was scheduled for December 5, 2022.

L.    While Lead Plaintiffs' appeal was pending, the Parties agreed to discuss the possibility of resolving the Action. After some back-and-forth discussions, the Parties engaged Jed D. Melnick, Esq. of JAMS to assist them as a mediator. The Parties provided Mr. Melnick with letters addressing their views on liability and damages and continued to engage in settlement discussion with the assistance of Mr. Melnick. Mr. Melnick eventually issued a mediator's proposal to resolve the Action for $10.5 million, which both sides accepted on November 18, 2022.

M.    On November 28, 2022, the Parties jointly notified the Ninth Circuit that they reached an agreement in principle to resolve the Action and requested the Ninth Circuit to: (i) vacate the oral argument scheduled for December 5, 2022 and stay the pending appellate proceedings; and (ii) remand the case back

Execution Copy

to the District Court to consider preliminary and final approval of the Settlement. App. Dkt. No. 74. On November 29, 2022, the Ninth Circuit granted the Parties' request. App. Dkt. No. 75.

N.    Thereafter, the Parties memorialized their agreement in principle to settle the Action in a term sheet executed on December 20, 2022 ("Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in return for a cash payment of $10.5 million for the benefit of the Settlement Class, and contemplated the execution of a customary "long form" settlement agreement and related papers.

O.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

P.    Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive from the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by this Stipulation.

Q.    This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession

Execution Copy

on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Lead Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a. "Action" means the securities class action styled *In re HP Inc. Securities Litigation*, Case No. 20-cv-01260-SI (N.D. Cal.).

b. "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

c. "Amended Complaint" means the Amended Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on May 3, 2021.

d. "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

e. "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

f. "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

g. "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

STIPULATION AND AGREEMENT OF SETTLEMENT

Execution Copy

h. "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

i. "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

j. "Class Period" means the period between February 23, 2017 and October 3, 2019, inclusive.

k. "Complaint" means the Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on July 20, 2020.

l. "Court" or "District Court" means the United States District Court for the Northern District of California.

m. "Defendants" means HP, Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores.

n. "Defendants' Counsel" means Gibson, Dunn & Crutcher LLP, Sidley Austin LLP, and Wilson Sonsini Goodrich & Rosati.

o. "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, heirs, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

p. "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

q. "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

r. "Escrow Agent" means The Huntington National Bank.

s. "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

STIPULATION AND AGREEMENT OF SETTLEMENT

DocuSign Envelope ID: 760C1A6C-C282-49E0-B526-D0F17ED33476

Execution Copy

t.      "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

u.      "HP" or the "Company" means HP Inc.

v.      "Immediate Family" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

w.      "Individual Defendants" means Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores.

x.      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

y.      "Lead Counsel" means Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP.

z.      "Lead Plaintiffs" means the State of Rhode Island, Officer of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island and Iron Workers Local 580 Joint Funds.

aa.     "Lead Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, heirs, assignees, partnerships,

7                                      Case No. 3:20-cv-01260-SI
STIPULATION AND AGREEMENT OF SETTLEMENT

Execution Copy

partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

bb. "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for payment or reimbursement from the Settlement Fund.

cc. "Mediator" means Jed D. Melnick, Esq. of JAMS.

dd. "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

ee. "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be posted on the Settlement Website and mailed and/or emailed to Settlement Class Members upon request.

ff. "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

gg. "Officer" means an officer as that term is defined in Securities and Exchange Act Rule 16a-1(f), 17 C.F.R § 229.16a-1(f).

hh. "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

ii. "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, represented Lead Plaintiffs in the Action.

jj. "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

kk. "Postcard Notice" means the postcard notice, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Settlement Class Members.

Execution Copy

ll.     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

mm.   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

nn.     "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

oo.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or are based upon the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement.

pp.     "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action and that relate to the purchase or other acquisition of HP common stock during the Class Period. Released Plaintiffs' Claims shall not include (i) any claims asserted in the action titled *York County on behalf of the County of York Retirement Fund v. HP Inc., et al.*, Case No. 20-cv-07835-JSW (N.D. Cal.); (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who or which submits a

Execution Copy

timely and valid request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in the Notice or that is otherwise accepted by the Court.

qq.    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Lead Plaintiffs' Releasees.

rr.    "Releases" means the releases set forth in ¶¶ 5-7 of this Stipulation.

ss.    "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

tt.    "Settlement Amount" means $10,500,000 in cash.

uu.    "Settlement Class" means all persons and entities who purchased or otherwise acquired the common stock of HP between February 23, 2017 and October 3, 2019, inclusive, and were damaged thereby. Excluded from the Settlement Class are Defendants, the Officers and directors of HP at all relevant times, members of their Immediate Families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers and any affiliates or subsidiaries thereof, and any entity in which Defendants or their Immediate Families have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which submit a timely and valid request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in the Notice or that is otherwise accepted by the Court.

vv.    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

ww.    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

xx.    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

yy.    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

STIPULATION AND AGREEMENT OF SETTLEMENT

Execution Copy

zz.    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

aaa.    "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.    Solely for purposes of the Settlement, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

Execution Copy

## **PRELIMINARY APPROVAL OF SETTLEMENT**

3. Within five (5) business days of execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## **RELEASE OF CLAIMS**

4. The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

6. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Lead Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Lead Plaintiffs' Releasees.

7. Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8. In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within twenty (20) calendar days of the Court's entry of the Preliminary Approval Order and Lead Counsel's provision to HP of all documentation and information necessary to execute payment. The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees to Lead Counsel, administrative costs, expenses, Settlement Class Member benefits, Lead Plaintiff awards, and other costs associated with the Settlement. Defendants shall bear their own costs and expenses, including the costs, expenses, and fees of their counsel; the costs of providing their transfer records for purposes of notice (*see* ¶ 19 below); and the costs of providing notice under the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) (*see* ¶ 20 below).

## USE OF SETTLEMENT FUND

9. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-26 below.

10. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Lead Counsel, the Escrow Account shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the

DocuSign Envelope ID: 760C1A6C-C382-49F0-BF26-D0F17ED33476

Execution Copy

United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11.      The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.      All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

13.      The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, upon the Court's entry of the Preliminary Approval Order, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, up to $1,000,000 for Notice and Administration Costs actually incurred and paid or payable. Following the Effective Date, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, developing the Settlement Website and posting the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for searching and providing the names/addresses of prospective Settlement Class Members for noticing or forwarding the Postcard Notice directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15. Lead Counsel will apply to the Court for an award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement or payment of Plaintiffs' Counsel's Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus

DocuSign Envelope ID: 760C1A6C-C382-49E0-BF26-D0F17ED33476

Execution Copy

accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of any such reduction of the award of attorneys' fees and/or Litigation Expenses by a non-appealable order, or notice of the termination of the Settlement. Any disapproval or modification of an application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of this Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on Defendants to increase the compensation paid in connection with the Settlement. Any appeal relating to an award of attorneys' fees or expenses will not affect the finality of the Settlement, the Judgment, or the Releases provided herein.

17.    Lead Counsel shall allocate the attorneys' fees awarded by the Court among Plaintiffs' Counsel in a manner in which they, in good faith, believe reflects the contributions of each counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members, or Plaintiffs' Counsel

STIPULATION AND AGREEMENT OF SETTLEMENT

Execution Copy

in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail, and/or email, the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days after the Court's entry of the Preliminary Approval Order, Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (such as Excel) (at no cost to the Settlement Fund, Lead Plaintiffs, the Settlement Class, Plaintiffs' Counsel or the Claims Administrator) a list (consisting of names and addresses) of registered HP stockholders of record during the Class Period.

20. No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b). The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

21. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 2 to Exhibit A, or in such other plan of allocation as the Court approves).

22. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the

17                                                    Case No. 3:20-cv-01260-SI
STIPULATION AND AGREEMENT OF SETTLEMENT

Execution Copy

Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.    Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or

payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c.      Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d.      Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

STIPULATION AND AGREEMENT OF SETTLEMENT

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all of Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.     No person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

DocuSign Envelope ID: 760C1A6C-C382-49F0-BF26-D0F17ED33476

Execution Copy

30.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

31.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF**
## **DISAPPROVAL, CANCELLATION OR TERMINATION**

32.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a.    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b.    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

c.    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

d.    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

e.    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.    Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

Execution Copy

34.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a.    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

b.    Lead Plaintiffs and Defendants shall revert to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet on December 20, 2022;

c.    Neither Lead Plaintiffs nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action;

d.    The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38 and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

e.    Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.    It is further stipulated and agreed that Defendants, provided they unanimously agree, and Lead Plaintiffs shall have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty

22                    Case No. 3:20-cv-01260-SI
STIPULATION AND AGREEMENT OF SETTLEMENT

(30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.    In addition to the grounds set forth in ¶ 35 above, HP shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in the Parties' confidential supplemental agreement ("Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

37.    Lead Plaintiffs shall also have the option to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel, unless the entire Settlement Amount is deposited into the Escrow Account within five (5) business days after Lead Counsel have provided such written notice.

### NO ADMISSION OF WRONGDOING

38.    Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be

approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b. shall be offered against any of the Lead Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Lead Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c. shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

provided, however, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

Execution Copy

## **MISCELLANEOUS PROVISIONS**

39.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    Each Defendant warrants, as to the payments made or to be made on behalf of himself, herself or itself only, that at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34(e) above.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Lead Plaintiffs and Defendants agree that they shall not assert any claims of any violations of Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), and the proposed Judgment will contain a statement to reflect their compliance with Rule 11. The Parties agree that the amounts paid and the other terms of the Settlement

were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed D. Melnick, Esq. of JAMS, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.    Lead Plaintiffs and Lead Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. For the avoidance of doubt, Defendants and their counsel retain the right to deny that the claims asserted in the Action were meritorious.

44.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

45.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

Execution Copy

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate the Settlement shall be governed by the internal laws of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall be interpreted in a neutral manner and shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

STIPULATION AND AGREEMENT OF SETTLEMENT

Execution Copy

If to Lead Plaintiffs or Lead Counsel:    Kessler Topaz Meltzer & Check, LLP
Attn: Jennifer L. Joost, Esq.
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Email: jjoost@ktmc.com

-and-

Bernstein Litowitz Berger & Grossmann LLP
Attn:   Jeremy P. Robinson, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
Email:  jeremy@blbglaw.com

If to Defendants:    Gibson, Dunn & Crutcher LLP
Attn: Brian M. Lutz, Esq.
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8379
Email: blutz@gibsondunn.com

-and-

Wilson Sonsini Goodrich & Rosati
Attn: Steven Schatz, Esq.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 320-4856
sschatz@wsgr.com

57.    Except as otherwise provided herein, each Party shall bear its own costs.

58.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

59.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is

28                                  Case No. 3:20-cv-01260-SI
STIPULATION AND AGREEMENT OF SETTLEMENT

any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 2, 2023.

**KESSLER TOPAZ MELTZER & CHECK, LLP**

Jennifer L. Joost, Esq.
Stacey M. Kaplan, Esq.
One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone: (415) 400-3000

-and-

Gregory M. Castaldo, Esq.
Evan R. Hoey, Esq.
280 King of Prussia Rd.
Radnor, PA  19087
Telephone: (610) 667-7706

*Counsel for Lead Plaintiff the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island and Co-Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

John J. Rizio-Hamilton, Esq.
Jeremy P. Robinson, Esq.
Alexander T. Payne, Esq.
Benjamin W. Horowitz, Esq.
1251 Avenue of the Americas
New York, NY  10020
Telephone: (215) 554-1400

Execution Copy

*Counsel for Lead Plaintiff Iron Workers Local 580 Joint Funds and Co-Lead Counsel for the Settlement Class*

March 2, 2023

**GIBSON, DUNN & CRUTCHER LLP**

_[signature: Brian M. Lutz]_

Brian M. Lutz, Esq.
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200

-and-

Lissa M. Percopo, Esq.
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500

-and-

Sara B. Brody, Esq.
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1279

*Counsel for Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores*

**WILSON SONSINI GOODRICH & ROSATI**

DocuSigned by:

_[signature: Steve Schatz]_
51CA48BE8CE543A...

Steven Schatz, Esq.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

-and-

Katherine Henderson, Esq.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1101
Telephone: (415) 947-2000

*Counsel for Defendant Catherine A. Lesjak*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| | CLASS ACTION |

WHEREAS, the above-captioned action is pending in this Court ("Action");

WHEREAS, (a) the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and (b) HP Inc. ("HP" or the "Company"), Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated March 2, 2023 ("Stipulation"), subject to the approval of this Court ("Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and directing notice of the Settlement to Settlement Class Members as more fully described herein;

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to retain the Claims Administrator (as defined below) to provide notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all persons and entities who purchased or otherwise acquired the common stock of HP between February 23, 2017 and October 3, 2019, inclusive ("Class Period"), and were damaged thereby. Excluded from the Settlement Class are Defendants, the Officers and directors of HP at all relevant times, members of their Immediate Families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers and any affiliates or subsidiaries thereof, and any entity in which Defendants or their Immediate Families have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which submit a timely and valid request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in the Notice or that is otherwise accepted by the Court.

2.     **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

**EXHIBIT A**

and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to appoint Lead Plaintiffs as Class Representatives for the Settlement Class and to appoint Lead Counsel Kessler Topaz Meltzer & Check, LLP and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a hearing ("Settlement Hearing") on _____ __, 2023 at __:__ _.m._ at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be appointed as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the website to be developed for the Settlement, www.HPSecuritiesSettlement.com, as referenced in paragraph 7(c) of this Order. Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement website for any change in date, time, or format of the hearing.

7.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd. ("Claims Administrator") to supervise and administer the notice procedure in connection with the Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)    Defendants shall make reasonable efforts to provide to the Claims Administrator in electronic format, such as Excel, at no cost to the Settlement Fund, Lead Plaintiffs, the Settlement Class, Plaintiffs' Counsel, or the Claims Administrator, a list (consisting of names and addresses) of registered HP stockholders of record during the Class Period, within five (5) business days of the date of entry of this Order;

(b)    not later than twenty (20) business days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Defendants, or who otherwise may be identified through further reasonable effort, and shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 4, respectively (together, the "Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(c)    contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on the website to be

developed for the Settlement, www.HPSecuritiesSettlement.com, from which copies of the Notice and Claim Form can be downloaded. In addition, the Claims Administrator will mail a copy of the Notice Packet to any person who makes such a request;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, Summary Notice, and Claim Form, attached hereto as Exhibits 1, 2, 3 and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice and Notice Packet, the posting of the Notice and Claim Form on the Settlement Website, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed and/or emailed, posted and published, respectively.

9.      **Nominee Procedures** – Nominees who purchased or otherwise acquired HP common stock during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and e-mail addresses (if available), of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.10 per mailing record provided to the Claims Administrator; $0.50 per unit for each Postcard Notice actually mailed, which amount includes postage; and $0.10 per Postcard Notice sent via email. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.      **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b). Any delay by Defendants in serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

11.      **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred (100) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing

late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by the Claims Administrator with supervision by Lead Counsel as necessary; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claims may be accepted for processing as set forth in paragraph 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed such that it is received no later than twenty-one (21) calendar

**EXHIBIT A**

days prior to the Settlement Hearing, to: *HP Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re HP Inc. Securities Litigation*, Case No. 3:20-cv-01260-SI (N.D. Cal.)"; (iii) state the number of shares of HP common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on February 23, 2017 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Copies of all requests for exclusion from the Settlement Class received by the Claims Administrator shall be provided to Lead Counsel and Defendants' Counsel on a rolling basis within three (3) business days of receipt and no later than fourteen (14) calendar days prior to the Settlement Hearing.

15.    Any person or entity who or that timely and validly requests exclusion from the Settlement Class in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment from the Net Settlement Fund.

16.    Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may appear at the Settlement Hearing at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by sending a letter to the Court, at the address set forth in paragraph 18 below, stating his, her, or its intent to appear at the Settlement Hearing, such that the letter is filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. If a Settlement Class Member intends to have counsel appear on his, her, or its behalf at the Settlement Hearing, the letter must identify all attorneys who will appear on the Settlement Class Member's behalf and the attorneys must send a notice of their intent to appear. Otherwise, Settlement Class Members will be represented by Lead Counsel.

18.    Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court. All written objections and supporting papers must: (i) clearly identify the case name and number (*In re HP Inc. Securities Litigation*, Case No. 3:20-cv-01260-SI (N.D. Cal.); (ii) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California, or by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102; and (iii) be filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing.

19.    Any objections, filings, and other submissions by the objecting Settlement Class Member also must: (i) identify the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of HP common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on February 23, 2017 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who intend to appear and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.      Any Settlement Class Member who or that does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.      **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Settlement Class from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

22.      **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

23.    **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.    **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet on December 20, 2022, as provided in the Stipulation.

26.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in

any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Lead Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Lead Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.    **Supporting Papers** – Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.


SO ORDERED this _____ day of _____, 2023.



_____
The Honorable Susan Illston
United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

HP Securities Litigation Settlement
Claims Administrator
P.O. Box 173010
Milwaukee, WI 53217

Exhibit A-1

## *COURT-ORDERED LEGAL NOTICE*

*In re HP Inc. Securities Litigation*
No. 20-cv-01260-SI (N.D. Cal)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this Postcard Notice carefully.**

**For more information, please visit**
**www.HPSecuritiesSettlement.com**
**or call 1-877-388-1759.**

[ADD BAR CODE HERE]

***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***Please visit www.HPSecuritiesSettlement.com for more information.***

The parties in the action *In re HP Inc. Securities Litigation*, No. 20-cv-01260-SI (N.D. Cal.) ("Action") have reached a proposed settlement of claims in a pending securities class action against HP Inc. ("HP") and certain of its current and former executives (collectively, "Defendants"). If approved, the Settlement will resolve a lawsuit in which Lead Plaintiffs alleged that Defendants made materially false and misleading statements concerning HP's supplies business during the relevant time period. Defendants deny any liability or wrongdoing. You received this notice because you, or an account for which you serve as a custodian, may be a member of the following Settlement Class: <u>All persons and entities who purchased or otherwise acquired HP common stock between February 23, 2017 and October 3, 2019, inclusive, and were damaged thereby</u>.

Pursuant to the Settlement, Defendants have agreed to pay **$10,500,000**, which, after deducting any Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the Settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement, please review the full Notice available at <u>www.HPSecuritiesSettlement.com</u>.** If you are a Settlement Class Member, your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in HP common stock during the relevant time period. If all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of HP common stock will be approximately $0.013 *before* deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation set forth in the full Notice, or other plan ordered by the Court.

**To qualify for a payment, you must submit a valid Claim Form.** The Claim Form can be found and submitted on the Settlement Website, or you can request that one be mailed to you. **Claim Forms must be postmarked (if mailed), or submitted online, by _____ __, 2023.** If you do not want to be legally bound by any releases, judgments, or orders in the Action, **you must exclude yourself** from the Settlement Class by _____, 2023. If you exclude yourself from the Settlement Class, you may be able to sue Defendants about the claims being resolved in the Action, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file or mail an objection by _____, **2023**. The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on _____ __, **2023 at __:__ _.m.**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 18% of the Settlement Fund in attorneys' fees, plus expenses of no more than $250,000 (which equals a cost of approximately $0.003 per eligible share of HP common stock). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call 1-877-388-1759, send an email to info@HPSecuritiesSettlement.com, or visit <u>www.HPSecuritiesSettlement.com</u>.**

Exhibit A-2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI<br><br>CLASS ACTION |

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;
(II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES
AND LITIGATION EXPENSES

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if you purchased or otherwise acquired the common stock of HP Inc. ("HP") between February 23, 2017 and October 3, 2019, inclusive ("Class Period"), and were damaged thereby ("Settlement Class").[1]

**NOTICE OF PROPOSED SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants HP, Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores (collectively, "Defendants") have reached a proposed settlement of the Action for $10,500,000 in cash ("Settlement"). The Settlement resolves Lead Plaintiffs' claims that Defendants violated the federal securities laws by making materially false and misleading statements to investors concerning HP's supplies business during the Class Period. The history of the Action and the claims being released by the Settlement are detailed in ¶¶ 4-17 and ¶¶ 27-28 herein.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

- **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a cash payment of $10,500,000 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (as defined below at ¶ 37) will be distributed to eligible Settlement Class Members in accordance with a plan of allocation approved by the Court. The plan of allocation being proposed by Lead Plaintiffs ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages consultant's estimate of the number of shares of HP common stock eligible to participate

---

[1]  All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, filed with the Court on March 3, 2023 ("Stipulation"). The Stipulation can be viewed at www.HPSecuritiesSettlement.com.

in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery per eligible share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, taxes, and administration costs) will be approximately $0.013. **Settlement Class Members should note, however, that the foregoing is only an estimate.** Some Settlement Class Members may recover more or less than this amount per share depending on: (i) when and the price at which they purchased/acquired shares of HP common stock; (ii) whether they sold their shares of HP common stock; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.

- **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share of HP common stock that would be recoverable if Lead Plaintiffs prevailed in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of Defendants' conduct.

- **Attorneys' Fees and Expenses Sought:**  Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP and Bernstein Litowitz Berger & Grossmann LLP, have prosecuted this Action on a wholly contingent basis and have not received any attorneys' fees (or payment of expenses) for its representation of the Settlement Class. For their efforts, Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for attorneys' fees in an amount not to exceed 18% of the Settlement Fund. Lead Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $250,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4) in an aggregate amount not to exceed $20,000. If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost per eligible share of HP common stock will be approximately $0.003 per share. **Please note that this amount is only an estimate**.[2]

- **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by Jennifer L. Joost, Esq. and Stacey M. Kaplan, Esq. of Kessler Topaz Meltzer & Check, LLP, One Sansome Street, Suite 1850, San Francisco, CA 94104, 1-415-400-3000, info@ktmc.com, and John J. Rizio-Hamilton, Esq. and Jeremy P. Robinson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

- **Reasons for the Settlement:**  For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit for the Settlement Class without the risk, delays, and increased costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after further litigation, including a decision by the Ninth Circuit Court of Appeals ("Ninth Circuit") on Lead Plaintiffs' pending appeal of the District Court's ruling on Defendants' motion

---

[2]  The Notice and Administration Costs, which shall be paid from the Settlement Fund, are estimated to be approximately $1.7 million. This is only an estimate, however, as the administration has not fully commenced as of the date of this Notice. If the maximum amount of attorneys' fees and Litigation Expenses requested are approved by the Court, and the Notice and Administration Costs are $1.7 million, the average cost per eligible share of HP common stock for all of these deductions will be approximately $0.005.

to dismiss the Amended Complaint, which dismissed Lead Plaintiffs' case in its entirety, as well as full discovery, class certification, summary judgment, trial and further appeals. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, risk, and distraction of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2023.** | This is the only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2023.** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Defendants' Releasees about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *FILED OR POSTMARKED* NO LATER THAN _____ __, 2023.** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. This will not exclude you from the Settlement Class. |
| **GO TO A HEARING ON _____ __, 2023 AT __:__ _.M.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice.  <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____ __, 2023 at __:__ _.m. – is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check <u>www.HPSecuritiesSettlement.com,</u> the Court's PACER site (*see* ¶ 63 below), or with Lead Counsel to confirm no change to the date and/or time of the hearing has been made.**

3

## WHAT THIS NOTICE CONTAINS

What Is The Purpose Of This Notice?                                          Page __
What Is This Case About?                                                     Page __
Why Is This Case A Class Action?                                             Page __
Why Is There A Settlement?                                                   Page __
What Might Happen If There Were No Settlement?                               Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?                   Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                        Page __
How Do I Participate In The Settlement?  What Do I Need To Do?               Page __
How Much Will My Payment Be?                                                 Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid?                              Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?                                   Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                 Page __
What If I Do Nothing?                                                        Page __
What If I Bought Shares Of HP Common Stock On Someone Else's Behalf?         Page __
Can I See The Court File?  Who Should I Contact If I Have Questions?         Page __
Proposed Plan of Allocation of Net Settlement Fund                          Appendix A

## WHAT IS THE PURPOSE OF THIS NOTICE?

1.      The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the Action and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

2.      This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

4.      HP is a global provider of personal computers, printers, and related supplies and services. In this Action, Lead Plaintiffs allege that, during the Class Period (*i.e.*, the period between February 23, 2017 and October 3, 2019, inclusive), HP and certain of its executive officers at the

time (*i.e.*, Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores) made materially false and misleading statements to investors concerning HP's printing supplies business and HP's purported stabilization of printing supplies revenue. Lead Plaintiffs further allege that the price of HP common stock was artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements and that the Settlement Class suffered damages when the alleged truth regarding these matters was publicly disclosed through a series of partial disclosures beginning on February 27, 2019. Please Note: As discussed below, Lead Plaintiff's Complaint and Amended Complaint have been dismissed by the Court and, at the time of settlement, Lead Plaintiff's appeal of this Court's dismissal of the Action was pending. As such, at the time of settlement, the claims asserted in the Action and the claims being resolved by the Settlement were dismissed and the outcome of this case was dependent on the pending appeal.

5.    The Action was commenced on February 19, 2020, with the filing of a putative securities class action complaint, styled *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. HP Inc., et al.*, Case No. 3:20-cv-01260-SI. By Order dated May 20, 2020, the Court appointed the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of the State of Rhode Island, and Iron Workers Local 580 Joint Funds as Lead Plaintiffs, and approved Lead Plaintiffs' selection of Kessler Topaz Meltzer & Check, LLP and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

6.    On July 20, 2020, Lead Plaintiffs filed the Complaint for Violations of the Federal Securities Laws ("Complaint"). The Complaint asserted claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) 78n(a), and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Defendants.

7.    Defendants moved to dismiss the Complaint on October 2, 2020. On the same day, Defendants also filed a request for judicial notice. On December 11, 2020, Lead Plaintiffs opposed Defendants' motion to dismiss and request for judicial notice and filed their own request for judicial notice. Defendants filed a reply in support of their motion to dismiss and a response/reply to the requests for judicial notice on January 20, 2021. The Court held a hearing on Defendants' motion to dismiss the Complaint on February 5, 2021.

8.    On March 19, 2021, the Court issued an Order granting Defendants' motion to dismiss the Complaint. By the same Order, the Court granted the requests for judicial notice. The Court also provided Lead Plaintiffs until April 9, 2021 to amend the Complaint. This deadline was subsequently extended to May 3, 2021

9.    In accordance with the Court's ruling on Defendants' motion to dismiss the Complaint, Lead Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws on May 3, 2021 ("Amended Complaint").

10.    Defendants moved to dismiss the Amended Complaint on June 4, 2021. On the same day, Defendants also filed a request for judicial notice. On June 25, 2021, Lead Plaintiffs opposed Defendants' motion to dismiss and request for judicial notice. On July 9, 2021, Defendants filed a reply in support of their motion to dismiss and a response to their request for judicial notice. The Court held a hearing on Defendants' motion to dismiss the Amended Complaint on September 9, 2021.

11.    On September 15, 2021, the Court issued an Order granting Defendants' motion to dismiss the Amended Complaint ("MTD Order"). On the same day, the Court issued its Judgment.

12.     On October 14, 2021, Lead Plaintiffs appealed the Court's MTD Order and Judgment to the Ninth Circuit. *See State of Rhode Island, et al. v. HP, Inc., et al.*, No. 21-16718 (9th Cir.). The Parties fully briefed Lead Plaintiffs' appeal and oral argument was scheduled for December 5, 2022.

13.     While Lead Plaintiffs' appeal was pending, the Parties agreed to discuss the possibility of resolving the Action. After some back-and-forth discussions, the Parties engaged Jed D. Melnick, Esq. of JAMS to assist them as a mediator. The Parties provided Mr. Melnick with letters addressing their views on liability and damages and continued to engage in settlement discussion with the assistance of Mr. Melnick. Mr. Melnick eventually issued a mediator's proposal to resolve the Action for $10.5 million, which both sides accepted on November 18, 2022.

14.     On November 28, 2022, the Parties jointly notified the Ninth Circuit that they had reached an agreement in principle to resolve the Action and requested the Ninth Circuit to: (i) vacate the oral argument scheduled for December 5, 2022 and stay the pending appellate proceedings; and (ii) remand the case back to the District Court to consider preliminary and final approval of the Settlement. On November 29, 2022, the Ninth Circuit granted the Parties' request.

15.     Thereafter, the Parties memorialized their agreement in principle to settle the Action in a term sheet executed on December 20, 2022.

16.     After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on March 2, 2023. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.HPSecuritiesSettlement.com.

17.     On _____ __, 2023, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

18.     In a class action, one or more persons or entities (in this case, Lead Plaintiffs) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## WHY IS THERE A SETTLEMENT?

19.     Lead Plaintiffs and Lead Counsel believe that Lead Plaintiffs' claims against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue Lead Plaintiffs' claims, including a decision on Lead Plaintiffs' pending appeal to the Ninth Circuit, complex merits and expert discovery, a motion for class certification, summary judgment, and trial, as well as the challenges Lead Plaintiffs would face in establishing liability and the Settlement Class's full amount of damages. More specifically, Lead Plaintiffs faced the potential challenges associated with proving that there were material misstatements in Defendants' public statements, that Defendants deliberately misled investors, that any investment losses suffered by Settlement Class Members were caused by misleading statements made by Defendants, and establishing significant damages under the securities laws.

20.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, as compared to the risk that the claims in the Action—which at the time of settlement had been dismissed in their entirety by the District Court—would produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

21.     Defendants have denied and continue to deny each and all of the claims asserted against them in the Action, and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden, expense, uncertainty, risk, and distraction of continued litigation. Accordingly, the Settlement may not be construed as, and is not, an admission of any wrongdoing by any Defendant.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22.     If there were no Settlement and Lead Plaintiffs failed to succeed on their appeal to the Ninth Circuit, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. If Lead Plaintiffs succeeded on their appeal and this Action was remanded to this Court for further litigation and Defendants were successful in proving any of their defenses, either in connection with another motion to dismiss, at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

23.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> **all persons and entities who purchased or otherwise acquired the common stock of HP between February 23, 2017 and October 3, 2019, inclusive, and were damaged thereby.**

Excluded from the Settlement Class are Defendants, the Officers and directors of HP at all relevant times, members of their Immediate Families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers and any affiliates or subsidiaries thereof, and any entity in which Defendants or their Immediate Families have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [___] below.

**PLEASE NOTE: Receipt of this Notice or the Postcard Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online at www.HPSecuritiesSettlement.com, no later than _____ __, 2023**

<table>
<tr><td>

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?**

</td></tr>
</table>

24.     As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

25.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?"

26.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?"

27.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 28 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 29 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

28.     "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action and that relate to the purchase or other acquisition of HP common stock during the Class Period. Released Plaintiffs' Claims shall not include (i) any claims asserted in the action titled *York County on behalf of the County of York Retirement Fund v. HP Inc., et al.*, Case No. 20-cv-07835-JSW (N.D. Cal.); (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who or which submits a timely and valid

8

request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in this Notice or that is otherwise accepted by the Court.

29.      "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, heirs, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

30.      "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

31.      The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 32 below) against Lead Plaintiffs and the other Lead Plaintiffs' Releasees (as defined in ¶ 33 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Lead Plaintiffs' Releasees.

32.      "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or are based upon the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement.

33.      "Lead Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates,

9

subsidiaries, officers, directors, agents, successors, predecessors, assigns, heirs, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

34.     To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return a Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.HPSecuritiesSettlement.com, no later than _____ __, 2023***. You can obtain a copy of the Claim Form on the website, www.HPSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-877-388-1759, or by emailing the Claims Administrator at info@HPSecuritiesSettlement.com. Please retain all records of your ownership of and transactions in HP common stock, as they may be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in HP common stock.

35.     If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

36.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.     Pursuant to the Settlement, Defendants shall pay or cause to be paid a total of $10,500,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation set forth in Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

39.     Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

40.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or received on or before _____ __, 2023 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects

10

remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

41.    Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of HP common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those shares of HP common stock purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible HP common stock during the Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

42.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

43.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

44.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired HP common stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

45.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs and Lead Counsel. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

46.    Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply, on behalf of Plaintiffs' Counsel, to the Court for an award of attorneys' fees in an amount not to exceed 18% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $250,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4).

47.    Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____ __, 2023. A copy of Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.HPSecuritiesSettlement.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may

be approved by the Court will be paid from the Settlement Fund. *Settlement Class Members are not personally liable for any such fees or expenses.*

> **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

48.      Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a letter requesting exclusion addressed to: *HP Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The request for exclusion must be *received* **no later than _____ __, 2023**. You will not be able to exclude yourself from the Settlement Class after that date. Each letter requesting exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *HP Inc. Securities Litigation*, Case No. 3:20-cv-01260-SI (N.D. Cal.)"; (iii) state the number of shares of HP common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on February 23, 2017 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, between February 23, 2017 and October 3, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

49.      If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

50.      If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

51.      HP has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

52.      **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

53.     **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the website, www.HPSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.HPSecuritiesSettlement.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.HPSecuritiesSettlement.com.**

54.     The Settlement Hearing will be held on _____ __, 2023 at __:__ _.m., before the Honorable Susan Illston, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 1 – 17th Floor, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

55.     Any Settlement Class Member may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement. The Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no payments from the Settlement will be sent out and the Action will continue. If that is what you want to happen, then you must object.

56.     Any objection to the proposed Settlement must be in writing and submitted only to the Court. If you submit a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must: (i) clearly identify the case name and number (*In re HP Inc. Securities Litigation*, Case No. 3:20-cv-01260 (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked no later than _____ __, 2023.

57.     Additionally, any objection must: (i) identify the name, address, and telephone number of the person or entity objecting and be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) must include documents sufficient to prove membership in the

13

Settlement Class, including the number of shares of HP common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on February 23, 2017 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale.[3] **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not Settlement Class Member.**

58.    If you wish to appear and speak about your objection at the Settlement Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Settlement Hearing in *In re HP Inc. Securities Litigation*, Case No. 3:20-cv-01260-SI (N.D. Cal.) to the Clerk of Court at the address set forth in ¶ 56 above so that it is *postmarked* **on or before _____ __, 2023**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

59.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I DO NOTHING?

60.    If you do nothing, all of your Released Plaintiffs' Claims (*see* ¶¶ 27-28 above) against Defendants and the other Defendants' Releasees will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim Form in order to be eligible to share in the Settlement proceeds.

## WHAT IF I BOUGHT SHARES OF HP COMMON STOCK ON SOMEONE ELSE'S BEHALF?

61.    If you purchased or otherwise acquired shares of HP common stock between February 23, 2017 and October 3, 2019, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and e-mail addresses, if available, of all such beneficial owners to *HP Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173010, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners you have identified on your list. Upon full

---

[3] Documentation establishing membership in the Settlement Class may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

14

compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these directions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.10 per mailing record provided to the Claims Administrator; $0.50 per unit for each Postcard Notice actually mailed, which amount includes postage; and $0.10 per Postcard Notice sent via email. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

62.     Copies of the Notice and the Claim Form may be obtained from the website for the Settlement, www.HPSecuritiesSettlement.com, by calling the Claims Administrator toll-free at 1-877-388-1759, or by emailing the Claims Administrator at info@HPSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS?

63.     This Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.HPSecuritiesSettlement.com. A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Lead Counsel at the contact information set forth above, by accessing the Court docket in this case, for a fee, though the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website, www.HPSecuritiesSettlement.com.

64.     All inquiries concerning this Notice and the Claim Form should be directed to:

*HP Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173010
Milwaukee, WI 53217

1-877-388-1759
info@HPSecuritiesSettlement.com
www.HPSecuritiesSettlement.com

and/or

| | |
|---|---|
| Kessler Topaz Meltzer & Check, LLP | Bernstein Litowitz Berger & Grossmann LLP |
| Jennifer L. Joost, Esq. | John J. Rizio-Hamilton, Esq. |
| Stacey M. Kaplan, Esq. | Jeremy P. Robinson, Esq. |
| One Sansome Street, Suite 1850 | 1251 Avenue of the Americas |
| San Francisco, CA 94104 | New York, NY 10020 |
| 1-415-400-3000 | 1-800-380-8496 |
| | |
| info@ktmc.com | www.blbglaw.com |

15

**PLEASE DO NOT CALL OR WRITE THE COURT, THE COURT'S CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THE SETTLEMENT, THIS NOTICE OR THE CLAIMS PROCESS.**

DATED: _____ __, 2023

BY ORDER OF THE COURT
United States District Court
Northern District of California

16

## APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Complaint.[4] The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial of the Action. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

2.      In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the per-share closing price of HP common stock which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

3.      In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in HP common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in HP common stock during the Class Period is stated in Table A at the end of this Notice.

4.      In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of HP common stock. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of HP common stock. Lead Plaintiffs further allege that corrective information was released to the market on: February 27, 2019 (after the close of trading), August 22, 2019 (after the close of trading), and October 3, 2019 (after the close of trading), which partially removed the artificial inflation from the prices of HP common stock on:  February 28, 2019, August 23, 2019, and October 4, 2019.

5.      Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the price of HP common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member must have held shares purchased or acquired during the Class Period over at least one of the days when corrective information was released to the market and partially removed the artificial inflation from the price of HP common stock.

---

[4] As noted above, the Court dismissed the Amended Complaint and Lead Plaintiffs' appeal of this dismissal was before the Ninth Circuit at the time of settlement.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

6.      Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of HP common stock that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

7.      For each share of HP common stock purchased or otherwise acquired during the period from February 23, 2017 through the close of trading on October 3, 2019, and:

    A.      Sold before the close of trading on February 27, 2019, the Recognized Loss Amount will be $0.00;

    B.      Sold from February 28, 2019 through the close of trading on October 3, 2019, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price *minus* the sale price;

    C.      Sold from October 4, 2019 through the close of trading on December 31, 2019, the Recognized Loss Amount will be *the least of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price *minus* the average closing price from October 4, 2019 through the date of sale as stated in Table B below; or (iii) the purchase/acquisition price *minus* the sale price; or

    D.      Held as of the close of trading on December 31, 2019, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price *minus* $18.97.[5]

**ADDITIONAL PROVISIONS**

8.      **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to HP common stock.

---

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of HP common stock during the "90-day look-back period," October 4, 2019 through December 31, 2019. The mean (average) closing price for HP common stock during this 90-day look-back period was $18.97.

9.    **FIFO Matching:**    If a Settlement Class Member made more than one purchase/acquisition or sale of HP common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

10.    **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase/acquisition price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

11.    **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of HP common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of HP common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of HP common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of HP common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such HP common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of HP common stock.

12.    **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the HP common stock. The date of a "short sale" is deemed to be the date of sale of the HP common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

13.    In the event that a Claimant has an opening short position in HP common stock, the earliest purchases or acquisitions of HP common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

14.    **Common Stock Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to HP common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

15.    **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in HP common stock during the Class Period (that is, from February 23, 2017 through and including October 3, 2019).  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[6] and (ii) the sum

---

[6]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all shares of HP common stock purchased or acquired during the Class Period.

of the Claimant's Total Sales Proceeds[7] and the Claimant's Holding Value.[8]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

16.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in HP common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in HP common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

17.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

18.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

19.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

20.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such distributions, would be cost-effective. At such time as it is determined that further distribution of funds remaining in the Net Settlement Fund is not cost-

---

[7] The Claims Administrator shall match any sales of HP common stock during the Class Period first against the Claimant's opening position in HP common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of HP common stock sold during the Class Period is the "Total Sales Proceeds."

[8] The Claims Administrator shall ascribe a "Holding Value" of $16.64 to each share of HP common stock purchased or acquired during the Class Period that was still held as of the close of trading on October 3, 2019.

effective, the remaining balance will be contributed to the Investor Protection Trust, a 501(c)(3) organization dedicated to investor education and support of investor protection efforts.

21.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Lead Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation (or other plan of allocation approved by the Court); the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

22.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.HPSecuritiesSettlement.com.

**TABLE A**

**Estimated Artificial Inflation in HP Common Stock
from February 23, 2017 through and including October 3, 2019**

| Date Range | Artificial Inflation Per Share |
|---|---|
| February 23, 2017 – February 27, 2019 | $6.51 |
| February 28, 2019 – August 22, 2019 | $2.46 |
| August 23, 2019 – October 3, 2019 | $2.05 |
| October 4, 2019 and later | $0.00 |

21

**TABLE B**

**90-Day Look-Back Table for HP Common Stock**
**(Closing Price and Average Closing Price:  October 4, 2019 – December 31, 2019)**

| Date | Closing Price | Average Closing Price Between October 4, 2019, and Date Shown | Date | Closing Price | Average Closing Price Between October 4, 2019, and Date Shown |
|---|---|---|---|---|---|
| 10/4/2019 | $16.64 | $16.64 | 11/18/2019 | $20.01 | $17.82 |
| 10/7/2019 | $16.80 | $16.72 | 11/19/2019 | $20.11 | $17.89 |
| 10/8/2019 | $16.30 | $16.58 | 11/20/2019 | $19.70 | $17.94 |
| 10/9/2019 | $16.40 | $16.54 | 11/21/2019 | $19.65 | $17.99 |
| 10/10/2019 | $16.03 | $16.43 | 11/22/2019 | $19.94 | $18.04 |
| 10/11/2019 | $16.24 | $16.40 | 11/25/2019 | $20.15 | $18.10 |
| 10/14/2019 | $16.54 | $16.42 | 11/26/2019 | $20.06 | $18.15 |
| 10/15/2019 | $16.81 | $16.47 | 11/27/2019 | $19.79 | $18.19 |
| 10/16/2019 | $17.04 | $16.53 | 11/29/2019 | $20.08 | $18.24 |
| 10/17/2019 | $16.96 | $16.58 | 12/2/2019 | $19.83 | $18.28 |
| 10/18/2019 | $16.85 | $16.60 | 12/3/2019 | $19.63 | $18.31 |
| 10/21/2019 | $17.00 | $16.63 | 12/4/2019 | $20.04 | $18.35 |
| 10/22/2019 | $17.12 | $16.67 | 12/5/2019 | $20.32 | $18.40 |
| 10/23/2019 | $17.12 | $16.70 | 12/6/2019 | $20.50 | $18.44 |
| 10/24/2019 | $17.12 | $16.73 | 12/9/2019 | $20.47 | $18.49 |
| 10/25/2019 | $17.33 | $16.77 | 12/10/2019 | $20.20 | $18.52 |
| 10/28/2019 | $17.63 | $16.82 | 12/11/2019 | $20.07 | $18.56 |
| 10/29/2019 | $17.60 | $16.86 | 12/12/2019 | $20.43 | $18.60 |
| 10/30/2019 | $17.62 | $16.90 | 12/13/2019 | $20.35 | $18.63 |
| 10/31/2019 | $17.37 | $16.93 | 12/16/2019 | $20.52 | $18.67 |
| 11/1/2019 | $17.78 | $16.97 | 12/17/2019 | $20.37 | $18.70 |
| 11/4/2019 | $18.00 | $17.01 | 12/18/2019 | $20.33 | $18.73 |
| 11/5/2019 | $18.40 | $17.07 | 12/19/2019 | $20.30 | $18.76 |
| 11/6/2019 | $19.57 | $17.18 | 12/20/2019 | $20.56 | $18.79 |
| 11/7/2019 | $19.39 | $17.27 | 12/23/2019 | $20.56 | $18.82 |
| 11/8/2019 | $19.52 | $17.35 | 12/24/2019 | $20.59 | $18.86 |
| 11/11/2019 | $19.64 | $17.44 | 12/26/2019 | $20.69 | $18.89 |
| 11/12/2019 | $19.53 | $17.51 | 12/27/2019 | $20.53 | $18.91 |
| 11/13/2019 | $19.53 | $17.58 | 12/30/2019 | $20.49 | $18.94 |
| 11/14/2019 | $20.13 | $17.67 | 12/31/2019 | $20.55 | $18.97 |
| 11/15/2019 | $20.18 | $17.75 | | | |

22

Exhibit A-3

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI<br><br>CLASS ACTION |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:**   **All persons and entities who purchased or otherwise acquired the common stock of HP Inc. ("HP") between February 23, 2017 and October 3, 2019, inclusive, and were damaged thereby ("Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated March 2, 2023 ("Stipulation") and the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). The Stipulation and Notice can be viewed at www.HPSecuritiesSettlement.com.

**YOU ARE ALSO NOTIFIED** that Lead Plaintiffs, the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds, and Defendants HP, Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores have reached a proposed settlement of the Action on behalf of the Settlement Class for $10,500,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on _____, 2023 at __:__ _.m., before the Honorable Susan Illston, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 1 – 17th Floor, or by telephone or videoconference (in the discretion of the Court), to determine, among other things: (i) whether, for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be appointed as class representatives for the Settlement

Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (ii) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iv) whether Lead Counsel's motion for attorneys' fees in an amount not to exceed 18% of the Settlement Fund and payment of expenses in an amount not to exceed $250,000 (which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class) should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.HPSecuritiesSettlement.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds**. This notice provides only a summary of the information contained in the detailed Notice. You may obtain a copy of the Notice, along with the Claim Form, by: (i) contacting the Claims Administrator at *HP Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173010, Milwaukee, WI 53217, 1-877-388-1759, info@HPSecuritiesSettlement.com; or (ii) downloading them from the website for the Settlement, www.HPSecuritiesSettlement.com, or from Lead Counsel's websites www.ktmc.com and www.blbglaw.com.

To be eligible to receive a payment from the Settlement, you must be a member of the Settlement Class and submit a Claim Form *postmarked (if mailed), or online, no later than _____, 2023*, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received no later than _____, 2023*, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not receive any benefits from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses, must be submitted to the Court. Objections must be *filed or postmarked (if mailed) no later than _____, 2023*, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

2

*HP Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173010
Milwaukee, WI 53217
1-877-388-1759
info@HPSecuritiesSettlement.com
www.HPSecuritiesSettlement.com

All other inquiries should be made to Lead Counsel:

Kessler Topaz Meltzer & Check, LLP
Jennifer L. Joost, Esq.
Stacey M. Kaplan, Esq.
One Sansome Street, Suite 1850
San Francisco, CA 94104
1-415-400-3000

info@ktmc.com

Bernstein Litowitz Berger & Grossmann LLP
John J. Rizio-Hamilton, Esq.
Jeremy P. Robinson, Esq.
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496

settlements@blbglaw.com

DATED: _____ __, 2023

BY ORDER OF THE COURT
United States District Court
Northern District of California

3

**Exhibit A-4**

*HP Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173010**
**Milwaukee, WI 53217**

**Toll-Free Number:  1-877-388-1759**
**info@HPSecuritiesSettlement.com**
**Website:  www.HPSecuritiesSettlement.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it, with supporting documentation, by first-class mail to the above address, or submit it online at www.HPSecuritiesSettlement.com. **Your Claim Form must be postmarked (or received) no later than _____, 2023**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR**
**AT THE ADDRESS SET FORTH ABOVE OR ONLINE AT**
**WWW.HPSECURITIESSETTLEMENT.COM**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN HP INC. COMMON STOCK** (NYSE: HPQ, CUSIP: 40434L105) | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – GENERAL INSTRUCTIONS

1.    It is important that you read carefully the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice can be viewed at www.HPSecuritiesSettlement.com. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed to eligible Settlement Class Members if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the capitalized terms used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.    To recover under the Settlement, you must have **purchased or otherwise acquired the common stock of HP Inc. ("HP") between February 23, 2017 and October 3, 2019, inclusive, and be damaged thereby**. Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 23 of the Notice.

3.    By submitting this Claim Form, you are making a request to share in the Settlement proceeds. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (defined in ¶ 23 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.    **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.    Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of HP common stock. Please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of HP common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.    **Please note**: Only HP common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, between February 23, 2017 and October 3, 2019, inclusive) is eligible under the Settlement. However, pursuant to the "90-day Look-Back Period" (described in the Plan of Allocation set forth in the Notice), your sales of HP common stock during the period from October 4, 2019 through and including the close of trading on December 31, 2019 will be used to calculate your loss under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to calculate your claim, the requested purchase/acquisition information during the 90-day Look-Back Period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of HP common stock set forth in the Schedule of Transactions in Part III of this Claim Form.

Page 2

Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information regarding your investments in HP common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      If your HP common stock was owned jointly, all joint owners of the common stock must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired HP common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired HP common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9.      **You must submit a separate Claim Form for each separate legal entity or separately managed account**. Generally, one Claim Form should be submitted on behalf of one legal entity and include all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms should be submitted for each such account (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). The Claims Administrator reserves the right to request information on all the holdings and transactions in HP common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)     expressly state the capacity in which they are acting;

      (b)     identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the HP common stock; and

      (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.    **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@HPSecuritiesSettlement.com, or by toll-free phone at 1-877-388-1759, or you can visit www.HPSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15.    **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the website for the Settlement, www.HPSecuritiesSettlement.com, or you may email the Claims Administrator's electronic filing department at info@HPSecuritiesSettlement.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@HPSecuritiesSettlement.com to inquire about your file and confirm it was received.**

<u>**IMPORTANT PLEASE NOTE**</u>:

**YOUR CLAIM, IF MAILED, IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-388-1759.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name      Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                    State      Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                        Telephone Number (work)

E-mail address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

Claimant Account Type (check appropriate box)

Individual (includes joint owner accounts)      Pension Plan      Trust
Corporation                                     Estate
IRA/401K                                        Other _____ (please specify)

---

[1]      If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN HP INC. COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. The only eligible security is the common stock of HP Inc. ("HP") (**Ticker: NYSE: HPQ, CUSIP: 40434L105**).  Do not include information regarding securities other than HP common stock.

| 1. HOLDINGS AS OF FEBRUARY 23, 2017 – State the total number of shares of HP common stock held as of the opening of trading on February 23, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS BETWEEN FEBRUARY 23, 2017 AND OCTOBER 3, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of HP common stock from after the opening of trading on February 23, 2017 through and including the close of trading on October 3, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| 3. PURCHASES/ACQUISITIONS BETWEEN OCTOBER 4, 2019 AND DECEMBER 31, 2019 – State the total number of shares of HP common stock purchased/acquired (including free receipts) from after the opening of trading on October 4, 2019 through and including the close of trading on December 31, 2019. (Must be documented.)  If none, write "zero" or "0."[2] _____ |
|---|

| 4. SALES BETWEEN FEBRUARY 23, 2017 AND DECEMBER 31, 2019, INCLUSIVE – Separately list each and every sale/disposition (including free deliveries) of HP common stock from after the opening of trading on February 23, 2017 through and including the close of trading on December 31, 2019. (Must be documented.) | IF NONE, CHECK HERE ○ |
|---|---|

---

[2]    **Please note**:  Information requested with respect to your purchases/acquisitions of HP common stock from after the opening of trading on October 4, 2019 through and including the close of trading on December 31, 2019 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used to calculate Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| | Confirm Proof of Holding Position Enclosed |
|---|---|
| **5.  HOLDINGS AS OF DECEMBER 31, 2019 –** State the total number of shares of HP common stock held as of the close of trading on December 31, 2019.  (Must be documented.)  If none, write "zero" or "0." _____ | ○ |

**IF YOU NEED ADDITIONAL SPACE, ATTACH THE REQUIRED INFORMATION ON SEPARATE, NUMBERED SHEETS IN THE SAME FORMAT AS ABOVE AND PRINT YOUR NAME AND THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH ADDITIONAL SHEET. IF YOU ATTACH SEPARATE SHEETS, CHECK THIS BOX:** ☐

## <u>PART IV - RELEASE OF CLAIMS AND SIGNATURE</u>

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (defined in ¶ 28 of the Notice) against Defendants and the other Defendants' Releasees (defined in ¶ 29 of the Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the Claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the HP common stock identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of HP common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the Releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. **If the IRS has notified the Claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence.**

I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                                                   Date

_____

Print Claimant name here

_____

Signature of joint Claimant, if any                                                              Date

_____

Print joint Claimant name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                                   Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page __ of this Claim Form.)

## REMINDER CHECKLIST

1.  Sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then each joint Claimant must sign.

2.  Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and any supporting documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-388-1759.** If you submit your Claim electronically, you will receive a confirmatory email within 10 days of your submission.

6.  If your address changes in the future, please send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7.  If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@HPSecuritiesSettlement.com, or by toll-free phone at 1-877-388-1759 or you may visit www.HPSecuritiesSettlement.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.HPSECURITIESSETTLEMENT.COM**, POSTMARKED (OR RECEIVED) NO LATER THAN _____ \_\_, 2023.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*HP Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173010**
**Milwaukee, WI 53217**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ \_\_, 2023, is indicated on the envelope. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI<br><br>**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**<br><br><u>CLASS ACTION</u> |

WHEREAS, the above-captioned action is pending in this Court ("Action");

WHEREAS, (a) the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and (b) HP Inc. ("HP" or the "Company"), Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores (collectively, "Defendants") have entered into the Stipulation and Agreement of Settlement dated March 2, 2023 ("Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2023 ("Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be

able to certify the Settlement Class for purposes of the Settlement and (ii) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2023 ("Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on March 3, 2023; and (b) the Postcard Notice, Notice, and Summary Notice, all of which were filed with the Court on _____ __, 2023.

3.     **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired the common stock of HP between February 23, 2017 and October 3, 2019, inclusive ("Class Period"), and were damaged thereby. Excluded from the Settlement Class are Defendants, the Officers and directors of HP at all relevant times, members of their Immediate Families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers and any affiliates or subsidiaries thereof, and any entity in which Defendants or their Immediate Families have

or had a controlling interest. [Also excluded from the Settlement Class are any persons and entities listed on Exhibit 1 hereto who or which submitted a timely and valid request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in the Notice or that has otherwise been accepted by the Court.]

4.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel Kessler Topaz Meltzer & Check, LLP and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Notice** – The Court finds that the dissemination of the Postcard Notice and Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby

determined that all Settlement Class Members are bound by this Judgment, [except those persons listed on Exhibit 1 to this Judgment].

6. **CAFA Notice -** The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7. **[Objections** - The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on

Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

11.    **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  [This release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b)    Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Lead Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Lead Plaintiffs' Releasees. [This release shall not apply to any person or entity listed on Exhibit 1 hereto.]

12.    Notwithstanding paragraphs 11 (a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.    **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Lead Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Lead Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration,

interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet on December 20, 2022, as provided in the Stipulation.

19.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2023.


_____
The Honorable Susan Illston
United States District Judge

[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

**EXHIBIT B**

**Exhibit 1**
**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**

[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT