**Pages 1 - 8**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, Judge

IN RE:  HP, INC. SECURITIES     )
LITIGATION.                     )   **NO. C 20-01260 SI**
                                )
                                )
_____)


San Francisco, California
Friday, April 7, 2023

**TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES**:  (via videoconference)

For Plaintiffs:
                  BERNSTEIN, LITOWITZ, BERGER & GROSSMANN LLP
                  12481 High Bluff Drive - Suite 300
                  San Diego, California  92130
            BY:   **JEREMY P. ROBINSON, ATTORNEY AT LAW**
                  **JOHN RIZIO-HAMILTON, ATTORNEY AT LAW**

                  KESSLER TOPAZ MELTZER & CHECK, LLP
                  One Sansome Street - Suite 1850
                  San Francisco, California  94104
            BY:   **STACEY M. KAPLAN, ATTORNEY AT LAW**
                  **JENNIFER L. ENCK, ATTORNEY AT LAW**

For Catherine Lesjak:
                  WILSON SONSINI GOODRICH & ROSATI
                  650 Page Mill Road
                  Palo Alto, California  94304
            BY:   **STEVEN M. SCHATZ, ATTORNEY AT LAW**
                  **KATHERINE L. HENDERSON, ATTORNEY AT LAW**

REPORTED BY:  Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
              United States District Court - Official Reporter

**Friday - April 7, 2023**                                    **9:58 a.m.**

**P R O C E E D I N G S**

**---000---**

THE CLERK:  Now calling civil matter 20-CV-1260, In Re: HP, Incorporated Securities Litigation.

Counsel, please state your appearances for the record starting with the Plaintiff.

MR. ROBINSON:  Good morning, Your Honor, this is Jeremy Robinson from Bernstein Litowitz Berger & Grossmann appearing on behalf of lead Plaintiffs.

And to save time, I'm joined today by my colleague John Rizio-Hamilton, who is also from Bernstein Litowitz, as well as Stacey Kaplan and Jennifer Enck from our co-counsel Kessler Topaz Meltzer & Check.  And I will be speaking on behalf of lead Plaintiffs this afternoon -- this morning.

THE COURT:  Stacey Kaplan and who else?

MR. ROBINSON:  Jennifer Enck --

THE COURT:  Oh, okay.

MR. ROBINSON:  -- from Kessler Topaz Meltzer & Check.

THE COURT:  Yes, good morning to all of you.

MR. LUTZ:  Good morning, Your Honor, this is Brian Lutz from Gibson Dunn on behalf of the Defendants.

MR. SCHATZ:  Good morning, Your Honor, Steven Schatz on behalf of Catherine Lesjak.

THE COURT:  Good morning.

**MS. HENDERSON:**  And Katherine Henderson from Wilson Sonsini also on behalf of Catherine Lesjak.  Good morning, Your Honor.

**THE COURT:**  Good morning.  All right.  Congratulations to you all.  I think this is an excellent resolution of a challenging issue.

So, on behalf of my own self and on behalf of whoever the Ninth Circuit would have been, we are grateful that you saw your way fit to resolve your differences.

I have read the materials that you have submitted.  They are really nicely done, by the way.  I don't know who did them, but it is nicely done, and I particularly appreciated the appendices, particularly Appendix B which traces the requirements of our local rules for these things and sets out what your plans are.  So that was actually very helpful, and I appreciate it.

I have a couple of questions for you.  The administrative costs are high relative to the settlement amount, but I think that's just the nature of the beast on account of there has to be a substantial notice provided and that's just an expensive proposition.

The settlement amount is substantially less than the potential maximum damages but substantially higher than where the matter was when it left my courtroom.

So, I think it's a fair assessment.  And as I understand

it, there was a mediator's proposal made after mediation with JAMS, and it is certainly not collusive.  I think this is an independent effort.  So I'm prepared to approve that.

There's evidently a confidential supplemental agreement on the -- on the blowup provisions.  I don't think the Court needs to see that at this time; but in the event you are approaching any of those limits, then I will want to see that before we take any further action on that.

There's no reversion.  The settlement class -- the proposed settlement class is the same as the proposed class, so that's -- that's appropriate.

I read Judge Alsup's order.  So would that be you, Mr. Robinson, that I should talk to about that?

**MR. ROBINSON:**  Yes, Your Honor.

**THE COURT:**  Evidently there was -- there was a problem in his case.

**MR. ROBINSON:**  This was in the *Symantec* case where BLBG -- my firm, Bernstein Litowitz, was serving as lead counsel for a different lead Plaintiff which was SEB Investment Management as well as class counsel for a certified class.  And counsel for another entity, who had sought to lead the case but had not been appointed as lead Plaintiff, raised questions about my firm's hiring of a former employee of the lead Plaintiff SEB while the case was pending.

Judge Alsup ordered comprehensive discovery.  I was

personally involved in the litigation aspect of that.  And the judge -- Judge Alsup ordered discovery into whether there was any quid pro quo involved in the hiring of the former employee.

Following extensive discovery including document productions and depositions as well as very extensive briefing, the Court found -- Judge Alsup found that the evidence did not establish any quid pro quo and allowed my firm to continue to lead that litigation as class counsel.

We actually ended up settling that case for $70 million. That received final approval last year.

And -- and at final approval Judge Alsup specifically said that Bernstein Litowitz did a good job and thanked us for handling the litigation.

Nevertheless, Judge Alsup thought it was sufficiently prudent to require us to bring the -- his order resolving the matter to the attention of any court where BLBG seeks appointment as class counsel, which is -- which we did here because we are asking for certification of a proposed settlement class.

**THE COURT:**  All right.  Thank you.

Does any Counsel for any Defendant wish to have -- to make any comments on this issue?

**MR. LUTZ:**  None here.

**THE COURT:**  Mr. Schatz?

**MR. SCHATZ:**  Nothing from our point of view.

**THE COURT:** All right. I looked at the release. It looks appropriate. I have another question, though. *York County versus HP*, Judge White's case, what is that?

**MR. ROBINSON:** That is a securities case that relates to the period prior to our class period in this case. It shouldn't be released, but we wanted to just be prudent to make sure that it was carved out of our release. And Mr. Lutz may want to be heard more on that issue.

**MR. LUTZ:** You got it exactly right.

**THE COURT:** Okay. And is that a derivative action?

**MR. ROBINSON:** It was mischaracterized in the brief as a derivative action, Your Honor, but it's actually a securities class action --

**THE COURT:** Okay.

**MR. ROBINSON:** -- which is captured correctly in the stipulation.

**THE COURT:** All right. And a hundred percent of the funds will go out and several efforts will be made. And then there's -- there is a reversion -- a cy pres potential, which I guess we would cross that bridge if we were to come to it.

So, all of that looks fine to me and I am prepared to -- to sign the order of preliminary approval.

With respect to timing, you had requested a -- a hearing approximately 110 days after what you were hoping would be today and it will be.

I was going to suggest July 28th.  How does that work for you?

**MR. ROBINSON:**  I'm just checking --

**THE COURT:**  Oh, wait, July -- yes, July 28th.  How does that work?

**MR. ROBINSON:**  Jeremy Robinson on behalf of lead Plaintiffs.  That works fine for me, Your Honor.  I'm scheduled for a trial that particular day, but we will be able to cover that.  That will be fine.  No problem.  One of my colleagues --

**THE COURT:**  All right.  Mr. Lutz?

**MR. LUTZ:**  Yes, that's fine for me as well.

**THE COURT:**  Okay.  Mr. Schatz?

**MR. SCHATZ:**  Ms. Henderson will be covering for me.

**THE COURT:**  Ms. Henderson?

**MS. HENDERSON:**  That's fine, Your Honor.

**THE COURT:**  Okay, good.  That will be the date that we set it then.

And so, that's all I have.  Anything anybody else wants to add?

**MR. ROBINSON:**  Jeremy Robinson for lead Plaintiffs. Nothing from us.  Thank you very much for your time and consideration, Your Honor.

**THE COURT:**  You are welcome.  And as I say, this looks fine to me and I, therefore, am grateful to you all that you were able to do this in an efficient way.

Mr. Lutz, anything else?

**MR. LUTZ:**  Nothing further from us.  Thank you as well.

**THE COURT:**  Ms. Henderson, Mr. Schatz, anything else?

**MS. HENDERSON:**  Nothing from us, Your Honor.  Thank you, Your Honor.

**THE COURT:**  Okay.  Thank you-all.

**THE CLERK:**  That concludes our civil law and motion calendar.

(Proceedings adjourned at 10:08 a.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    Friday, April 7, 2023

_Marla Knox_

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter