# EXHIBIT 1

**KESSLER TOPAZ MELTZER**
    **& CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
(jjoost@ktmc.com)
Stacey M. Kaplan (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone: (415) 400-3000

**BERNSTEIN LITOWITZ BERGER**
    **& GROSSMANN LLP**
John J. Rizio-Hamilton (admitted pro hac vice)
(johnr@blbglaw.com)
Jeremy P. Robinson (admitted pro hac vice)
(jeremy@blbglaw.com)
1251 Avenue of the Americas
New York, NY  10020
Telephone: (215) 554-1400

*Lead Counsel for Lead Plaintiffs and
the Settlement Class*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | <u>CLASS ACTION</u> |
| | **DECLARATION OF JED D. MELNICK IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT** |
| | Judge:      Hon. Susan Illston |
| | Date:        July 28, 2023 |
| | Time:       10:00 a.m. |

MELNICK DECL.                                                      Case No. 3:20-cv-01260-SI

JED D. MELNICK declares as follows:

1.    I was selected by Lead Plaintiffs and Defendants to serve as the Mediator in the above-captioned action. I make this Declaration based on personal knowledge and am competent to testify to the matters set forth herein. The Parties have consented to my submitting this Declaration regarding the negotiations which led to the proposed Settlement.[1]

2.    As discussed below, I believe that the Settlement of this class action for the total amount of $10.5 million in cash represents a well-reasoned and sound resolution of the complicated and uncertain claims. The Court, of course, will make determinations as to the "fairness" of the Settlement under applicable legal standards. From a mediator's perspective, however, I recommend the proposed Settlement as reasonable, arm's length, and consistent with the risks and potential rewards of the claims asserted in the Action.

3.    I am a mediator associated with JAMS. I have mediated over 1,000 disputes, including complex securities class actions and shareholder derivative actions, published articles on mediation, founded a nationally ranked dispute resolution journal, and taught young mediators.

4.    As detailed below, I oversaw the settlement negotiations in this case which culminated in the Parties agreeing to settle the claims asserted in the Action for $10.5 million.

5.    Lead Plaintiffs and Defendants engaged me to serve as the mediator for the Parties' dispute in October 2022, while Lead Plaintiffs' appeal from the dismissal of the Action was pending. On October 21, 2022, the Parties provided me with written submissions addressing their views on liability and damages. I reviewed and analyzed these materials, the Parties' briefing on Defendants' motions to dismiss, the Court's decisions granting Defendants' motion to dismiss, and the appellate briefing to the Ninth Circuit. I also engaged in detailed discussions with both sides to further understand the strengths and weaknesses of their positions.

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set out in the Stipulation and Agreement of Settlement dated March 2, 2023. ECF No. 118-1.

6. Over the next several weeks, I supervised and facilitated extensive negotiations between the Parties in an effort to reach a resolution. These negotiations were fully arm's length and involved zealous advocacy on both sides.

7. In an effort to resolve the litigation, on November 17, 2022, I issued a mediator's proposal that the Action be resolved in exchange for payment of $10.5 million. The proposal was issued on a double-blind basis, meaning that if one of the Parties rejected the proposal they would not find out whether the other side had accepted the proposal. My decision to issue this proposal was based on the submissions that I had received from the Parties, counsel's advocacy for their respective clients, and my independent professional judgment that a resolution at this amount would represent a fair and reasonable outcome.

8. On November 22, 2022, I informed the Parties that both sides had accepted the mediator's proposal.

9. Because the Parties made their mediation submissions and advocacy in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of substantial work and zealous, arm's-length advocacy, and reflected a thorough, in-depth understanding of the strengths and weaknesses of the claims and defenses at issue in this case, both with respect to liability and damages.

10. The Court will ultimately make its own determination regarding the fairness of the proposed Settlement in accordance with applicable legal standards. However, based on my extensive experience as a mediator of complex commercial litigation (including numerous securities cases of the type at issue here), I firmly believe that the proposed $10.5 million Settlement represents a recovery and outcome that is in my view fair, reasonable, and adequate to the members of the Settlement Class. This view is based on my involvement in the negotiations, review, and analysis of the Parties' mediation submissions, communications with the Parties, and assessment of the risks inherent in this litigation. The entire mediation process involved significant disputed issues and featured involved arm's-length negotiations at all times.

I declare, under penalty of perjury, that the foregoing facts are true and correct. Executed this 12th day of June, 2023.

*Jed Melnick*

Jed D. Melnick