# EXHIBIT 4

**KESSLER TOPAZ MELTZER
    & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
(jjoost@ktmc.com)
Stacey M. Kaplan (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone: (415) 400-3000

**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP**
John J. Rizio-Hamilton (admitted *pro hac vice*)
(johnr@blbglaw.com)
Jeremy P. Robinson (admitted *pro hac vice*)
(jeremy@blbglaw.com)
1251 Avenue of the Americas
New York, NY  10020
Telephone: (215) 554-1400

*Lead Counsel for Lead Plaintiffs and
the Settlement Class*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | CLASS ACTION |
| | **DECLARATION OF JACK EWASHKO REGARDING (A) DISSEMINATION OF POSTCARD NOTICE AND NOTICE PACKET; (B) PUBLICATION OF SUMMARY NOTICE; (C) ESTABLISHMENT OF TELEPHONE HELPLINE AND SETTLEMENT WEBSITE; AND (D) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE** |
| | Judge:    Hon. Susan Illston |
| | Date:     July 28, 2023 |
| | Time:     10:00 a.m. |

EWASHKO DECL.                                              Case No. 3:20-cv-01260-SI

JACK EWASHKO, declares as follows:

1. I am a Client Services Director of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"). Pursuant to the Court's April 7, 2023 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 124) ("Preliminary Approval Order"), the Court approved the retention of A.B. Data as Claims Administrator in connection with the proposed Settlement of the above-captioned Action.[1] I have personal knowledge of the matters stated herein and, if called upon, could and would testify thereto.

**DISSEMINATION OF POSTCARD NOTICE AND NOTICE PACKET**

2. Pursuant to the Preliminary Approval Order, A.B. Data is responsible for disseminating notice of the Settlement. Specifically, A.B. Data is responsible for mailing the Postcard Notice to potential Settlement Class Members and mailing the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") and Claim Form (together with the Notice, "Notice Packet") to nominees and potential Settlement Class Members, upon request. Copies of the Postcard Notice and Notice Packet are attached hereto as Exhibits A and B, respectively.

3. On March 3, 2023, A.B. Data received an electronic file from Lead Counsel containing the names and addresses of record holders of HP Inc. common stock provided by Defendants' Counsel as potential Settlement Class Members. A.B. Data extracted these records from the file and, after de-duplication, there remained 69,140 unique names and addresses. On April 28, 2023, A.B. Data disseminated the Postcard Notice by first-class mail to the 69,140 potential Settlement Class Members contained in the list provided by Defendants' Counsel.

4. As in most class actions of this nature, a large majority of potential Settlement Class Members are beneficial purchasers whose securities were held in "street name"—i.e., the securities were purchased by brokerage firms, banks, institutions, and other third-party nominees

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated March 2, 2023 (ECF No. 118-1) ("Stipulation").

EWASHKO DECL.    1    Case No. 3:20-cv-01260-SI

("Nominees") in the name of the Nominee, on behalf of the beneficial purchasers. A.B. Data maintains a proprietary database with the names and addresses of the largest and most common Nominees, including national and regional offices of certain Nominees ("Nominee Database"). A.B. Data's Nominee Database is updated from time to time as new Nominees are identified, and others merge or cease to exist. At the time of the initial mailing, the Nominee Database contained 4,139 mailing records. On April 28, 2023, A.B. Data caused Notice Packets to be mailed to the 4,139 mailing records contained in A.B. Data's Nominee Database.

5.    The Notice Packet mailed to Nominees (as well as an email sent to Nominees) directed those who purchased or otherwise acquired shares of HP Inc. common stock during the Class Period (i.e., the period between February 23, 2017 and October 3, 2019, inclusive), for the beneficial interest of persons or entities other than themselves, to provide A.B. Data with the names, addresses, and email addresses of all such beneficial owners. A.B. Data then caused Postcard Notices to be mailed promptly to the beneficial owners whose information was provided. Alternatively, Nominees could request copies of the Postcard Notice, in bulk, from A.B. Data to promptly mail directly to beneficial owners.

6.    A.B. Data also provided a copy of the Notice to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). The LENS may be accessed by any Nominee that participates in DTC's security settlement system. The Notice was posted on DTC's LENS on April 28, 2023.

7.    Following the initial mailing, through June 22, 2023, A.B. Data has received an additional 95,756 unique names and addresses of potential Settlement Class Members from individuals or Nominees requesting that a Postcard Notice be mailed to such potential Settlement Class Members. Additionally, A.B. Data has received requests from Nominees for an additional 469,441 unaddressed Postcard Notices to forward directly to their customers. A.B. Data has also mailed 33 copies of the Notice Packet to potential Settlement Class Members upon their request. All such requests have been responded to in a timely manner, and A.B. Data will continue to disseminate Postcard Notices (and Notice Packets) upon receipt of any additional requests and/or upon receipt of updated addresses.

EWASHKO DECL.                              2                      Case No. 3:20-cv-01260-SI

8.    As a result of the efforts described above, as of June 22, 2023, A.B. Data has mailed a total of 634,337 Postcard Notices and 4,172 Notice Packets to potential Settlement Class Members and Nominees. Additionally, as of June 22, 2023, a total of 23,600 notices have been returned by the United States Postal Service ("USPS") to A.B. Data as undelivered as addressed. The USPS informed A.B. Data that 1,655 of the 23,600 undelivered notices had an updated address and those notices were forwarded to the updated address. A.B. Data also conducted research through the National Change of Address database to find updated addresses and, as a result, 5,293 new addresses were found. A.B. Data re-mailed notices to the updated addresses identified through the advanced search.

9.    Where an email address was provided (in addition to a mailing address) for a potential Settlement Class Member, A.B. Data also sent an email to the potential Settlement Class Member. Accordingly, as of June 22, 2023, A.B. Data sent emails (with content similar to the text of the Postcard Notice) to 32,290 potential Settlement Class Members to whom a Postcard Notice was also sent.

## PUBLICATION OF THE SUMMARY NOTICE

10.    Pursuant to the Preliminarily Approval Order, A.B. Data caused the Summary Notice to be published in *The Wall Street Journal* and transmitted over *PR Newswire* on May 19, 2023. Attached hereto as Exhibit C are confirmations of such publication and transmittal.

## TELEPHONE HOTLINE

11.    A.B. Data established and continues to maintain a toll-free telephone number (1-877-388-1759) for potential Settlement Class Members to call and obtain information about the Settlement, request a Notice Packet, and/or seek assistance from an operator during regular business hours. During other hours, callers may leave a message for an A.B. Data representative to call them back. The toll-free telephone number is set forth in the Postcard Notice, Notice, Claim Form, Summary Notice, and on the Settlement Website. The toll-free telephone number became operational on April 28, 2023.

**SETTLEMENT WEBSITE**

12.    To further assist potential Settlement Class Members, A.B. Data, in coordination with Lead Counsel, designed, implemented, and currently maintains a website dedicated to the Settlement, www.HPSecuritiesSettlement.com ("Settlement Website"). The address for the Settlement Website is set forth in the Postcard Notice, Notice, Claim Form, and Summary Notice. The Settlement Website became operational on April 28, 2023, and is accessible 24 hours a day, seven days a week. The Settlement Website lists the exclusion, objection, and Claim submission deadlines, as well as the date and time of the Court's final Settlement Hearing. In addition, the Settlement Website contains links to copies of the Stipulation, the Preliminary Approval Order, the long-form Notice, the Claim Form, and the Amended Complaint, all of which can be downloaded by potential Settlement Class Members. The Settlement Website also enables potential Settlement Class Members to submit a Claim online, and contains detailed instructions for entities that wish to submit Claims electronically. A.B. Data will continue operating, maintaining and, as appropriate, updating the Settlement Website until the conclusion of the administration.

**REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

13.    The notices and Settlement Website inform potential Settlement Class Members that requests for exclusion from the Settlement Class must be addressed to *HP Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, such that they are received no later than July 7, 2023. The Notice also sets forth the information that must be included in each request for exclusion. As of June 22, 2023, A.B. Data has received 17 requests for exclusion from the Settlement Class. A.B. Data will submit a supplemental declaration after the July 7, 2023 exclusion deadline, which will include a full report on all exclusion requests received.

14.    The notices and Settlement Website also inform potential Settlement Class Members that if they wish to participate in the Settlement they must submit a Claim to A.B. Data, with supporting documentation, postmarked, if mailed, or online via the Settlement Website by

August 14, 2023. A.B. Data will provide a preliminary report on Claims received in its supplemental declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of June, 2023.

_____
Jack Ewashko

# EXHIBIT A

*THIS NOTICE CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*Please visit www.HPSecuritiesSettlement.com for more information.*

The parties in the action *In re HP Inc. Securities Litigation*, Case No. 20-cv-01260-SI (N.D. Cal.) ("Action") have reached a proposed settlement of claims in a pending securities class action against HP Inc. ("HP") and certain of its current and former executives (collectively, "Defendants"). If approved, the Settlement will resolve a lawsuit in which Lead Plaintiffs alleged that Defendants made materially false and misleading statements concerning HP's supplies business during the relevant time period. Defendants deny any liability or wrongdoing. You received this notice because you, or an account for which you serve as a custodian, may be a member of the following Settlement Class: All persons and entities who purchased or otherwise acquired HP common stock between February 23, 2017 and October 3, 2019, inclusive, and were damaged thereby.

Pursuant to the Settlement, Defendants have agreed to pay **$10,500,000**, which, after deducting any Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the Settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement, please review the full Notice available at www.HPSecuritiesSettlement.com.** If you are a Settlement Class Member, your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in HP common stock during the relevant time period. If all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of HP common stock will be approximately $0.013 *before* deducting any Court-approved fees, expenses, and costs. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation set forth in the full Notice, or other plan of allocation ordered by the Court.

**To qualify for a payment, you must submit a valid Claim Form.** The Claim Form can be found and submitted on the Settlement Website, or you can request that one be mailed to you. **Claim Forms must be postmarked (if mailed), or submitted online, by August 14, 2023.** If you do not want to be legally bound by any releases, judgments, or orders in the Action, **you must exclude yourself** from the Settlement Class by **July 7, 2023**. If you exclude yourself from the Settlement Class, you may be able to sue Defendants about the claims being resolved in the Action, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file or mail an objection by **July 7, 2023**. The full Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on **July 28, 2023, at 10:00 a.m. Pacific Time**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 18% of the Settlement Fund in attorneys' fees, plus expenses of no more than $250,000 (which equals a cost of approximately $0.003 per eligible share of HP common stock). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call 1-877-388-1759, send an email to info@HPSecuritiesSettlement.com, or visit www.HPSecuritiesSettlement.com.**

*COURT-ORDERED LEGAL NOTICE*

*In re HP Inc. Securities Litigation*
Case No. 20-cv-01260-SI (N.D. Cal.)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this Postcard Notice carefully.**

**For more information, please visit
www.HPSecuritiesSettlement.com
or call 1-877-388-1759.**



HP Securities Litigation
Claims Administrator
P.O. Box 173010
Milwaukee, WI 53217

# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | CLASS ACTION |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;
(II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES
AND LITIGATION EXPENSES**

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if you purchased or otherwise acquired the common stock of HP Inc. ("HP") between February 23, 2017 and October 3, 2019, inclusive ("Class Period"), and were damaged thereby ("Settlement Class").[1]

**NOTICE OF PROPOSED SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants HP, Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores (collectively, "Defendants") have reached a proposed settlement of the Action for $10,500,000 in cash ("Settlement"). The Settlement resolves Lead Plaintiffs' claims that Defendants violated the federal securities laws by making materially false and misleading statements to investors concerning HP's supplies business during the Class Period. The history of the Action and the claims being released by the Settlement are detailed in ¶¶ 4-17 and ¶¶ 27-28 herein.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

- **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a cash payment of $10,500,000 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (as defined below at ¶ 37) will be distributed to eligible Settlement Class Members in accordance with a plan of allocation approved by the Court. The plan of allocation being proposed by Lead Plaintiffs ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimate of the number of shares of HP common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery per eligible share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, taxes,

---

[1] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, filed with the Court on March 3, 2023 ("Stipulation"). The Stipulation can be viewed at www.HPSecuritiesSettlement.com.

and administration costs) will be approximately $0.013. **Settlement Class Members should note, however, that the foregoing is only an estimate.** Some Settlement Class Members may recover more or less than this amount per share depending on: (i) when and the price at which they purchased/acquired their shares of HP common stock; (ii) whether they sold their shares of HP common stock; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.

• **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share of HP common stock that would be recoverable if Lead Plaintiffs prevailed in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any member of the Settlement Class as a result of Defendants' conduct.

• **Attorneys' Fees and Expenses Sought:**  Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP and Bernstein Litowitz Berger & Grossmann LLP, have prosecuted this Action on a wholly contingent basis and have not received any attorneys' fees (or payment of expenses) for their representation of the Settlement Class. For their efforts, Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for attorneys' fees in an amount not to exceed 18% of the Settlement Fund. Lead Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $250,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4) in an aggregate amount not to exceed $20,000. If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost per eligible share of HP common stock will be approximately $0.003 per share. **Please note that this amount is only an estimate.**[2]

• **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by Jennifer L. Joost, Esq. and Stacey M. Kaplan, Esq. of Kessler Topaz Meltzer & Check, LLP, One Sansome Street, Suite 1850, San Francisco, CA 94104, 1-415-400-3000, info@ktmc.com, and John J. Rizio-Hamilton, Esq. and Jeremy P. Robinson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

• **Reasons for the Settlement:**  For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit for the Settlement Class without the risk, delays, and increased costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after further litigation, including a decision by the Ninth Circuit Court of Appeals ("Ninth Circuit") on Lead Plaintiffs' pending appeal of the District Court's ruling on Defendants' motion to dismiss the Amended Complaint, which dismissed Lead Plaintiffs' case in its entirety, as well as full discovery, class certification, summary judgment, trial and further appeals. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, risk, and distraction of further litigation.

---

[2]  The Notice and Administration Costs, which shall be paid from the Settlement Fund, are estimated to be approximately $1.7 million. This is only an estimate, however, as the administration has not fully commenced as of the date of this Notice. If the maximum amount of attorneys' fees and Litigation Expenses requested are approved by the Court, and the Notice and Administration Costs are $1.7 million, the average cost per eligible share of HP common stock for all of these deductions will be approximately $0.005.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN AUGUST 14, 2023.** | This is the only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 7, 2023.** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Defendants' Releasees about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *FILED OR POSTMARKED* NO LATER THAN JULY 7, 2023.** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. This will not exclude you from the Settlement Class. |
| **GO TO A HEARING ON JULY 28, 2023, AT 10:00 A.M. PACIFIC TIME.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for July 28, 2023, at 10:00 a.m. Pacific Time – is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check <u>www.HPSecuritiesSettlement.com</u>, the Court's PACER site (*see* ¶ 63 below), or with Lead Counsel to confirm no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

What Is The Purpose Of This Notice?                                                           Page 4
What Is This Case About?                                                                      Page 4
Why Is This Case A Class Action?                                                             Page 6
Why Is There A Settlement?                                                                    Page 6
What Might Happen If There Were No Settlement?                                                Page 7
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?                                   Page 7
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                                         Page 7
How Do I Participate In The Settlement?  What Do I Need To Do?                                 Page 9
How Much Will My Payment Be?                                                                  Page 9
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid?                                               Page 10
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?                                                    Page 11
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                                  Page 12
What If I Do Nothing?                                                                         Page 13
What If I Bought Shares Of HP Common Stock On Someone Else's Behalf?                          Page 13
Can I See The Court File?  Who Should I Contact If I Have Questions?                           Page 14
Appendix A: Proposed Plan of Allocation of Net Settlement Fund                                Page 15

| WHAT IS THE PURPOSE OF THIS NOTICE? |
|---|

1.　　　The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the Action and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

2.　　　This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.　　　The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

| WHAT IS THIS CASE ABOUT? |
|---|

4.　　　HP is a global provider of personal computers, printers, and related supplies and services. In this Action, Lead Plaintiffs allege that, during the Class Period (*i.e.*, the period between February 23, 2017 and October 3, 2019, inclusive), HP and certain of its executive officers at the time (*i.e.*, Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores) made materially false and misleading statements to investors concerning HP's printing supplies business and HP's purported stabilization of printing supplies revenue. Lead Plaintiffs further allege that the price of HP common stock was artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements and

that the Settlement Class suffered damages when the alleged truth regarding these matters was publicly disclosed through a series of partial disclosures beginning on February 27, 2019. Please Note: As discussed below, Lead Plaintiffs' Complaint and Amended Complaint have been dismissed by the Court and, at the time of settlement, Lead Plaintiffs' appeal of this Court's dismissal of the Action was pending. As such, at the time of settlement, the claims asserted in the Action and the claims being resolved by the Settlement were dismissed and the outcome of this case was dependent on the pending appeal.

5.      The Action was commenced on February 19, 2020, with the filing of a putative securities class action complaint, styled *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. HP Inc., et al.*, Case No. 3:20-cv-01260-SI. By Order dated May 20, 2020, the Court appointed the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds as Lead Plaintiffs, and approved Lead Plaintiffs' selection of Kessler Topaz Meltzer & Check, LLP and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

6.      On July 20, 2020, Lead Plaintiffs filed the Complaint for Violations of the Federal Securities Laws ("Complaint"). The Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Defendants.

7.      Defendants moved to dismiss the Complaint on October 2, 2020. On the same day, Defendants also filed a request for judicial notice. On December 11, 2020, Lead Plaintiffs opposed Defendants' motion to dismiss and request for judicial notice and filed their own request for judicial notice. Defendants filed a reply in support of their motion to dismiss and a response/reply to the requests for judicial notice on January 20, 2021. The Court held a hearing on Defendants' motion to dismiss the Complaint on February 5, 2021.

8.      On March 19, 2021, the Court issued an Order granting Defendants' motion to dismiss the Complaint. By the same Order, the Court granted the requests for judicial notice. The Court also provided Lead Plaintiffs until April 9, 2021, to amend the Complaint. This deadline was subsequently extended to May 3, 2021.

9.      In accordance with the Court's ruling on Defendants' motion to dismiss the Complaint, Lead Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws on May 3, 2021 ("Amended Complaint"). The Amended Complaint asserted claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and 78t-1(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Defendants.

10.      Defendants moved to dismiss the Amended Complaint on June 4, 2021. On the same day, Defendants also filed a request for judicial notice. On June 25, 2021, Lead Plaintiffs opposed Defendants' motion to dismiss and request for judicial notice. On July 9, 2021, Defendants filed a reply in support of their motion to dismiss and a response to their request for judicial notice. The Court held a hearing on Defendants' motion to dismiss the Amended Complaint on September 9, 2021.

11.      On September 15, 2021, the Court issued an Order granting Defendants' motion to dismiss the Amended Complaint ("MTD Order"). On the same day, the Court issued its Judgment.

12.      On October 14, 2021, Lead Plaintiffs appealed the Court's MTD Order and Judgment to the Ninth Circuit. *See State of Rhode Island, et al. v. HP, Inc., et al.*, No. 21-16718 (9th Cir.). The Parties fully briefed Lead Plaintiffs' appeal and oral argument was scheduled for December 5, 2022.

13.      While Lead Plaintiffs' appeal was pending, the Parties agreed to discuss the possibility of resolving the Action. After some back-and-forth discussions, the Parties engaged Jed D. Melnick, Esq. of JAMS to assist them as a mediator. The Parties provided Mr. Melnick with letters addressing their views on liability and damages and continued to engage in settlement discussion with the assistance of Mr.

Melnick. Mr. Melnick eventually issued a mediator's proposal to resolve the Action for $10.5 million, which both sides accepted on November 18, 2022.

14.    On November 28, 2022, the Parties jointly notified the Ninth Circuit that they had reached an agreement in principle to resolve the Action and requested the Ninth Circuit to: (i) vacate the oral argument scheduled for December 5, 2022 and stay the pending appellate proceedings; and (ii) remand the case back to the District Court to consider preliminary and final approval of the Settlement. On November 29, 2022, the Ninth Circuit granted the Parties' request.

15.    Thereafter, the Parties memorialized their agreement in principle to settle the Action in a term sheet executed on December 20, 2022.

16.    After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on March 2, 2023. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.HPSecuritiesSettlement.com.

17.    On April 7, 2023, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

18.    In a class action, one or more persons or entities (in this case, Lead Plaintiffs) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## WHY IS THERE A SETTLEMENT?

19.    Lead Plaintiffs and Lead Counsel believe that Lead Plaintiffs' claims against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue Lead Plaintiffs' claims, including a decision on Lead Plaintiffs' pending appeal to the Ninth Circuit, complex merits and expert discovery, a motion for class certification, summary judgment, and trial, as well as the challenges Lead Plaintiffs would face in establishing liability and the Settlement Class's full amount of damages. More specifically, Lead Plaintiffs faced the potential challenges associated with proving that there were material misstatements in Defendants' public statements, that Defendants deliberately misled investors, that any investment losses suffered by Settlement Class Members were caused by misleading statements made by Defendants, and establishing significant damages under the securities laws.

20.    In light of these risks, the amount of the Settlement, and the near-term recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, as compared to the risk that the claims in the Action—which at the time of settlement had been dismissed in their entirety by the District Court— would produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

21.    Defendants have denied and continue to deny each and all of the claims asserted against them in the Action, and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden,

expense, uncertainty, risk, and distraction of continued litigation. Accordingly, the Settlement may not be construed as, and is not, an admission of any wrongdoing by any Defendant.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22.    If there were no Settlement and Lead Plaintiffs failed to succeed on their appeal to the Ninth Circuit, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. If Lead Plaintiffs succeeded on their appeal and this Action was remanded to this Court for further litigation and Defendants were successful in proving any of their defenses, either in connection with another motion to dismiss, at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

23.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

**all persons and entities who purchased or otherwise acquired the common stock of HP between February 23, 2017 and October 3, 2019, inclusive, and were damaged thereby.**

Excluded from the Settlement Class are Defendants, the Officers and directors of HP at all relevant times, members of their Immediate Families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers and any affiliates or subsidiaries thereof, and any entity in which Defendants or their Immediate Families have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which submit a timely and valid request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in this Notice or that is otherwise accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page 11 below.

**PLEASE NOTE: Receipt of this Notice or the Postcard Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online at www.HPSecuritiesSettlement.com, no later than August 14, 2023.**

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

24.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

25.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page 11.

26.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your

objection(s) by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page 12.

27.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 28 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 29 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

28.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action and that relate to the purchase or other acquisition of HP common stock during the Class Period. Released Plaintiffs' Claims shall not include (i) any claims asserted in the action titled *York County on behalf of the County of York Retirement Fund v. HP Inc., et al.*, Case No. 20-cv-07835-JSW (N.D. Cal.); (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who or which submits a timely and valid request for exclusion from the Settlement Class in accordance with the requirements for requesting exclusion provided in this Notice or that is otherwise accepted by the Court.

29.    "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, heirs, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

30.    "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

31. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 32 below) against Lead Plaintiffs and the other Lead Plaintiffs' Releasees (as defined in ¶ 33 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Lead Plaintiffs' Releasees.

32. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or are based upon the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement.

33. "Lead Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, heirs, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

34. To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return a Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.HPSecuritiesSettlement.com, no later than August 14, 2023***. You can obtain a copy of the Claim Form on the website, www.HPSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-877-388-1759, or by emailing the Claims Administrator at info@HPSecuritiesSettlement.com. Please retain all records of your ownership of and transactions in HP common stock, as they may be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in HP common stock.

35. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

36. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37. Pursuant to the Settlement, Defendants shall pay or cause to be paid a total of $10,500,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will

be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation set forth in Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

39.    Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

40.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or received on or before August 14, 2023 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

41.    Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of HP common stock purchased/acquired through an Employee Plan in any Claim they submit in this Action. They should include ONLY those shares of HP common stock purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible HP common stock during the Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

42.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

43.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

44.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired HP common stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claims.

45.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs and Lead Counsel. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

---

46.    Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply, on behalf of Plaintiffs'

Counsel, to the Court for an award of attorneys' fees in an amount not to exceed 18% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $250,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4).

47.    Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by June 23, 2023. A copy of Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.HPSecuritiesSettlement.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. ***Settlement Class Members are not personally liable for any such fees or expenses.***

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
|---|

48.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a letter requesting exclusion addressed to: *HP Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The request for exclusion must be ***received* no later than July 7, 2023**. You will not be able to exclude yourself from the Settlement Class after that date. Each letter requesting exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re HP Inc. Securities Litigation*, Case No. 3:20-cv-01260-SI (N.D. Cal.)"; (iii) state the number of shares of HP common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on February 23, 2017 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, between February 23, 2017 and October 3, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

49.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

50.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

51.    HP has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

52.    **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

53.    **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or telephone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by telephone or video, it is important that you monitor the Court's docket and the website, www.HPSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.HPSecuritiesSettlement.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.HPSecuritiesSettlement.com.**

54.    The Settlement Hearing will be held on **July 28, 2023, at 10:00 a.m. Pacific Time**, before the Honorable Susan Illston, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 1 – 17th Floor, or by telephone or videoconference (at the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

55.    Any Settlement Class Member may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement. The Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no payments from the Settlement will be sent out and the Action will continue. If that is what you want to happen, then you must object.

56.    Any objection to the proposed Settlement must be in writing and submitted only to the Court. If you submit a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must: (i) clearly identify the case name and number (*In re HP Inc. Securities Litigation*, Case No. 3:20-cv-01260-SI (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked no later than **July 7, 2023**.

57.    Additionally, any objection must: (i) identify the name, address, and telephone number of the person or entity objecting and be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) must include documents

sufficient to prove membership in the Settlement Class, including the number of shares of HP common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on February 23, 2017 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale.[3] **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.**

58.    If you wish to appear and speak about your objection at the Settlement Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Settlement Hearing in *In re HP Inc. Securities Litigation*, Case No. 3:20-cv-01260-SI (N.D. Cal.) to the Clerk of Court at the address set forth in ¶ 56 above so that it is *postmarked* **on or before July 7, 2023**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

59.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I DO NOTHING?

60.    If you do nothing, all of your Released Plaintiffs' Claims (*see* ¶¶ 27-28 above) against Defendants and the other Defendants' Releasees will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim Form in order to be eligible to share in the Settlement proceeds.

## WHAT IF I BOUGHT SHARES OF HP COMMON STOCK ON SOMEONE ELSE'S BEHALF?

61.    If you purchased or otherwise acquired shares of HP common stock between February 23, 2017 and October 3, 2019, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses, if available, of all such beneficial owners to *HP Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173010, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners you have identified on your list. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these directions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.10 per mailing record provided to the Claims Administrator; $0.50 per unit for each Postcard Notice actually mailed, which amount includes postage; and $0.10 per Postcard Notice sent via email. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the

---

[3] Documentation establishing membership in the Settlement Class may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

62.    Copies of the Notice and the Claim Form may be obtained from the website for the Settlement, www.HPSecuritiesSettlement.com, by calling the Claims Administrator toll-free at 1-877-388-1759, or by emailing the Claims Administrator at info@HPSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS?

63.    This Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.HPSecuritiesSettlement.com. A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Lead Counsel at the contact information set forth below, by accessing the Court docket in this case, for a fee, though the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website, www.HPSecuritiesSettlement.com.

64.    All inquiries concerning this Notice and the Claim Form should be directed to:

*HP Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173010
Milwaukee, WI 53217

1-877-388-1759
info@HPSecuritiesSettlement.com
www.HPSecuritiesSettlement.com

and/or

| Kessler Topaz Meltzer & Check, LLP | Bernstein Litowitz Berger & Grossmann LLP |
|---|---|
| Jennifer L. Joost, Esq. | John J. Rizio-Hamilton, Esq. |
| Stacey M. Kaplan, Esq. | Jeremy P. Robinson, Esq. |
| One Sansome Street, Suite 1850 | 1251 Avenue of the Americas |
| San Francisco, CA 94104 | New York, NY 10020 |
| 1-415-400-3000 | 1-800-380-8496 |
| info@ktmc.com | settlements@blbglaw.com |
| www.ktmc.com | www.blbglaw.com |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE COURT'S CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THE SETTLEMENT, THIS NOTICE, OR THE CLAIMS PROCESS.**

DATED:  May 5, 2023                                    BY ORDER OF THE COURT
                                                        United States District Court
                                                        Northern District of California

## APPENDIX A

### PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

65.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Complaint.[4] The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial of the Action. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

66.    In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the per-share closing price of HP common stock which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

67.    In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in HP common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in HP common stock during the Class Period is stated in Table A at the end of this Notice.

68.    In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of HP common stock. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of HP common stock. Lead Plaintiffs further allege that corrective information was released to the market on: February 27, 2019 (after the close of trading), August 22, 2019 (after the close of trading), and October 3, 2019 (after the close of trading), which partially removed the artificial inflation from the prices of HP common stock on:  February 28, 2019, August 23, 2019, and October 4, 2019.

69.    Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the price of HP common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member must have held shares purchased or acquired during the Class Period over at least one of the days when corrective information was released to the market and partially removed the artificial inflation from the price of HP common stock.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

70.    Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of HP common stock that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

---

[4] As noted above, the Court dismissed the Amended Complaint and Lead Plaintiffs' appeal of this dismissal was before the Ninth Circuit at the time of settlement.

71.    For each share of HP common stock purchased or otherwise acquired during the period from February 23, 2017 through the close of trading on October 3, 2019, and:

A.    Sold before the close of trading on February 27, 2019, the Recognized Loss Amount will be $0.00;

B.    Sold from February 28, 2019 through the close of trading on October 3, 2019, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price *minus* the sale price;

C.    Sold from October 4, 2019 through the close of trading on December 31, 2019, the Recognized Loss Amount will be *the least of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price *minus* the average closing price from October 4, 2019 through the date of sale as stated in Table B; or (iii) the purchase/ acquisition price *minus* the sale price; or

D.    Held as of the close of trading on December 31, 2019, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price *minus* $18.97.[5]

## ADDITIONAL PROVISIONS

72.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to HP common stock.

73.    **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of HP common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

74.    **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase/acquisition price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

75.    **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of HP common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of HP common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of HP common stock for the calculation of a

---

[5]  Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of HP common stock during the "90-day look-back period," October 4, 2019 through December 31, 2019. The mean (average) closing price for HP common stock during this 90-day look-back period was $18.97.

Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of HP common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such HP common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of HP common stock.

76.     **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the HP common stock. The date of a "short sale" is deemed to be the date of sale of the HP common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

77.     In the event that a Claimant has an opening short position in HP common stock, the earliest purchases or acquisitions of HP common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

78.     **Common Stock Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement. With respect to HP common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

79.     **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in HP common stock during the Class Period (*i.e.*, the period between February 23, 2017 and October 3, 2019, inclusive). For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[6] and (ii) the sum of the Claimant's Total Sales Proceeds[7] and the Claimant's Holding Value.[8] If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

80.     If a Claimant had a Market Gain with respect to his, her, or its overall transactions in HP common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in HP common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

81.     **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

82.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the

---

[6]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all shares of HP common stock purchased or acquired during the Class Period.

[7]  The Claims Administrator shall match any sales of HP common stock during the Class Period first against the Claimant's opening position in HP common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of HP common stock sold during the Class Period is the "Total Sales Proceeds."

[8]  The Claims Administrator shall ascribe a "Holding Value" of $16.64 to each share of HP common stock purchased or acquired during the Class Period that was still held as of the close of trading on October 3, 2019.

Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

83.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

84.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such distributions, would be cost-effective. At such time as it is determined that further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust, a 501(c)(3) organization dedicated to investor education and support of investor protection efforts.

85.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Lead Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation (or other plan of allocation approved by the Court); the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

86.     The Plan of Allocation stated herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.HPSecuritiesSettlement.com.

**TABLE A**

**Estimated Artificial Inflation in HP Common Stock
from February 23, 2017 through and including October 3, 2019**

| Date Range | Artificial Inflation Per Share |
|---|---|
| February 23, 2017 – February 27, 2019 | $6.51 |
| February 28, 2019 – August 22, 2019 | $2.46 |
| August 23, 2019 – October 3, 2019 | $2.05 |
| October 4, 2019 and later | $0.00 |

**TABLE B**

**90-Day Look-Back Period Table for HP Common Stock**
**(Closing Price and Average Closing Price:  October 4, 2019 – December 31, 2019)**

| Date | Closing Price | Average Closing Price Between October 4, 2019, and Date Shown | Date | Closing Price | Average Closing Price Between October 4, 2019, and Date Shown |
|---|---|---|---|---|---|
| 10/4/2019 | $16.64 | $16.64 | 11/18/2019 | $20.01 | $17.82 |
| 10/7/2019 | $16.80 | $16.72 | 11/19/2019 | $20.11 | $17.89 |
| 10/8/2019 | $16.30 | $16.58 | 11/20/2019 | $19.70 | $17.94 |
| 10/9/2019 | $16.40 | $16.54 | 11/21/2019 | $19.65 | $17.99 |
| 10/10/2019 | $16.03 | $16.43 | 11/22/2019 | $19.94 | $18.04 |
| 10/11/2019 | $16.24 | $16.40 | 11/25/2019 | $20.15 | $18.10 |
| 10/14/2019 | $16.54 | $16.42 | 11/26/2019 | $20.06 | $18.15 |
| 10/15/2019 | $16.81 | $16.47 | 11/27/2019 | $19.79 | $18.19 |
| 10/16/2019 | $17.04 | $16.53 | 11/29/2019 | $20.08 | $18.24 |
| 10/17/2019 | $16.96 | $16.58 | 12/2/2019 | $19.83 | $18.28 |
| 10/18/2019 | $16.85 | $16.60 | 12/3/2019 | $19.63 | $18.31 |
| 10/21/2019 | $17.00 | $16.63 | 12/4/2019 | $20.04 | $18.35 |
| 10/22/2019 | $17.12 | $16.67 | 12/5/2019 | $20.32 | $18.40 |
| 10/23/2019 | $17.12 | $16.70 | 12/6/2019 | $20.50 | $18.44 |
| 10/24/2019 | $17.12 | $16.73 | 12/9/2019 | $20.47 | $18.49 |
| 10/25/2019 | $17.33 | $16.77 | 12/10/2019 | $20.20 | $18.52 |
| 10/28/2019 | $17.63 | $16.82 | 12/11/2019 | $20.07 | $18.56 |
| 10/29/2019 | $17.60 | $16.86 | 12/12/2019 | $20.43 | $18.60 |
| 10/30/2019 | $17.62 | $16.90 | 12/13/2019 | $20.35 | $18.63 |
| 10/31/2019 | $17.37 | $16.93 | 12/16/2019 | $20.52 | $18.67 |
| 11/1/2019 | $17.78 | $16.97 | 12/17/2019 | $20.37 | $18.70 |
| 11/4/2019 | $18.00 | $17.01 | 12/18/2019 | $20.33 | $18.73 |
| 11/5/2019 | $18.40 | $17.07 | 12/19/2019 | $20.30 | $18.76 |
| 11/6/2019 | $19.57 | $17.18 | 12/20/2019 | $20.56 | $18.79 |
| 11/7/2019 | $19.39 | $17.27 | 12/23/2019 | $20.56 | $18.82 |
| 11/8/2019 | $19.52 | $17.35 | 12/24/2019 | $20.59 | $18.86 |
| 11/11/2019 | $19.64 | $17.44 | 12/26/2019 | $20.69 | $18.89 |
| 11/12/2019 | $19.53 | $17.51 | 12/27/2019 | $20.53 | $18.91 |
| 11/13/2019 | $19.53 | $17.58 | 12/30/2019 | $20.49 | $18.94 |
| 11/14/2019 | $20.13 | $17.67 | 12/31/2019 | $20.55 | $18.97 |
| 11/15/2019 | $20.18 | $17.75 | | | |

*HP Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173010**
**Milwaukee, WI 53217**

**Toll-Free Number:  1-877-388-1759**
**info@HPSecuritiesSettlement.com**
**Website:  www.HPSecuritiesSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the action *In re HP Inc. Securities Litigation*, Case No. 3:20-cv-01260-SI (N.D. Cal.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it, with supporting documentation, by first-class mail to the above address, or submit it online at www.HPSecuritiesSettlement.com. **Your Claim Form must be postmarked (or received) no later than August 14, 2023**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR**
**AT THE ADDRESS SET FORTH ABOVE OR ONLINE AT**
**WWW.HPSECURITIESSETTLEMENT.COM**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | **2** |
| **PART II – CLAIMANT IDENTIFICATION** | **5** |
| **PART III – SCHEDULE OF TRANSACTIONS IN HP INC. COMMON STOCK (NYSE: HPQ, CUSIP: 40434L105)** | **6** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **8** |

## PART I – GENERAL INSTRUCTIONS

1.     It is important that you read carefully the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice can be viewed at www.HPSecuritiesSettlement.com. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed to eligible Settlement Class Members if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the capitalized terms used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.     To recover under the Settlement, you must have **purchased or otherwise acquired the common stock of HP Inc. ("HP") between February 23, 2017 and October 3, 2019, inclusive, and been damaged thereby**. Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 23 of the Notice.

3.     By submitting this Claim Form, you are making a request to share in the Settlement proceeds. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (defined in ¶ 23 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.     **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.     Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of HP common stock. Please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of HP common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.     **Please note**: Only HP common stock purchased or otherwise acquired during the Class Period (*i.e.*, between February 23, 2017 and October 3, 2019, inclusive) is eligible under the Settlement. However, pursuant to the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of HP common stock during the period from October 4, 2019 through and including the close of trading on December 31, 2019 will be used to calculate your loss under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to calculate your claim, the requested purchase/acquisition information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of HP common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information regarding your investments in HP common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.     If your HP common stock was owned jointly, all joint owners of the common stock must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial

owner(s) must be entered. If you purchased or otherwise acquired HP common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired HP common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9.      **You must submit a separate Claim Form for each separate legal entity or separately managed account**. Generally, one Claim Form should be submitted on behalf of one legal entity and include all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms should be submitted for each such account (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). The Claims Administrator reserves the right to request information on all the holdings and transactions in HP common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the HP common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@HPSecuritiesSettlement.com, or by toll-free phone at 1-877-388-1759, or you can visit www.HPSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the website for the Settlement, www.HPSecuritiesSettlement.com, or you may email the Claims Administrator's electronic filing department at info@HPSecuritiesSettlement.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@HPSecuritiesSettlement.com to inquire about your file and confirm it was received.**

**IMPORTANT PLEASE NOTE:**

**YOUR CLAIM FORM, IF MAILED, IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-388-1759.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name                    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name              Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                     State     Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                          Telephone Number (work)

E-mail address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

Claimant Account Type (check appropriate box)
- ☐ Individual (includes joint owner accounts)   ☐ Pension Plan        ☐ Trust
- ☐ Corporation                                             ☐ Estate
- ☐ IRA/401K                                                 ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶ 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN HP INC. COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. The only eligible security is the common stock of HP Inc. ("HP") (**Ticker: NYSE: HPQ, CUSIP: 40434L105**). Do not include information regarding securities other than HP common stock.

| | |
|---|---|
| **1. HOLDINGS AS OF FEBRUARY 23, 2017** – State the total number of shares of HP common stock held as of the opening of trading on February 23, 2017. (Must be documented.) If none, write "zero" or "0." | Confirm Proof of Holding Position Enclosed ☐ |

**2. PURCHASES/ACQUISITIONS BETWEEN FEBRUARY 23, 2017 AND OCTOBER 3, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of HP common stock from after the opening of trading on February 23, 2017 through and including the close of trading on October 3, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS BETWEEN OCTOBER 4, 2019 AND DECEMBER 31, 2019, INCLUSIVE** – State the total number of shares of HP common stock purchased/acquired (including free receipts) from after the opening of trading on October 4, 2019 through and including the close of trading on December 31, 2019. (Must be documented.) If none, write "zero" or "0."[2]

| | |
|---|---|
| **4. SALES BETWEEN FEBRUARY 23, 2017 AND DECEMBER 31, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of HP common stock from after the opening of trading on February 23, 2017 through and including the close of trading on December 31, 2019. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of HP common stock from after the opening of trading on October 4, 2019 through and including the close of trading on December 31, 2019 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used to calculate Recognized Loss Amounts pursuant to the Plan of Allocation.

Questions? Call 1-877-388-1759 or visit www.HPSecuritiesSettlement.com.                      Page 6 of 10

| / / | | $ | $ | ☐ |
|---|---|---|---|---|
| **5. HOLDINGS AS OF DECEMBER 31, 2019** – State the total number of shares of HP common stock held as of the close of trading on December 31, 2019.  (Must be documented.)  If none, write "zero" or "0." | | | | Confirm Proof of Holding Position Enclosed <br> ☐ |

**IF YOU NEED ADDITIONAL SPACE, ATTACH THE REQUIRED INFORMATION ON SEPARATE, NUMBERED SHEETS IN THE SAME FORMAT AS ABOVE AND PRINT YOUR NAME AND THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH ADDITIONAL SHEET. IF YOU ATTACH SEPARATE SHEETS, CHECK THIS BOX:**

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND
SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated March 2, 2023, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (defined in ¶ 28 of the Notice) against Defendants and the other Defendants' Releasees (defined in ¶ 29 of the Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the Claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the HP common stock identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of HP common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the Releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. **If the IRS has notified the Claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence.**

I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                    Date


_____
Print Claimant name here


_____
Signature of joint Claimant, if any                                      Date


_____
Print joint Claimant name here


*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


_____
Signature of person signing on behalf of Claimant                        Date


_____
Print name of person signing on behalf of Claimant here


_____
Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page 3 of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then each joint Claimant must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-388-1759.** If you submit your Claim electronically, you will receive a confirmatory email within 10 days of your submission.

6. If your address changes in the future, please send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@HPSecuritiesSettlement.com, or by toll-free phone at 1-877-388-1759 or you may visit www.HPSecuritiesSettlement.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.HPSECURITIESSETTLEMENT.COM**, POSTMARKED (OR RECEIVED) NO LATER THAN AUGUST 14, 2023.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*HP Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173010**
**Milwaukee, WI 53217**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before August 14, 2023, is indicated on the envelope. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT C

## BANKING & FINANCE

# UBS Faces a Credit Suisse Dilemma

By Margot Patrick

**UBS Group** has a quandary after buying Credit Suisse Group: Reward shareholders upfront by jettisoning the smaller bank's Swiss domestic business, or prepare for a painful integration that would make it even more dominant in its home market.

Switzerland's two largest banks by assets are combining after Credit Suisse lost the confidence of customers and investors and needed rescuing in mid-March. UBS Chief Executive Officer Sergio Ermotti has signaled that integration will start right away in overlapping areas such as global investment banking, but that all options are being considered for the Swiss business.

"The greatest generator of value is really going to be UBS keeping it and eliminating the overlap," said Octavio Marenzi, CEO of consulting firm Opimas. "It's also the most radical and difficult thing to do."

UBS is uniquely positioned to generate cost and revenue synergies from the business, Marenzi said.

Some Swiss politicians say they want UBS to separate Credit Suisse's Swiss arm and spare thousands of jobs that would be lost in an integration. Analysts are divided on the value of keeping or disposing of the business, which is the only profitable unit at Credit Suisse and is estimated to be worth about $12 billion on its own.

One option would be to spin the business off to UBS shareholders, who would be given stock in a separate listed unit. UBS also could offer shares through an initial public offering or sell the Swiss bank to another buyer.

UBS will also need to decide precisely what remains within the business. The unit encompasses Credit Suisse's retail and business-banking operations. It also includes a wealth-management arm serving rich customers in Switzerland and a domestic investment bank that UBS has long coveted and could decide to keep.

Combined in full, UBS and Credit Suisse would control around 38% of overall Swiss loans, 39% of deposits and 57% of corporate lending, according to Jefferies analysis based on 2021 data. The analysts mapped out the two banks' domestic branches and found 60% are within two-thirds of a mile from each other.

UBS was formed out of the merger of Union Bank of Switzerland and Swiss Bank Corp. 25 years ago. Like other countries, Switzerland sought to prevent any one bank from being "too big to fail" after the 2008 financial crisis by imposing additional capital requirements on systemically important banks.

Extra capital charges for the enlarged UBS have been waived by Swiss authorities in the short term but could be a drag in coming years, analysts say. Global regulators are also likely to impose additional capital charges because of UBS's increased size and complexity. At the margin, that bolsters the case for not holding on to Credit Suisse's local unit.

UBS has said it anticipates saving around $8 billion a year from the banks' combined cost base by 2027, but hasn't broken down how much of that could come from within Switzerland. Close to one-third of the two banks' 122,000 total staff is based in the country.

Ermotti, speaking at a conference last week, said there would still be enough banking competition in the country even if the two institutions were fully combined. The former UBS CEO returned to the bank, and his old role, in April to lead the integration of Credit Suisse after overseeing an earlier deep restructuring at UBS.

The March deal came with a government waiver that exempted the merger from a standard regulatory review on competition grounds.

Keeping Credit Suisse's Swiss bank would mean cost savings and more market share for UBS, said Thomas Hallett, a banks analyst at Stifel Financial's Keefe, Bruyette & Woods. Hallett favors a disposal to realize value and free up capital, "given the higher returns available in other parts of the business."

An upfront gain for shareholders also would soften the blow of UBS halting share buybacks. UBS had planned to buy back more than $5 billion in shares this year but said in March that it would suspend the purchases because of the acquisition.

Moving slowly gives UBS some political breathing space to prepare for an integration in the country, said Marenzi at Opimas. Federal elections are scheduled for October. He said some politicians might grumble, but the deal was already signed off by the government and regulators when they forced the rescue.

"It's hard for them to say to UBS: 'Yes, you have to buy this bank and now you can't do anything in Switzerland, you have to sell it,' " he said.



**Swiss market share in 2021, by bank type**

| | Credit Suisse/UBS | Cantonal banks | Raiffeisen banks | Others |
|---|---|---|---|---|
| Loans | 38% | 27% | 12% | 23% |
| Deposits | 39% | 21% | 10% | 30% |

Note: Raiffeisen banks are co-operatives. Others category includes stock-exchange banks, private bankers, other banking institutions, foreign-controlled banks and branches of foreign banks.
Source: Jefferies

## Lazard CEO to Cede Role

Continued from page B1

and restructuring practices. As CEO, he focused on expanding and diversifying both of Lazard's businesses, and he and his leadership team sought to modernize the firm's culture, including by embracing hybrid work and implementing a more relaxed dress code.

While running the firm's advisory unit, Orszag pushed bankers to work more collaboratively and increase their focus on private-equity deals, believing the vast amounts of privately held capital would continue to power a flurry of activity.

Lazard recently brought rainmaker-turned-New-York-City-mayoral-candidate Ray McGuire on board as president, and part of the rationale for the move was to boost the firm's standing with the larger corporate clients it has historically been known for advising.

Should Orszag take over as CEO, leadership of the advisory unit could be divided between multiple bankers, some of the people said.

---

**ADVERTISEMENT**

# The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

---

**CLASS ACTION**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IWA-FOREST INDUSTRY PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞİRKETİ a/k/a D-MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE DOĞAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V.,

Defendants.

Civil Action No. 1:21-cv-08634-PKC

CLASS ACTION

Honorable P. Kevin Castel

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

JAMES BENSON, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞİRKETİ, HANZADE VASFIYE DOĞAN BOYNER, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, TAYFUN BAYAZIT, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., TURKCOMMERCE B.V., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES, INC., and UBS SECURITIES LLC,

Defendants.

Index No. 655701/2021

CLASS ACTION

The Honorable Robert R. Reed, J.S.C.

Part 43

**SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT**

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED HEPSIBURADA AMERICAN DEPOSITORY SHARES ("ADSs") PURSUANT AND/OR TRACEABLE TO HEPSIBURADA'S JULY 1, 2021 INITIAL PUBLIC OFFERING ("IPO") THROUGH NOVEMBER 23, 2021, INCLUSIVE**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on August 1, 2023, at 2:00 p.m., before the Honorable P. Kevin Castel, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action (the "Action") as well as the action pending in the Supreme Court of the State of New York, County of New York, styled as *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) ("State Court Action"), as set forth in the Stipulation of Settlement ("Stipulation") for $13,900,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Actions ("Notice"), which is discussed below), and, if so, in what amount; (4) to award Plaintiffs for representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means.

This Action and the State Court Action are securities class actions brought on behalf of those persons who purchased or otherwise acquired D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company") ADSs pursuant and/or traceable to the Registration Statement for Hepsiburada's IPO, against Hepsiburada, certain of its officers, directors, pre-IPO shareholder, agent for service of process, and the underwriters of Hepsiburada's IPO (collectively, "Defendants") for allegedly misstating and omitting material facts from the Registration Statement filed with the U.S. Securities and Exchange Commission in connection with the IPO. Plaintiffs allege that these purportedly false and misleading statements inflated the price of the Company's ADSs, resulting in damage to Settlement Class Members when the truth was revealed. Defendants expressly deny all of Plaintiffs' allegations.

IF YOU PURCHASED OR ACQUIRED HEPSIBURADA ADSs PURSUANT AND/OR TRACEABLE TO HEPSIBURADA'S JULY 1, 2021 IPO THROUGH AND INCLUDING NOVEMBER 23, 2021, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION AND THE STATE COURT ACTION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form by mail (postmarked no later than September 27, 2023) or electronically (no later than September 27, 2023). Your failure to submit your Proof of Claim and Release by September 27, 2023, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action and the State Court Action. If you are a member of the Settlement Class and do not request exclusion therefrom as instructed, you will be bound by the Settlement and any judgment and release entered in the Action and the State Court Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim and Release.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim and Release, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other settlement documents, online at www.HepsiburadaSecuritiesLitigation.com, or by writing to:

Hepsiburada Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court. Inquiries, other than requests for the Notice or for a Proof of Claim and Release, may be made to:

Plaintiffs' Counsel:

| | |
|---|---|
| Frederic S. Fox | Michael G. Capeci |
| KAPLAN FOX & KILSHEIMER LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
| 800 Third Avenue | 58 South Service Road, Suite 200 |
| New York, New York 10022 | Melville, NY 11747 |
| Telephone: (212) 687-1980 | Telephone: (800) 449-4900 |

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED BY JULY 10, 2023, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE SETTLEMENT CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM AND RELEASE.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND/OR THE AWARD TO LEAD PLAINTIFF FOR REPRESENTING THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO PLAINTIFFS' COUNSEL AND DEFENDANTS' COUNSEL BY JULY 18, 2023, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: April 20, 2023

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

¹ The Stipulation can be viewed and/or obtained at www.HepsiburadaSecuritiesLitigation.com.

---

**CLASS ACTION**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE HP INC. SECURITIES LITIGATION

Case No. 3:20-cv-01260-SI

CLASS ACTION

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** All persons and entities who purchased or otherwise acquired the common stock of HP Inc. ("HP") between February 23, 2017 and October 3, 2019, inclusive, and were damaged thereby ("Settlement Class").

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated March 2, 2023 ("Stipulation") and the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). The Stipulation and Notice can be viewed at www.HPSecuritiesSettlement.com.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs, the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds, and Defendants HP, Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores have reached a proposed settlement of the Action on behalf of the Settlement Class for $10,500,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on July 28, 2023 at 10:00 a.m. Pacific Time, before the Honorable Susan Illston, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 1 – 17th Floor, or by telephone or videoconference (at the discretion of the Court), to determine, among other things: (i) whether, for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be appointed as class representatives for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (ii) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iv) whether Lead Counsel's motion for attorneys' fees in an amount not to exceed 18% of the Settlement Fund and payment of expenses in an amount not to exceed $250,000 (which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class) should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.HPSecuritiesSettlement.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds.** This notice provides only a summary of the information contained in the detailed Notice. You may obtain a copy of the Notice, along with the Claim Form, by: (i) contacting the Claims Administrator at *HP Securities Litigation*, c/o A.B. Data., Ltd., P.O. Box 173010, Milwaukee, WI 53217, 1-877-388-1759, info@HPSecuritiesSettlement.com; or (ii) downloading them from the website for the Settlement, www.HPSecuritiesSettlement.com, or from Lead Counsel's website www.ktmc.com and www.blbglaw.com.

To be eligible to receive a payment from the Settlement, you must be a member of the Settlement Class and submit a Claim Form postmarked (if mailed), or online, no later than August 14, 2023, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that is received no later than July 7, 2023, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not receive any benefits from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses, must be submitted to the Court. Objections must be filed or postmarked (if mailed) no later than July 7, 2023, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

HP Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173010
Milwaukee, WI 53217
1-877-388-1759
info@HPSecuritiesSettlement.com
www.HPSecuritiesSettlement.com

All other inquiries should be made to Lead Counsel:

Bernstein Litowitz Berger & Grossmann LLP
John J. Rizio-Hamilton, Esq.
Jeremy P. Robinson, Esq.
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

Kessler Topaz Meltzer & Check, LLP
Jennifer L. Joost, Esq.
Stacey M. Kaplan, Esq.
One Sansome Street, Suite 1850
San Francisco, CA 94104
1-415-400-3000
info@ktmc.com

BY ORDER OF THE COURT
United States District Court
Northern District of California

---

**BUSINESS OPPORTUNITIES**

### STOCK TRADING PLATFORM
LOOKING FOR A COMPANY
TO EVALUATE, MARKET & SELL PLATFORM

Privately Owned - Copyrighted - Own Source Code

Completely Automated - C#/API Broker Interfaced

43% +/- Per/Year Average Return - Program Set to Trade Conservatively

Live Trading - Proven & Documented Results

Every Trade Decision - Long or Short is Calculated & Executed By Program

Email: TSSLEGALSTOCKTRADINGPLATFORM@GMAIL.COM

---

**BUSINESS OPPORTUNITIES**

# Home Defense

My patented product makes home defense EASY and opens a large market. Partner needed. Videos at:

**SeniorCitizen Defender.com**

### Partnership or Family Biz Break-up?
Alternative Dispute Resolution Expert
125+ cases in the last 8+ years
"Work with the best"
www.Scott4Business.com

---


THE WALL STREET JOURNAL
**THE MARKETPLACE**
ADVERTISE TODAY I (800) 366-3975 I wsj.com/classifieds
© 2023 Dow Jones & Company, Inc. All Rights Reserved.


THE WALL STREET JOURNAL
**NOTABLE COMMERCIAL PROPERTIES**
(800) 366-3975 I wsj.com/classifieds
© 2023 Dow Jones & Company, Inc. All Rights Reserved.

# Kessler Topaz Meltzer & Check, LLP and Bernstein Litowitz Berger & Grossmann LLP Announce Pendency of Class Action and Proposed Settlement for All Persons and Entities Who Purchased or Otherwise Acquired the Common Stock of HP Inc. Between February 23, 2017 and October 3, 2019 Inclusive, and Were Damaged Thereby

NEWS PROVIDED BY

**Kessler Topaz Meltzer & Check LLP and Bernstein Litowitz Berger & Grossmann LLP →**
19 May, 2023, 10:00 ET

SAN FRANCISCO, May 19, 2023 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | <u>CLASS ACTION</u> |

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:    All persons and entities who purchased or otherwise acquired the common stock of HP Inc. ("HP") between February 23, 2017 and October 3, 2019, inclusive, and were damaged thereby ("Settlement Class")**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated March 2, 2023 ("Stipulation") and the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). The Stipulation and Notice can be viewed at www.HPSecuritiesSettlement.com.

**YOU ARE ALSO NOTIFIED** that Lead Plaintiffs, the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds, and Defendants HP, Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, and Enrique Lores have reached a proposed settlement of the Action on behalf of the Settlement Class for $10,500,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on **July 28, 2023 at 10:00 a.m. Pacific Time**, before the Honorable Susan Illston, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 1 – 17th Floor, or by telephone or videoconference (at the discretion of the Court), to determine, among other things:
(i) whether, for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be appointed as class representatives for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (ii) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether the Action should be dismissed with prejudice against

Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iv) whether Lead Counsel's motion for attorneys' fees in an amount not to exceed 18% of the Settlement Fund and payment of expenses in an amount not to exceed $250,000 (which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class) should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.HPSecuritiesSettlement.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds**. This notice provides only a summary of the information contained in the detailed Notice. You may obtain a copy of the Notice, along with the Claim Form, by: (i) contacting the Claims Administrator at *HP Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173010, Milwaukee, WI 53217, 1-877-388-1759, info@HPSecuritiesSettlement.com; or (ii) downloading them from the website for the Settlement, www.HPSecuritiesSettlement.com, or from Lead Counsel's websites, www.ktmc.com and www.blbglaw.com.

To be eligible to receive a payment from the Settlement, you must be a member of the Settlement Class and submit a Claim Form ***postmarked (if mailed), or online, no later than August 14, 2023***, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than July 7, 2023***, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not receive any benefits from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses, must be submitted to the Court. Objections must be **filed or postmarked (if mailed) no later than July 7, 2023**, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*HP Securities Litigation*

c/o A.B. Data, Ltd.

P.O. Box 173010

Milwaukee, WI 53217

1-877-388-1759

info@HPSecuritiesSettlement.com

www.HPSecuritiesSettlement.com

All other inquiries should be made to Lead Counsel:

| Kessler Topaz Meltzer & Check, LLP | Bernstein Litowitz Berger & Grossmann LLP |
|---|---|
| Jennifer L. Joost, Esq. | John J. Rizio-Hamilton, Esq. |
| Stacey M. Kaplan, Esq. | Jeremy P. Robinson, Esq. |
| One Sansome Street, Suite 1850 | 1251 Avenue of the Americas |
| San Francisco, CA 94104 | New York, NY 10020 |
| 1-415-400-3000 | 1-800-380-8496 |
| info@ktmc.com | settlements@blbglaw.com |

BY ORDER OF THE COURT

United States District Court

Northern District of California

Source(s):

Kessler Topaz Meltzer & Check, LLP

Bernstein Litowitz Berger & Grossmann LLP

SOURCE Kessler Topaz Meltzer & Check LLP and Bernstein Litowitz Berger & Grossmann LLP



## PRN Top Stories Newsletters

Sign up to get PRN's top stories and curated news delivered to your inbox weekly!

Enter Your Email

Select Country

**Submit**

By signing up you agree to receive content from us.
Our newsletters contain tracking pixels to help us deliver unique content based on each subscriber's engagement and interests. For more information on how we will use your data to ensure we send you relevant content please visit our PRN Consumer Newsletter Privacy Notice. You can withdraw your consent at any time in the footer of every email you'll receive.