**KESSLER TOPAZ MELTZER**
   **& CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
(jjoost@ktmc.com)
Stacey M. Kaplan (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone: (415) 400-3000

**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
John J. Rizio-Hamilton (admitted *pro hac vice*)
(johnr@blbglaw.com)
Jeremy P. Robinson (admitted *pro hac vice*)
(jeremy@blbglaw.com)
1251 Avenue of the Americas
New York, NY  10020
Telephone: (215) 554-1400

[Additional Counsel Appear on Signature Page]

*Lead Counsel for Lead Plaintiffs and the Settlement Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | <u>CLASS ACTION</u> |
| | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| | Judge:     Hon. Susan Illston<br>Date:     July 28, 2023<br>Time:     10:00 a.m. |

Lead Plaintiffs the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Lead Counsel respectfully submit this reply memorandum of points and authorities in further support of (i) Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 130), and (ii) Lead Counsel's motion for attorneys' fees and Litigation Expenses (ECF No. 131) (together, the "Motions").[1]

**<u>INTRODUCTION</u>**

As detailed in Lead Plaintiffs' and Lead Counsel's opening papers in support of the Motions filed on June 23, 2023 (ECF Nos. 130-32), the proposed Settlement—providing for a $10.5 million cash payment in exchange for the resolution of all claims asserted in the Action against Defendants—is a favorable result for the Settlement Class. The Settlement takes into account the significant risks, complexities, and expense of continued litigation and is the result of extensive arm's-length negotiations between experienced counsel and ultimately, a mediator's proposal to resolve the Action. Likewise, Lead Counsel's request for an 18% fee—a request substantially below the Ninth Circuit's 25% benchmark award—and payment of Litigation Expenses is also fair and reasonable, especially considering the result achieved for the Settlement Class, the caliber of work performed, the risks of litigation, and comparable fee and expense awards.

Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the reaction of the Settlement Class provides additional support for approval of the Settlement and fee and expense application. Notably, following an extensive Court-approved notice program—including the mailing of the Postcard Notice to over 665,000 potential

---

[1] Unless otherwise defined in this memorandum, all capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated March 2, 2023 (ECF No. 118-1), or in the Joint Declaration of Jennifer L. Joost and Jeremy P. Robinson in Support of (I) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, dated June 23, 2023 (ECF No. 132).

REPLY MEMORANDUM 1 Case No. 3:20-cv-01260-SI

Settlement Class Members and Nominees—not a single member of the Settlement Class has objected to any aspect of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses. The absence of objections is especially noteworthy here because institutional investors held the majority of HP common stock during the Class Period—and, even though such investors have the staff and resources to object if they believe it is warranted, none did so. Further, not a single institutional investor has requested exclusion from the Settlement Class and only 35 requests for exclusion from individuals were received. The shares reported by these exclusion requests represent a miniscule fraction (roughly 0.0006%) of the total number of damaged shares eligible to participate in the Settlement.[2]

As explained below, the positive reaction of the Settlement Class further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and Litigation Expenses are all fair and reasonable—and should be approved.

## ARGUMENT

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate that approval of the Motions is warranted. Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the reaction of the Settlement Class, including the lack of any objections by Settlement Class Members, provides additional support for the Court's approval of the Motions.

**I.    The Robust Court-Approved Notice Program**

In accordance with the Court's Preliminary Approval Order (ECF No. 124), the Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), conducted an extensive notice program under Lead Counsel's supervision. The notice program included mailing the Postcard Notice to potential Settlement Class Members and Nominees, publishing the Summary Notice in *The Wall Street*

---

[2]    The Parties agree that certain of the requests for exclusion received are invalid under the terms of the Stipulation. Specifically, of the 35 requests for exclusion received, 17 requests for exclusion included transactional information as required by the Notice ("Valid Exclusions") and 18 requests for exclusion did not include transactional information as required by the Notice ("Invalid Exclusions"). *See* Supplemental Declaration of Jack Ewashko ("Supp. Ewashko Decl."), ¶ 8. All 35 requests for exclusion are attached to the Supp. Ewashko Decl.

*Journal* and over *PR Newswire*, and creating a case website, www.HPSecuritiesSettlement.com, where copies of the Notice and Claim Form and other information and documents related to the Settlement could be accessed.

A.B. Data began mailing the Postcard Notice to potential Settlement Class Members on April 28, 2023. *See* ECF No. 132-4, ¶¶ 3-4.[3] As of July 20, 2023, A.B. Data has mailed a total of 665,051 Postcard Notices to potential Settlement Class Members and Nominees. *See* Supp. Ewashko Decl., ¶ 2. Of that number, 18,278 or 2.7%, were returned as undeliverable, with no alternative address found. *Id.*, ¶ 3. This rate is consistent with (or lower than) comparable notice programs. *Id*.

The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claims, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over *PR Newswire* on May 19, 2023. ECF No.132-4, ¶ 10.

The notices informed Settlement Class Members of the terms of the proposed Settlement and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 18% of the Settlement Fund and for Litigation Expenses not to exceed $250,000. *See* Postcard Notice; Summary Notice; Notice at p. 2 & ¶ 46. The notices also advised Settlement Class Members of their right to request exclusion from the Settlement Class or object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses, and the July 7, 2023 deadline for doing so. *See* Postcard Notice; Summary Notice; Notice at p. 3 & ¶¶ 48-49, 55-58.

On June 23, 2023, 14 days before the objection and exclusion deadline, Lead Plaintiffs and Lead Counsel filed their detailed opening papers in support of the Settlement, Plan of Allocation, and fee and Litigation Expense request. These papers are available on the public

---

[3] A.B. Data also mailed the Notice and Claim Form to Nominees as well as potential Settlement Class Members upon request (*id.*, ¶¶ 4, 7) and sent emails (with content similar to the text of the Postcard Notice) to potential Settlement Class Members where an email address was provided (*id.*, ¶ 9).

docket (ECF Nos. 130-132), and were promptly posted to the case website, Supp. Ewashko Decl., ¶ 5.[4]

As noted above, following this extensive Court-approved notice program, not a single Settlement Class Member has objected to any aspect of the proposed Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses. In addition, only 35 requests for exclusion from the Settlement Class have been received. Supp. Ewashko Decl., ¶ 7 & Ex. 1. All 35 requests received were submitted by individual shareholders. Collectively, the individuals requesting exclusion reported purchasing fewer than 4,742 shares of HP common stock allegedly damaged by Defendants' alleged misconduct—roughly 0.0006% of the total number of allegedly damaged shares as estimated by Lead Plaintiffs' damages expert.

## II.    The Reaction of the Settlement Class Supports Approval of the Settlement, the Plan of Allocation, and the Motion for Attorneys' Fees and Expenses

The Ninth Circuit instructs district courts to consider the reaction of the class in determining whether to approve a class action settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Moreover, "[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004).

Here, the absence of *any* objections along with the low number of requests for exclusion supports a finding that the proposed Settlement is fair, reasonable, and adequate. *See, e.g.*, *Vataj v. Johnson*, 2021 WL 5161927, at *7 (N.D. Cal. Nov. 5, 2021) ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.") (alteration in original); *Taafua v. Quantum Glob. Techs., LLC*, 2021 WL 579862, at *7 (N.D. Cal. Feb. 16, 2021) ("The

---

[4]    The Notice informed Settlement Class Members that Lead Counsel would file their papers in support of their motion for attorneys' fees and Litigation Expenses on June 23, 2023, and that those papers would be made available on the Settlement Website. Notice ¶ 47.

lack of objections and low number of requested exclusions . . . indicates support among the class members and weighs in favor of approving the settlement."); *Giroux v. Essex Prop. Tr., Inc.*, 2019 WL 2106587, at *5 (N.D. Cal. May 14, 2019) ("The Court finds that the absence of objections and very small number of opt-outs indicate overwhelming support among the Class Members and weigh in favor of approval."); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate.").

Moreover, it is especially significant that no institutional investors—which held the majority of HP's publicly traded common stock during the Class Period—have objected to the Settlement or requested exclusion from the Settlement Class. The absence of objections (and exclusion requests) in response to the proposed Settlement from these institutional investors, which have ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (the absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger"); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The lack of objections from Settlement Class Members also supports approval of the proposed Plan of Allocation. *See, e.g.*, *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11

(C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement."); *Patel v. Axesstel, Inc.*, 2015 WL 6458073, at *7 (S.D. Cal. Oct. 23, 2015) (approving plan of allocation where "no class members objected"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected . . . . This favorable reaction of the Class supports approval of the Plan of Allocation.").

Likewise, the absence of any objections to Lead Counsel's motion for attorneys' fees and expenses supports a finding that the fee and expense request is fair and reasonable. *See, e.g.*, *Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *12 (N.D. Cal. May 4, 2018) ("The absence of objections or disapproval by class members . . . supports the finding that Plaintiffs' request is reasonable."); *Destefano*, 2016 WL 537946, at *18 ("[T]he lack of objection by any Class Members" supported the fee requested.); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011) (finding only one objection to the fee request to be "a strong, positive response from the class, supporting an upward adjustment of the benchmark [fee award]"); *Heritage Bond*, 2005 WL 1594403, at *21 ("The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable.").

As with approval of the proposed Settlement, the lack of objections by institutional investors in particular supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive," but did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that there was only one objection from an individual—and none from any institutions—"even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

**III.    Claims Received to Date**

As of July 20, 2023, A.B. Data has received 6,830 Claims, either by mail or electronically via the Settlement Website. *See* Supp. Ewashko Decl., ¶ 9. The deadline for submitting Claims is

August 14, 2023. In A.B. Data's experience, the large majority of claimants submit their claims at or shortly before the deadline. *Id*.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the motion for attorneys' fees and Litigation Expenses. Copies of the (i) proposed Judgment,[5] (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are filed herewith and submitted in Word format to Your Honor's email.

Dated:  July 21, 2023

Respectfully Submitted,

**KESSLER TOPAZ MELTZER
   & CHECK, LLP**

*/s/ Jennifer L. Joost*
Jennifer L. Joost (Bar No. 296164)[6]
(jjoost@ktmc.com)
Stacey M. Kaplan (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000

-and-

---

[5]     As submitted, Exhibit 1 to the Judgment lists the names (along with city and state) of the 17 individuals who submitted Valid Exclusions and excludes them from the Settlement Class. As discussed above, the Parties agree that 18 of the requests for exclusion received are invalid under the terms of the Stipulation because they failed to include the required transactional information. If the Court determines that all 35 requests for exclusion should nevertheless be accepted as valid, the individuals listed in Exhibit 2 to the Supp. Ewashko Decl. should be added to the list set forth in Exhibit 1 so that they too are excluded from the Settlement Class. Although Lead Plaintiffs agree that the 18 requests set forth in Exhibit 2 to the Supp. Ewashko Decl. are technically invalid, they will not object if the Court decides to accept them and exclude those individuals from the Settlement Class.

[6]     In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the signatories.

---

Gregory M. Castaldo (admitted *pro hac vice*)
(gcastaldo@ktmc.com)
280 King of Prussia Rd.
Radnor, PA 19087
Telephone: (610) 667-7706

*Counsel for Lead Plaintiff the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island and Co-Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jeremy P. Robinson*
John J. Rizio-Hamilton (admitted *pro hac vice*)
(johnr@blbglaw.com)
Jeremy P. Robinson (admitted *pro hac vice*)
(jeremy@blbglaw.com)
Alexander T. Payne (admitted *pro hac vice*)
(alex.payne@blbglaw.com)
Benjamin W. Horowitz (admitted *pro hac vice*)
(will.horowitz@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (215) 554-1400

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Counsel for Lead Plaintiff Iron Workers Local 580 Joint Funds and Co-Lead Counsel for the Settlement Class*