**KESSLER TOPAZ MELTZER**
    **& CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
(jjoost@ktmc.com)
Stacey M. Kaplan (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone: (415) 400-3000

**BERNSTEIN LITOWITZ BERGER**
    **& GROSSMANN LLP**
John J. Rizio-Hamilton (admitted *pro hac vice*)
(johnr@blbglaw.com)
Jeremy P. Robinson (admitted *pro hac vice*)
(jeremy@blbglaw.com)
1251 Avenue of the Americas
New York, NY  10020
Telephone: (215) 554-1400

[Additional Counsel Appear on Signature Page]

*Lead Counsel for Lead Plaintiffs and the Settlement
Class*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | <u>CLASS ACTION</u> |
| | **SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| | Judge:      Hon. Susan Illston<br>Date:       September 1, 2023<br>Time:       10:00 a.m. |

SUPPLEMENTAL MEMORANDUM                                      Case No. 3:20-cv-01260-SI

Lead Plaintiffs the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Lead Counsel respectfully submit this Supplemental Memorandum to discuss the notice process and Claims received, as ordered by the Court at its July 28, 2023 hearing and in its subsequent Minute Entry (ECF No. 135).[1]

The deadline for submitting Claims for the Settlement was August 14, 2023. As discussed below, the Claims Administrator, A.B. Data, Ltd. ("A.B. Data") has received 163,602 Claims to date. Following a preliminary review of the Claims received, these Claims represent approximately 72% of the estimated number of damaged shares of HP Inc. common stock as modeled by Lead Plaintiffs' damages expert. Lead Plaintiffs respectfully submit that this claims filing rate demonstrates the effectiveness of the robust notice program approved by the Court.

### **NOTICE**

As set forth in the Supplemental Declaration of Jack Ewashko Regarding Mailing of Notice and Claims Received ("Ewashko Decl."), filed herewith, A.B. Data has mailed a total of 665,254 Postcard Notices and 4,172 long-form Notices to potential Settlement Class Members and nominees in this Action. *See* Ewashko Decl. ¶ 2.

At the hearing, the Court asked Lead Counsel to discuss the difference between the number of notices actually mailed and the initial estimate that there might be as many as 1,500,000 notices mailed. As a threshold matter, it is important to highlight that this initial estimated notice number was, by necessity, only a rough and preliminary estimate. There are several reasons for this. First, while the number of outstanding shares of HP common stock is known, the Company, Lead Plaintiffs, and the Claims Administrator do not know the number of Settlement Class

---

[1]    Unless otherwise defined in this Supplemental Memorandum, all capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated March 2, 2023 (ECF No. 118-1), or in the Joint Declaration of Jennifer L. Joost and Jeremy P. Robinson in Support of (I) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, dated June 23, 2023 (ECF No. 132).

SUPPLEMENTAL MEMORANDUM                                    Case No. 3:20-cv-01260-SI

Members in this Action (who consist only of those who purchased or acquired HP stock during the Class Period), or in any typical securities class action. In these types of cases, the great majority of potential class members are beneficial purchasers who hold their securities in "street name"—i.e., in the name of the broker that purchased the securities rather than the individual investor. Because of this street name system, even the corporate entities themselves often do not know the identity of the vast majority of their shareholders. Plaintiffs' damages experts estimate the number of damaged shares based on publicly available trading data as to the number of shares purchased during the class period and through modeling of typical trading patterns. However, these damaged share estimates provide no indication as to the number of individuals or entities that purchased those shares within the class period and thus make up the class. For example, here, Lead Plaintiffs' damages expert reasonably estimated, based on publicly available trading data, that the Settlement Class includes 782 million damaged shares, but was not able to provide an estimate from public trading data as to the number of different individuals or entities that owned those 782 million damaged shares.

Second, because the identities (and numbers) of potential class members are not known in securities class actions, notice programs in these cases are designed to reach the maximum number of potential class members by casting as wide a net as possible. Ensuring that the notice program is sufficiently broad to reach potential class members, however, typically results in the mailing of notices to a substantial number of individual and entities who are not class members, such as nominees who are not beneficial owners or individuals and entities who only held, but did not purchase, the security during the class period. Thus, in providing its initial estimate, A.B. Data was providing a rough estimate of how many notices were expected to be mailed, not an estimate of the actual number of Settlement Class Members.

Given these unknowns, at the outset of a notice program, the Claims Administrator can only provide a rough, initial estimate of the number of notices to be mailed. To arrive at this estimate, the Claims Administrator looks to data from other securities class action settlements that the Claims Administrator has administered, particularly those settlements of similar size

and/or involving companies with similar market capitalization. *See* Ewashko Decl. ¶ 4 (describing that process); *see also* March 3, 2023 Ewashko Decl. (ECF No. 118-3), at ¶ 17.

In this Action, when Lead Counsel were conducting the process of selecting a Claims Administrator, they asked each prospective Claims Administrator to provide an estimate of the number of Postcard Notices they expected to mail. As a result, Lead Counsel received four estimates ranging from 800,000 to 1,500,000. Because the estimated number of Postcard Notices to be mailed was intended to be used principally for estimating the total Notice and Administration Costs, pursuant to the Northern District of California's Procedural Guidance for Class Action Settlements, Lead Counsel and A.B. Data erred on the side of caution and used the largest estimate in their preliminary approval papers.

Now that the notice process is complete, it appears that the initial 1,500,000 estimate was, in reality, too high, as indicated by the approximately 665,000 Postcard Notices mailed. A.B. Data has every reason to believe that the notice process was successfully implemented here and that all Settlement Class Members who could be reasonably identified have received notice. *See* Ewashko Decl. ¶ 3. For example, all of the larger brokers and nominees who typically provide names and addresses of potential class members in securities class actions or who typically request bulk notices to mail to their customers did so in this case. *Id*. Moreover, as detailed below, an analysis of the Claims received indicates that Claims have been submitted for the substantial majority of the estimated damaged shares. Specifically, the Claims received represent approximately 72% of Lead Plaintiffs' damages expert's estimate of damaged HP shares.

## **CLAIMS RECEIVED**

As noted above, Claims were to be postmarked (if mailed) or submitted online by no later than August 14, 2023. As of August 25, 2023, A.B. Data has received 163,602 Claims. *See* Ewashko Decl. ¶ 7.

Based on A.B. Data's preliminary review of the Claims received, those Claims represent a total of 564,884,297 damaged HP shares (that is, shares which calculate to a Recognized Claim under the Plan of Allocation and will be eligible for a portion of the Settlement proceeds). *See* Ewashko Decl. ¶ 8. Thus, the damaged shares in the Claims received represent 72% of the

total number of damaged HP shares as estimated by Lead Plaintiffs' damages expert. The estimated total number of damaged shares is based on Lead Plaintiffs' damages expert's analysis in the Action, which was the same analysis used in preparing the Plan of Allocation formula and the per-share recovery estimate provided in the Notice.

Lead Plaintiffs and Lead Counsel respectfully submit that this claim response demonstrates that the notice program to Settlement Class Members was successful in reaching potential Claimants and alerting them to their right to participate in the Settlement, as Settlement Class Members have submitted Claims representing roughly three-quarters of the estimated number of damaged shares. Because the amount of damaged shares in the Claims submitted is reasonably close to the total estimated shares as calculated by Lead Plaintiffs' damages expert, the actual per-share recovery for Claimants will be consistent with the estimated amount set forth in the Notice.

The Claims for the Settlement are still being processed and are subject to further reviews, including of the documentation submitted with the Claims, and a deficiency process (in which Settlement Class Members will be given the chance to cure any deficiencies in their Claims), as well as further reviews and audits for quality control and fraud prevention. *See* Ewashko Decl. ¶ 9. As a result of these procedures, the number of damaged shares contained in the Claims received are subject to change, and could increase. *Id*.

In addition, the possible acceptance of additional Claims—either timely Claims postmarked on or before the August 14, 2023 deadline, but not received until after August 25, 2023, or additional late-filed Claims—may also increase the total number of damaged shares. *See* Ewashko Decl. ¶ 10. Lead Counsel may, in their discretion, accept late Claims for processing provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. *See* Preliminary Approval Order (ECF No. 124), ¶ 11. The ultimate acceptance of any such late Claims would be decided by the Court.

## <u>NEXT STEPS</u>

If the Settlement is approved, Lead Plaintiffs will file a motion for approval to distribute the Net Settlement Fund to eligible claimants as soon as reasonably possible—once the further

claims-processing steps that need to be taken are completed. Lead Plaintiffs' distribution motion will include final data on all Claims recommended for acceptance.

In addition, assuming that the distribution motion is approved and after the distribution is conducted, Lead Plaintiffs will file a Post-Distribution Accounting with the Court, as required by the Northern District of California's Procedural Guidance for Class Action Settlements, that will provide further details and statistics about the Claims received and accepted.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in their opening and reply papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the motion for attorneys' fees and litigation expenses.

Dated:  August 25, 2023

Respectfully Submitted,

**KESSLER TOPAZ MELTZER**
**& CHECK, LLP**

*/s/ Jennifer L. Joost*
Jennifer L. Joost (Bar No. 296164)
(jjoost@ktmc.com)
Stacey M. Kaplan (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000

-and-

Gregory M. Castaldo (admitted *pro hac vice*)
(gcastaldo@ktmc.com)
280 King of Prussia Rd.
Radnor, PA 19087
Telephone: (610) 667-7706

*Counsel for Lead Plaintiff the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island and Co-Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jeremy P. Robinson*[2]

John J. Rizio-Hamilton (admitted *pro hac vice*)
(johnr@blbglaw.com)
Jeremy P. Robinson (admitted *pro hac vice*)
(jeremy@blbglaw.com)
Alexander T. Payne (admitted *pro hac vice*)
(alex.payne@blbglaw.com)
Benjamin W. Horowitz (admitted *pro hac vice*)
(will.horowitz@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (215) 554-1400

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Counsel for Lead Plaintiff Iron Workers Local 580 Joint Funds and Co-Lead Counsel for the Settlement Class*

---

[2] In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the signatories.

SUPPLEMENTAL MEMORANDUM                6                Case No. 3:20-cv-01260-SI