# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | **~~[PROPOSED]~~ ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| | <u>CLASS ACTION</u> |

This matter came on for hearing on July 28, 2023 ("Settlement Hearing"), on Lead Counsel's motion for attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court, which advised of Lead Counsel's request for attorneys' fees and Litigation Expenses, was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 2, 2023 (ECF No. 118-1) ("Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for attorneys' fees and Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 18% of the Settlement Fund (including interest earned at the same rate as the Settlement Fund). Lead Counsel are also hereby awarded $135,598.87 for payment of their litigation expenses. These attorneys' fees and expenses shall be paid from the Settlement Fund and the Court finds these sums to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner in which they, in good faith, believe reflects the contributions of each counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and payment of litigation expenses from the Settlement Fund, the Court has considered and found that:

a.      The Settlement has created a fund of $10,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claims will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

ORDER AWARDING ATTORNEYS' FEES          2          Case No. 3:20-cv-01260-SI
AND LITIGATION EXPENSES

b.      The fee sought is based on a retainer agreement entered into by Lead Counsel and one of the Lead Plaintiffs at the outset of the litigation and the requested fee has been reviewed and approved as reasonable by Lead Plaintiffs, sophisticated institutional investors that actively supervised the Action, at the conclusion of the Action;

c.      Copies of the Postcard Notice were mailed to over 665,000 potential Settlement Class Members and Nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 18% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $250,000 and no objections to the requested attorneys' fees or Litigation Expenses were submitted;

d.      Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

e.      The Action raised a number of complex issues;

f.      Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

g.      Lead Counsel devoted nearly 9,000 hours, with a lodestar value of approximately $5.46 million, to achieve the Settlement; and

h.      The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.      Lead Plaintiff Iron Workers Local 580 Joint Funds is hereby awarded $10,000 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.      Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 6th day of September, 2023.

_____
The Honorable Susan Illston
United States District Judge

ORDER AWARDING ATTORNEYS' FEES                4                Case No. 3:20-cv-01260-SI
AND LITIGATION EXPENSES