**KESSLER TOPAZ MELTZER**
   **& CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
(jjoost@ktmc.com)
Stacey M. Kaplan (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone: (415) 400-3000

**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
John J. Rizio-Hamilton (admitted *pro hac vice*)
(johnr@blbglaw.com)
Jeremy P. Robinson (admitted *pro hac vice*)
(jeremy@blbglaw.com)
1251 Avenue of the Americas
New York, NY  10020
Telephone: (215) 554-1400

[Additional Counsel Appear on Signature Page]

*Lead Counsel for Lead Plaintiffs and
the Settlement Class*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | <u>CLASS ACTION</u> |
| | **APPENDIX A TO LEAD PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF DISTRIBUTION PLAN, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Judge:     Hon. Susan Illston<br>Courtroom:  1 – 17th Floor<br>Date:      April 4, 2025<br>Time:      10:00 a.m. |

**APPENDIX A**

| Exhibit No. | Description |
|---|---|
| 1 | Order Modifying and Approving Distribution Plan at 3, *DeSilvio v. Lion Biotechnologies, Inc.*, No. 17-cv-02086-SI (N.D. Cal. June 30, 2021), ECF No. 152 |
| 2 | Order Granting Plaintiff's Motion for Distribution of Class Action Settlement Funds at 2-3, *Smith v. NetApp, Inc.*, No. 4:19-cv-04801-JST (N.D. Cal. Dec. 8, 2022), ECF No. 92 |
| 3 | Class Distribution Order, *Davis v. Yelp, Inc.*, No. 3:18-cv-00400-EMC (N.D. Cal. Aug. 29, 2023), ECF No. 216 |
| 4 | *Sanders v. The RealReal, Inc.*, No. 5:19-cv-07737-EJD (N.D. Cal. June 8, 2023), ECF No. 79 |
| 5 | Order Granting Plaintiffs' Motion for Authorization to Distribute Net Settlement Fund, *In re Dropbox, Inc. Sec. Litig.*, No. 5:19-cv-06348-BLF (N.D. Cal. May 18, 2023), ECF No. 138 |

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEONARD DESILVIO, et al.,

Plaintiffs,

v.

LION BIOTECHNOLOGIES, INC., et al.,

Defendants.

Case No. 17-cv-02086-SI

**ORDER MODIFYING AND APPROVING DISTRIBUTION PLAN**

Re: Dkt. No. 142

WHEREAS, by its Judgment Approving Class Action Settlement dated April 17, 2019 (ECF No. 139) and its Order Approving Plan of Allocation dated April 17, 2019 (ECF No. 137), this Court approved the terms of the settlement set forth in the Stipulation of Settlement and Release (ECF No. 121) ("Settlement" or "Stipulation") and the proposed plan for allocating the net settlement proceeds to eligible Settlement Class Members ("Plan of Allocation");

WHEREAS, this Court had directed the parties to consummate the terms of the Settlement and Plan of Allocation;

WHEREAS, the Settlement provided for consideration of $3,250,000 in cash ("Settlement Amount") and, pursuant to the terms of the Stipulation, the Settlement Amount was deposited into an escrow account established by Lead Counsel for the benefit of the Settlement Class;

WHEREAS, as set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing (ECF No. 132-3) ("Notice"), the deadline for Settlement Class Members to submit Claims to the Court-approved claims administrator for the Settlement, JND Legal Administration ("JND"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed;

WHEREAS, in satisfaction of due process requirements, all Settlement Class Members who submitted Claims that were in any way ineligible or deficient were: (i) informed that their Claims were ineligible or deficient; and (ii) given opportunities to correct any curable deficiencies prior to their Claims being finally rejected, or to contest the determination as to such deficiencies, by requesting judicial review;

WHEREAS, the process of reviewing Claims has been completed;

WHEREAS, Lead Plaintiff, through Lead Counsel, now seeks authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees, and expenses previously approved by the Court or approved by this Order ("Net Settlement Fund"); and

WHEREAS, this Court retained continuing and exclusive jurisdiction of this Action in connection with, among other things: (i) the disposition of the Settlement Fund; and (ii) any motion to approve the Class Distribution Order.

WHEREAS, the Court finds it appropriate to eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to less than $5.00 and distribute funds to authorized Claimants whose *pro rata* share of the Net Settlement Fund would be $5.00 or more.

NOW, THEREFORE, upon careful consideration of: (i) the Declaration of Luiggy Segura in Support of Lead Plaintiff's Motion for Approval of Distribution Plan submitted on behalf of JND ("Segura Declaration"); (ii) the Memorandum of Points and Authorities in Support of Lead Plaintiff's Motion for Approval of Distribution Plan; and (iii) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore and herein, and after due deliberation, it is hereby

ORDERED, that all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and the Segura Declaration; and it is further

ORDERED, that the administrative determinations of JND accepting the Claims described in the Segura Declaration and listed on Exhibits B and C thereto, calculated pursuant to the Court approved Plan of Allocation set forth in the Notice, are hereby approved, and said Claims are hereby accepted; and it is further

ORDERED, that JND be paid the sum of $89,854.54 from the Net Settlement Fund as

United States District Court
Northern District of California

payment for its outstanding fees and expenses incurred in connection with the administration of the Settlement and the fees and expenses expected to be incurred by JND in connection with the Initial Distribution of the Net Settlement Fund; and it is further

ORDERED, JND shall conduct the Initial Distribution of the Net Settlement Fund as set forth in ¶ 47 of the Segura Declaration except for sections (a)(ii)-(iii) of ¶ 47; and it is further

ORDERED, JND will eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to less than $ 5.00. These Claimants will not receive any payment from the Net Settlement Fund, and JND will send notifications to these Claimants advising them of that fact; and it is further

ORDERED, after eliminating Claimants who would receive less than $5.00, JND will recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would receive $5.00 or more pursuant to the calculation. This *pro rata* share is the Authorized Claimant's "Distribution Amount"; and it is further

ORDERED, that all checks to Authorized Claimants issued in the Initial Distribution shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 90 DAYS AFTER ISSUE DATE." Lead Counsel and JND are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time; and it is further

ORDERED, that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Net Settlement Fund; and it is further

ORDERED, that, after making reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, JND will, if cost-effective to do so, redistribute any funds remaining in the Net Settlement Fund by reason of uncashed checks or otherwise nine (9) months after the Initial Distribution to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $5.00 from such redistribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution; and it is further ORDERED, that JND may make additional redistributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would

3

receive at least $5.00 on such additional redistributions if Lead Counsel, in consultation with JND, determines that additional redistributions, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective; and it is further

ORDERED, that, at such time as Lead Counsel, in consultation with JND, determines that further redistribution of the funds remaining in the Net Settlement Fund is not cost-effective, any otherwise valid Claims received after January 25, 2021 or Claims adjusted after January 25, 2021 may be paid in accordance with ¶ 47(f) of the Segura Declaration; and it is further

ORDERED, that any balance that remains in the Net Settlement Fund after further distributions or payment of any otherwise valid Claims received after January 25, 2021, or Claims adjusted after January 25, 2021, in accordance with ¶ 47(f) of the Segura Declaration, which is not cost-effective to reallocate, will be contributed, after payment of any unpaid fees and expenses incurred in administering the Settlement, to the National Consumer Law Center, a non-sectarian, not-for-profit charitable organization; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that JND is hereby authorized to destroy paper copies of Claims and all supporting documentation one (1) year after the Second Distribution of the Net Settlement Fund, if that occurs, or, if there is no Second Distribution, two (2) years after the Initial Distribution and all electronic copies of the same one (1) year after all funds have been distributed; and it is further

4

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that no Claim received or adjusted after January 25, 2021 be included in the Initial Distribution of the Net Settlement Fund; and it is further ORDERED, that in accordance with this District's Procedural Guidance for Class Action Settlements, Lead Counsel shall file a Post-Distribution Accounting within twenty-one (21) days following the date of the Initial Distribution of the Net Settlement Fund and post the Post-Distribution Accounting on the website for the Settlement.

**IT IS SO ORDERED**.

Dated: June 30, 2021

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

5

# EXHIBIT 2

Case 4:19-cv-04801-JST Document 145-2 Filed 02/08/23 Page 1 of 8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHAD C. SMITH, Individually and on behalf of all others similarly situated,

      Plaintiff,

      v.

NETAPP, INC., *et al.*,

      Defendants.

Case No: 4:19-cv-04801-JST

<u>CLASS ACTION</u>

[~~PROPOSED~~] **ORDER GRANTING PLAINTIFF'S MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

Judge: Jon S. Tigar

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's unopposed Motion for Distribution of Class Action Settlement Funds is GRANTED.

2. As set forth in the Declaration of Paul Mulholland Concerning the Results of the Claims Administration Process ("Mulholland Decl."), the administrative determinations of the Claims Administrator,[1] Strategic Claims Services ("SCS"), in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Mulholland Decl. are approved, and the

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement dated September 21, 2021 (Dkt. No. 66-1) ("Stipulation").

administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Mulholland Decl. are approved.

3. Any person asserting claims filed after September 2, 2022, the date SCS used as the latest date to file a claim, in order to avoid delaying finalization of the administration, is forever barred from asserting a claim. Any response to a rejected claim received after October 28, 2022, the date SCS used as the latest date to respond to a rejection notice, in order to avoid delaying finalization of the administration, is forever barred from asserting a claim.

4. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Mulholland Declaration. The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

5. The distribution plan for the Net Settlement Fund as set forth in the Mulholland Decl. and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiff's Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to deposit or cash a distribution check within the time allotted or consistent with the terms outlined in the Mulholland Decl. will irrevocably forfeit all recovery from the Settlement.

6. Pursuant to Section 7.5 of the Stipulation, "[t]he Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Long Notice and approved by the Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, Plaintiff's counsel's designation of the Howard University School of Law Investor Justice and Education

Clinic is approved to receive a donation of the remaining balance in the Net Settlement Fund. *See* http://law.howard.edu/content/investor-justice-and-education-clinic-ijec.

7. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of claims, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released person beyond the amount allocated to them pursuant to this Order.

8. SCS is authorized to destroy the paper copies of the Claim Forms and all supporting documentation (i) in no less than one (1) year after the distribution of the Net Settlement Fund, and (ii) in no less than one (1) year after all funds have been distributed, SCS is authorized to destroy the electronic copies of the Claim Forms and all supporting documentation.

9. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

Dated:  December 8, 2022



HON. JON S. TIGAR
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS
4:19-CV-04801-JST

EXHIBIT 3

Case 3:18-cv-00400-EMC Document 145-216 Filed 02/28/23 Page 14 of 26

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

JONATHAN DAVIS, Individually and On Behalf of All Others Similarly Situated,

                    Plaintiff,

          v.

YELP, INC., et al.,

                    Defendants.

Case No.: 3:18-cv-00400-EMC

**CLASS ACTION**

**~~[PROPOSED]~~ CLASS DISTRIBUTION ORDER**

Hearing Date: September 21, 2023
Time: 1:30 p.m.
Location: Courtroom 5, 17th Floor
Judge: Hon. Edward M. Chen

Having considered all materials and arguments submitted in support of Lead Plaintiff's Unopposed Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Luiggy Segura on Behalf of JND Legal Administration in Support of Lead Plaintiff's Motion for Distribution of Class Action Settlement Fund (the "Segura Declaration"), and the Declaration of F. Paul Bland, Jr. of the Public Justice Foundation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (ECF. No. 189-1) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Segura Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. As set forth in the Segura Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits C and D of the Segura Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit E of the Segura Declaration are approved.

4. As set forth in the Segura Declaration, no new Claims or responses to deficiency letters received after June 20, 2023 may be included in the distribution.

5. The Court authorizes payment of $140,671.78 from the Settlement Fund to the Claims Administrator for the fees and expenses already incurred and to be incurred in connection with the Initial Distribution, as described in the Segura Declaration.

6. The distribution plan for the Net Settlement Fund as set forth in the Segura Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund, after deducting the fees and expenses discussed in paragraph 5, shall be distributed to Authorized

1

[PROPOSED] CLASS DISTRIBUTION ORDER                    Case No.: 3:18-cv-00400-EMC

Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 90 DAYS AFTER ISSUE DATE." Authorized Claimants who fail to cash, deposit, or negotiate a distribution check within the time allotted or consistent with the terms outlined in Paragraph 47(c) of the Segura Declaration will irrevocably forfeit all recovery from the Settlement.

7. After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash, deposit, or negotiate their distribution checks. To the extent any monies remain in the fund nine (9) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of, or reserve for, any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed, deposited, or negotiated their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8. At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the remaining funds will be donated to the Public Justice Foundation, a non-sectarian, not-for-profit 501(c)(3) organization.

9. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred

from making any further claim against (a) the Net Settlement Fund, Lead Plaintiff or his counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or (b) Defendants or Defendants' Counsel, beyond the amounts allocated to them pursuant to this Order; provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order.

10. The Claims Administrator is authorized to discard: (a) paper or hard copies of the Claim Forms and supporting documents one year after the Initial Distribution or one year after the Second Distribution (if it occurs); and (b) electronic or magnetic media data not less than one year after the final distribution of the Net Settlement Fund to Authorized Claimants.

SO ORDERED this __29th__ day of __August__, 2023.

_____
The Honorable Edward M. Chen
United States District Judge

3

EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SANDERS, Individually and on behalf of all others similarly situated, | Case No: 5:19-cv-07737-EJD |
| Plaintiff, | [~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS |
| v. | |
| THE REALREAL, INC., *et al.*, | CLASS ACTION |
| Defendants. | Hon. Edward J. Davila |

Having reviewed and considered all materials and arguments submitted in support of Plaintiffs' unopposed motion for distribution of class action settlement funds ("Motion"), and good cause appearing therefore; **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion is GRANTED.

2. As set forth in the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration"), attached as Exhibit 1 to Plaintiffs' Motion, the administrative determinations of the Claims Administrator, Strategic Claims Services ("SCS"), in accepting and rejecting Claims are approved.[1] Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Bravata Declaration are approved, and the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Bravata Declaration are approved.

3. Any person asserting claims filed after September 30, 2022, the date SCS used as the latest date to file a claim, in order to avoid delaying finalization of the administration, is forever barred from asserting a claim. Any response to a rejected claim received after May 8,

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Stipulation of Settlement and exhibits thereto, dated November 5, 2021 (Dkt. No. 61-1).

1

[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS; Case No. 5:19-cv-07737-EJD

2023, the date SCS used as the latest date to respond to a rejection notice, in order to avoid delaying finalization of the administration, is forever barred from asserting a claim. All putative claims listed in Exhibit D to the Bravata Declaration are finally and forever rejected.

4.      The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Bravata Declaration. The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

5.      The distribution plan for the Net Settlement Fund as set forth in the Bravata Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed their check within said time. Authorized Claimants who fail to deposit or cash a distribution check within the time allotted or consistent with the terms outlined in the Bravata Declaration will irrevocably forfeit all recovery from the Settlement.

6.      If any of the Net Settlement Fund remains by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Notice and Administrative Expenses incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would

2

receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to the Investor Justice and Education Clinic at Howard University School of Law.

7. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of claims, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released person beyond the amount allocated to them pursuant to this Order.

8. SCS is authorized to destroy the paper copies of the Claim Forms and all supporting documentation in no less than one year after the distribution of the Net Settlement Fund. In no less than one year after all funds have been distributed, SCS is authorized to destroy the electronic copies of the Claim Forms and all supporting documentation.

9. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

Dated: _____June 8_____, 2023

HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

3
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF
CLASS ACTION SETTLEMENT FUNDS; Case No. 5:19-cv-07737-EJD

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re DROPBOX, INC. SECURITIES LITIGATION

Case No. 5:19-cv-06348-BLF

**CLASS ACTION**

[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUND

Lead Plaintiff Ognjen Kuraica ("Plaintiff"), through counsel, moved this Court for an order approving the Distribution Plan in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Distribution Declaration");

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 14, 2021 (ECF No. 115-2) (the "Stipulation") and the Bravata Distribution Declaration, and all terms used herein shall have the same meanings as set forth in the Stipulation and the Bravata Distribution Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") as set forth in the Bravata Distribution Declaration to Authorized Claimants is **APPROVED**.

Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator"), to accept the Timely Eligible Claims set forth in Exhibit B-1 to the Bravata Distribution Declaration and the Late But Otherwise Eligible Claim set forth in Exhibit B-2 to the Bravata Distribution Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject the inadequately documented claims that have not been successfully cured and wholly ineligible Claims as set forth in Exhibits D and E to the Bravata Distribution Declaration are adopted;

(c) SCS is directed to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by the Court in this Order, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their *pro rata* share of the Net Settlement Fund, which is based on each Authorized Claimant's Recognized Claim as compared to the Total Recognized Claims of all Authorized Claimants as set forth in paragraph

12(a) of the Bravata Distribution Declaration (the "Distribution") and the Court-approved Plan of Allocation;

(d) In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE.";

(e) Authorized Claimants who do not cash their Distribution checks within the time allotted shall irrevocably forfeit all recovery from the Settlement unless good cause is shown, and the funds allocated to all such stale-dated checks shall be available to be re-distributed to other Authorized Claimants, if Lead Counsel, in consultation with SCS, determine that it is cost-effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted shall irrevocably forfeit any further recovery from the Net Settlement Fund unless good cause is shown;

(f) After SCS has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks, but no earlier than nine (9) months after the Distribution, SCS shall, if Lead Counsel, in consultation with SCS, determine that it is cost effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), in which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting SCS fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants in the Distribution who cashed their Distribution check and who would receive at least $10.00 from such re-distribution based on their *pro rata* share of the remaining funds. Additional re-distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur until Lead Counsel, in consultation with SCS, determine that further re-distribution is not cost effective;

(g) No new Claims shall be accepted after May 17, 2022, and no further adjustments to Claims received on or before May 17, 2022, that would result in an increased recognized claim amount shall be made for any reason after May 17, 2022. No responses to deficiency and/or rejection

[PROPOSED] ORDER GRANTING MOTION FOR DISTRIBUTION
Case No. 5:19-cv-06348-BLF

3

notices received after February 28, 2023 shall be accepted;

(h)     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim Forms submitted in this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further Claims against the Net Settlement Fund, Plaintiff, Lead Counsel, Additional Counsel, Plaintiff's damages expert, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Settlement beyond the amounts allocated to Authorized Claimants;

4.     This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED this __18__ day of _____May_____, 2023

_____
The Honorable Beth Labson Freeman
United States District Judge

[PROPOSED] ORDER GRANTING MOTION FOR DISTRIBUTION
Case No. 5:19-cv-06348-BLF

4