**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE HP INC. SECURITIES LITIGATION | Case No. 3:20-cv-01260-SI |
| | **ORDER APPROVING DISTRIBUTION PLAN, AS AMENDED BY THE COURT** |
| | <u>CLASS ACTION</u> |

Lead Plaintiffs moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned securities class action ("Action"). Having reviewed and considered all the materials and arguments submitted in support of the Motion, including the Memorandum of Points and Authorities in Support of Lead Plaintiffs' Unopposed Motion for Approval of Distribution Plan and the Declaration of Jack Ewashko in Support of Lead Plaintiffs' Unopposed Motion for Approval of Distribution Plan ("Ewashko Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of March 2, 2023 (ECF No. 118-1) ("Stipulation") and the

[P~~ROPOSED~~] ORDER APPROVING
DISTRIBUTION PLAN

CASE NO: 3:20-CV-01260-SI

Ewashko Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation and the Ewashko Declaration.

2.    This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.    Lead Plaintiffs' proposed plan for distribution of the Net Settlement Fund to Authorized Claimants as set forth in the Ewashko Declaration is **APPROVED**. Accordingly:

(a)    The administrative determinations of the Court-authorized Claims Administrator, A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), to accept the Timely Eligible Claims set forth in Exhibit D to the Ewashko Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit E to the Ewashko Declaration are adopted.

(b)    The Claims Administrator's administrative determinations to reject the Rejected Claims, as set forth in Exhibit F to the Ewashko Declaration, are adopted.

(c)    A.B. Data is directed to conduct the Initial Distribution of the Net Settlement Fund after deducting all payments previously allowed, payments approved by this Order, and any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 5% reserve from the Net Settlement Fund to address any tax liability or claims administration-related contingencies that may arise following the Initial Distribution.

Specifically, as set forth in paragraph 41(a) of the Ewashko Declaration:

(1) A.B. Data will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. A.B. Data will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants; (2) A.B. Data will then eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share of the Net Settlement Fund calculated to less than $5.00. These Claimants will not receive

any payment from the Net Settlement Fund and will be so notified by A.B. Data; (3) After eliminating Claimants who would have received less than $5.00, A.B. Data will recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would have received $5.00 or more based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants who would have received $5.00 or more. This *pro rata* share is the Authorized Claimant's "Distribution Amount"; (4) Authorized Claimants whose Distribution Amount calculates to less than $200.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"). These Authorized Claimants will receive no additional funds in subsequent distributions; and (5) After deducting the payments to the Claims Paid in Full, 95% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $200.00 or more. The remaining 5% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability or claims administration-related contingencies that may arise following the Initial Distribution. To the extent the Reserve is not depleted, the remainder will be included in the Second Distribution described in subparagraph (f) below.

(d)     To encourage Authorized Claimants to cash their checks promptly, all distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY DATE [90 DAYS AFTER ISSUE DATE]." Lead Counsel and A.B. Data are authorized to take appropriate actions to locate and contact Authorized Claimants who have not cashed their checks within said time as detailed in paragraph 41(b) of the Ewashko Declaration.

(e)     Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions set forth in paragraph 41(b) of the Ewashko Declaration will irrevocably forfeit all recovery from the Settlement, and the funds

allocated to these stale-dated checks will be available to be distributed to other Authorized Claimants in the Second Distribution. Similarly, Authorized Claimants who do not cash their distribution checks in the Second Distribution or subsequent distributions, should such distributions occur, within the time allotted or on the conditions set forth in paragraph 41(b) of the Ewashko Declaration, will irrevocably forfeit any further recovery from the Settlement.

(f)    After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks (as provided in paragraph 41(b) of the Ewashko Declaration), but not earlier than seven (7) months after the Initial Distribution, A.B. Data will, after consulting with Lead Counsel, conduct the Second Distribution, in which any amount remaining in the Net Settlement Fund, including from the Reserve and the funds allocated for all void stale-dated checks, after deducting A.B. Data's unpaid administrative fees and expenses incurred in connection with administering the Settlement, including A.B. Data's estimated costs of the Second Distribution, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants (other than Claims Paid in Full) who cashed their Initial Distribution checks and are entitled to receive at least $5.00 in the Second Distribution based on their *pro rata* share of the remaining funds. If any funds remain in the Net Settlement Fund after the Second Distribution, and if cost-effective, subsequent distributions will take place at six-month intervals.

(g)    When Lead Counsel, in consultation with A.B. Data, determine that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after January 31, 2025, those Claims will be processed, and any otherwise valid Claims received after January 31, 2025, as well as any earlier-received Claims for which an upward adjustment was received after January 31, 2025, that resulted in an increased Recognized Claim, will be paid in accordance with subparagraph (h) below. If any funds remain in the Net

Settlement Fund after payment of these Claims and any unpaid administrative fees or expenses, the remaining funds will be contributed to Howard University School of Law Investor Justice and Education Clinic.

(h)    No new Claims may be accepted after January 31, 2025, and no further adjustments to Claims received on or before January 31, 2025, that would result in an increased Recognized Claim amount may be made for any reason after January 31, 2025, subject to the following exception. If Claims are received or modified after January 31, 2025, that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with A.B. Data, determine an additional distribution is not cost-effective as provided in subparagraph (g) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Settlement and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, these Claimants, at the discretion of Lead Counsel and to the extent possible, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks.

4.    The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that no person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or

nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith. *See* Dkt. No. 118-1 ¶ 29.

5.     All of A.B. Data's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Initial Distribution of the Net Settlement Fund as set forth in the invoices attached as Exhibit G to the Ewashko Declaration are approved, and Lead Counsel are directed to pay A.B. Data's outstanding balance of $135,995.54 out of the Settlement Fund to A.B. Data prior to the Initial Distribution.

6.     Unless otherwise ordered by the Court, A.B. Data may destroy paper copies of Claims and all supporting documentation one year after the Initial Distribution, and one year after all funds have been distributed may destroy electronic copies of the same.

7.     This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

8.     Lead Counsel shall file a Post-Distribution Accounting at an appropriate time, as directed by the Northern District of California's *Procedural Guidance for Class Action Settlements*. *See* https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/.

SO ORDERED this 4th day of April 2025.

_____
The Honorable Susan Illston
United States District Judge

[PROPOSED] ORDER APPROVING           6           CASE NO: 3:20-CV-01260-SI
DISTRIBUTION PLAN